Of Counsel:
PORTER MCGUIRE KIAKONA & CHOW, LLP

CHRISTIAN P. PORTER          3744-0
BRYSON R. CHOW               8921-0
841 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Telephone No.: (808) 539-1100
Facsimile No.: (808) 539-1189
Email: cporter@HawaiiLegal.com

GARY VICTOR DUBIN            3181-0
FREDERICK J. ARENSMEYER      8471-0
Dubin Law Offices
Suite 3100, Harbor Court
55 Merchant Street
Honolulu, Hawaii 96813
Telephone No.: (808) 537-2300
Facsimile No.: (808) 523-7733
Email: gdubin@dubinlaw.net

Attorneys for Plaintiffs
MICHAEL DAVID BRUSER and LYNN BRUSER,
Trustees under that certain unrecorded Revocable
Living Trust Agreement dated July 11, 1988, as amended,
doing business as Discovery Bay Center

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID BRUSER and LYNN BRUSER, Trustees under that certain unrecorded Revocable Living Trust Agreement dated July 11, 1988, as amended, doing business as Discovery Bay Center,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF HAWAII, a Hawaii corporation, as Trustee, as successor by merger with Hawaiian Trust Company, Limited, a former Hawaii corporation and as successor Trustee under that certain Trust Agreement dated June 6, 1974,<br><br>Defendant.<br>_____ | CIVIL NO.: _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT; EXHIBITS 1 – 5; DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW Plaintiffs MICHAEL DAVID BRUSER and LYNN BRUSER ("Brusers"), Trustees under that certain unrecorded Revocable Living Trust Agreement dated July 11, 1988, as amended, doing business as Discovery Bay Center, and for their Complaint against Defendants BANK OF HAWAII ("BOH"), a Hawaii corporation, as Trustee, as successor by merger with Hawaiian Trust Company, Limited, a former Hawaii corporation and as successor Trustee under that certain Trust Agreement dated June 6, 1974, allege and aver as follows:

### Federal Jurisdiction and Venue

1. Jurisdiction is conferred upon this United States District Court pursuant to Section 1332(a)(1) of Title 28 of the United States Code (diversity of citizenship), and pursuant to Section 2201 of Title 28 of the United States Code (declaratory judgment), the amount in controversy being in excess of $75,000 over the term of the disputed Trustee's fees and costs, exclusive of interest and court costs.

2. Venue is proper in this District pursuant to Section 1391(a)(2) (where disputed events occurred and where property is situated) and Section 1391(a)(3) (where a Defendant is found) of Title 28 of the United States Code.

3. An actual controversy exists between the parties with respect to their respective rights, as hereinbelow set forth, requiring adjudication.

### The Parties

4. The Brusers were, at all times material hereto, husband and wife and are residents of the State of California, and since 1984 have been the owners of the Commercial Unit ("subject property") at the Discovery Bay condominium project in Waikiki on the Island of Oahu ("Discovery Bay"), doing business as Discovery Bay Center, consisting of an undivided interest of 7.4173 percent of same, holding title to the subject property since 1984,

and since 1988 as Trustees under that certain unrecorded Revocable Living Trust Agreement dated July 11, 1988, as amended.

5. BOH was, at all times material hereto, and now is, a financial institution and corporation duly organized under the laws of the State of Hawaii, as successor by merger since 1981 with Hawaiian Trust Company, Limited, a former Hawaii corporation, and as successor Trustee since 1981 under that certain Trust Agreement dated June 6, 1974.

### The Dispute

6. On or about December 11, 1984, the Brusers purchased the subject property from 1778 Ala Moana Properties, Inc., a Hawaii corporation, by "Apartment Deed," a true and correct copy of which is set forth as Exhibit 1 attached hereto and its terms and conditions incorporated herein by this reference.

7. Pursuant to said Apartment Deed, its page three, the Brusers, *inter alia*, agreed to the following financial obligations and undertakings:

> THAT the Grantees-Assignees will, from and after the date hereof, pay all rents payable under the Ground Conveyance as set forth in the Condominium Conveyance Document when the same become due and payable, will pay all other costs, expenses, assessments and charges payable by the apartment owner as set forth in the Condominium Conveyance Document. . . .

8. The Brusers' purchase of the subject property in 1984 was made by them in direct reliance upon the history of the financial obligations as disclosed to them which had been paid by their predecessor-in-interest and which were then being billed to the subject property, and the Brusers thereafter, for the first ten years of their ownership of the subject property, paid all monthly rents, costs, expenses, assessments, and charges required and demanded of them in a timely manner, and continue to do so.

9. In or about February 1994, however, Hawaiian Trust Company, Limited, which had become a subsidiary of BOH, as Trustee for the ground lessors of Discovery Bay, demanded in writing of them an additional, never before charged, monthly fee of

$500 (plus Hawaii State General Excise Tax) as a "reasonable fee" for its efforts on behalf of its beneficiaries, the ground lessors, for its supervisory role in collecting ground rents and pursuing ground rent delinquencies for the entire Discovery Bay.

10. The Brusers responded in writing by questioning the extent of the assessment. its validity, and the reasonableness of the "Trustee's Fees" as additional monthly charges assessed against the subject property, and demanded a proper explanation and accounting from BOH, which to this day have never been provided to the Brusers, who nevertheless agreed to pay said $500 monthly fee without prejudice, awaiting an explanation and an accounting, and said $500 monthly fee was thereafter accepted by BOH specifically "without prejudice" to the Brusers' written objections.

11. Although not shown and unknown to the Brusers prior to their purchase of the subject property, they have subsequently learned that on or about June 6, 1974, a "Trust Agreement" was executed by and between (a) fee owners as Settlors of what was to become known as Discovery Bay, (b) Hawaiian Trust Company, Limited, BOH's predecessor as Trustee, and (c) Mainline-MEPC Properties (Hawaii), Inc., the project's developer as initial Lessee, a true and correct copy of which is set forth as Exhibit 2 and its terms and conditions incorporated by this reference, which included a provision labeled "Trustee's Fees," at Paragraph 11 on its page 13:

> The Trustee shall be entitled to such reasonable fees as from time to time may be mutually agreed upon. In addition to said reasonable fees, the Trustee shall have the right to incur such expenses and be reimbursed by the Lessee as provided for by the leases; and to incur such expenses and be reimbursed for extraordinary services. The Lessee or its assigns will pay the Trustee's fee and expenses until December 31, 2039 or the earlier termination of this trust.

12. Notwithstanding the Trust Agreement, the Brusers had no reason to believe that as owners of the subject property it would be claimed that they would be even in any way partially responsible for any such "Trustee's Fees," for the following reasons:

    a. upon information and belief, prior to February 1984 any and all "Trustee's Fees" had been billed to and paid by the ground lessors as the "Settlors" under the Trust Agreement aforesaid, and never billed to the owners of the subject property;

    b. any such work by the Trustee would have been and would now be undertaken and accomplished strictly on behalf of, and for the exclusive benefit of, the ground lessors solely as the "Settlers" under the Trust Agreement;

    c. the Association of Apartment Owners, as well as the Brusers for their individual Commercial Unit, throughout the history of Discovery Bay, have had, and continue to have, their own property managers who have been paid and who are being paid to supervise Discovery Bay by them, without any assistance from the Trustee; and

    d. when delinquencies in ground lease payments have arisen, or when other matters have arisen requiring Trustee involvement in the affairs of Discovery Bay, those extra charges have been separately assessed by the Trustee and separately paid to the Trustee when and as required, and not as a part of any monthly supervision fee.

  13. Not only was said "Trust. Agreement" and its Paragraph 11 never before then either shown or known to the Brusers; the Brusers would have had no reason to believe that as owners of the subject property it would be claimed that they would be entirely responsible for any such "Trustee's Fees," for the following reasons:

    a. Discovery Bay's "Declaration of Horizontal Property Regime," a true and correct copy of which is set forth as Exhibit 3, its terms and conditions incorporated herein by this reference, makes no mention whatsoever of any such additional "Trustee's Fees" for any one apartment owner, clearly stating that the Commercial Unit in Discovery Bay is to be responsible for only its undivided 7.4173% interest, including presumably for its financial obligations as well, on page 4 of the Declaration's Exhibit B;

    b. similarly, the "By-Laws of the Association of Apartment Owners of Discovery Bay," a true and correct copy of which is set forth as Exhibit 4, its terms and

5

conditions incorporated herein by this reference, not only makes no mention whatsoever of any such additional "Trustee's Fees" for any one apartment owner, but for example expressly provides in Section 6 on its pages 22-23 that:

> all charges, costs and expenses incurred by the Association for and in connection with the operation, maintenance, repair, replacement and restoration of the common elements shall first be allocated between the Commercial Unit and the residential units as a whole in proportion to their common interests . . . .

      c.    the original Commercial Unit "Condominium Conveyance Document" dated December 1, 1976, a true and correct copy of which is set forth as Exhibit 5, its terms and conditions incorporated herein by this reference, which similarly was neither seen nor disclosed to the Brusers upon their purchase of the subject property, while in its Paragraph 12 does make mention of the owner of the Commercial Unit being responsible for "all fees and expenses charged or incurred by the Lessor as Trustee under the terms of said Trust Agreement dated June 16 [sic], 1974, as amended, as the same become due or are incurred," that June 6, 1974, Trust Agreement set forth in Exhibit 2 hereto, Paragraph 11 on its page 13, quoted *verbatim* *supra*, states instead that "the Lessee [the original developer] <u>or its assignees</u> [which consists of the Commercial Unit owner and the individual owners of all 665 residential apartment owners] will pay the Trustee's fee and expenses [emphasis and bracketed material added)]," not just the owner of the Commercial Unit, which is only one of 666 units at Discovery Bay comprising itself merely an undivided 7.4173 percent property interest - having therefore, if anything, only a partial and relatively minuscule responsible for the supervision efforts, if any, of the Trustee, if there is any such reimbursement responsibility for anyone under the circumstances herein described.

      14.    Nevertheless, commencing on or about January 1, 1999, BOH unilaterally, again without even consulting with the Brusers who as "assigns" of the Lessee under said Trust Agreement thereby became successor parties thereto, although the Trust Agreement further specifies in its Paragraph 11, *supra*, that any such "Trustee's Fees" are only to be assessed "as

6

from time to time may be mutually agreed upon" between the parties thereto, without such advance agreement by the Brusers increased said monthly "Trustee's Fees" from $500 to $1,900 (plus Hawaii State General Excise Tax), charged solely to the Brusers despite their 7.4173 undivided ownership interest as one of 666 assignees of the original Lessee to the Trust Agreement, over the Brusers' continual written objection.

15. And, commencing on or about January 1, 2000, BOH again unilaterally announced that it was increasing said monthly "Trustee's Fees" payable to itself - this time from $1,900 to $2,586 (plus Hawaii State General Excise Tax), again over the Brusers' subsequent written objection, on the grounds that as Trustee for the ground lessors it is entitled, without audit or documentation, to the fixed "reasonable fee" percentage of five percent of all ground lease income collected.

16. Based on these unilateral actions, Brusers filed a Complaint for Declaratory Judgment in the United States District Court for the District of Hawaii, Case #: 1:01-CV-00340-DAE-BMK (the "District Court Lawsuit").

17. Subsequent to this filing, BOH and the Brusers entered into a Settlement and Release Agreement Dated August 22, 2001, whereby the parties agreed, in part, to a fee of $1,100.00 per month to be paid by the Brusers to BOH, and that both parties reserve their respective rights in the event that BOH sought to increase this fee. This resolved the District Court Lawsuit at that time.

18. On January 28, 2014, BOH filed a Petition for Resignation of Trustee, Appointment of Successor Trustee, Reformation of Trust and Approval of Trustee's Accounts Covering the Period from January 1l 2008 through December 31, 2013, and this was filed in the Circuit Court of the First Circuit, State of Hawaii, T. No. 14-1-0019 (the "Trust Action").

19. In the Trust Action, BOH recently filed a Supplemental Petition on May 9, 2014, requesting, among other things, to increase the amount of the fee that it is entitled to and thereby exposing the Brusers to an amount that is beyond what the Brusers will agree to, and

7

seriously diminishing the market value of the subject property and any further refinancing, marketing, and/or sales efforts by the Brusers to their increasing economic detriment.

### Request for Declaratory Relief

20.     The Brusers reallege and incorporate herein by this reference each and every allegation in each and every Paragraph above.

21.     An actual controversy exists between the Brusers and BOH.

23.     The Brusers, based upon the aforesaid facts as pled, claim entitlement to a declaratory judgment, as follows:

    a.     that the Brusers are not liable for <u>any</u> such alleged "Trustee's Fees" whatsoever, for each of the following reasons:

        (1)     Paragraph 11 of the June 6,1974, Trust Agreement is unenforceable as its terms are indefinite and uncertain, an agreement to "mutually agree" upon fees being unenforceable under the laws of the State of Hawaii:

        (2)     being assignees of an original party to the June 6, 1974, Trust Agreement, the "Lessor," the Brusers are successor parties to that Trust Agreement pursuant to their December 11, 1984, Apartment Deed assigning same to them, or at the very least are third-party beneficiaries of same with equitable rights of approval thereof, and since they have not mutually agreed to said "Trustee's Fees," they are not responsible for same even if its terms are found not to be so indefinite or so uncertain as a matter of law as to preclude enforcement thereof against them;

        (3)     Paragraph 11 of the June 6, 1974, Trust Agreement, and the terms and conditions of the Brusers' December 11, 1984, Apartment Deed, and Paragraph 12 of the December 1, 1976, Condominium Conveyance Document aforesaid, are each and all vague and ambiguous as to the respective obligations of those who became subsequent lessees with respect to any such "Trustee's Fees," the meaning of which should be construed against their drafters which were not the Brusers, and the conduct of the Trustee in not having charged or

even attempted to have charged "Trustee's Fees" to the owner of the Commercial Unit for the first full twenty years of the existence of Discovery Bay itself resolves that vagueness and ambiguity in favor of the Brusers and mandates the absence of any liability on their part whatsoever for those "Trustee's Fees" BOH now seeks to impose unilaterally and singularly upon them as an afterthought for its alleged supervision of the entire Discovery Bay, due in part to BOH's own in-house financial issues;

        (4)    by not having invoiced, charged, or seeking to enforce said "Trustee's Fees" upon the subject property for the first twenty plus years of the existence of Discovery Bay, any such claim to reimbursement for such "Trustee's Fees" has been waived by the Trustee and the Settlers aforesaid; and

        (5)    the Trustee is estopped from asserting any such claim to any such "Trustee's Fees" against the Brusers, having failed to disclose same, or in any way to have placed the Brusers on notice of same, at the time the Brusers purchased the subject property in 1984 when ten years before and ten years thereafter no such disclosure or demand was made by the Trustee as aforesaid.

    b.    that if the Brusers are found to be liable for any such alleged "Trustee's Fees," their liability for same is <u>not</u> 100%, but would be no more than the actual percentage of their undivided interest in Discovery Bay;

    c.    that if the Brusers are found to be liable for any such alleged "Trustee's Fees," they would only be liable in whatever percentage, if any, for only such "Trustee's Fees" as may be found to be "reasonable" according to proof at trial and not for what BOH unilaterally decides to assess them for;

    d.    that if the Brusers are found to be liable for any such alleged "Trustee's Fees" in whatever percentage amount, if any, the amount claimed by BOH is not and has not been reasonable;

    e. that if the Brusers are found to be liable for any such alleged "Trustee's Fees/' they are entitled to an Order of this Court requiring that BOH provide them forthwith with a full and complete fiduciary accounting of all such claimed "reasonable" fees and expenses as a condition precedent to any such payment by them, including verification that similar "Trustee's Fees" have been and are being charged by BOH and not being waived or ignored for the alleged supervision of any similar projects in the State of Hawaii; and

    f. that the Brusers are entitled to an award of their attorney's fees and full costs of suit against BOH, for having had to bring this action for declaratory relief to protect their rights and property under the circumstances.

  E. a full and complete accounting from BOH of all claimed "reasonable" fees and expenses alleged by BOH as justifying such "Trustee's Fees," including verification that similar "Trustee's Fees" have been and are being charged by BOH and not being waived or ignored by BOH for the alleged supervision of any similar projects in the State of Hawaii;

  F. an award to the Brusers of their attorney's fees and full costs of suit against BOH, for having had to bring this action for declaratory relief to protect their rights and property under the circumstances; and

  H. and for such other and further relief as this Court deems just and proper.

  DATED: Honolulu, Hawaii, August 29, 2014.

                ____/s/ Christian P. Porter_____
                CHRISTIAN P. PORTER
                BRYSON R. CHOW

                GARY VICTOR DUBIN
                FREDERIC J. ARENSMEYER
                Attorneys for Plaintiffs
                MICHAEL DAVID BRUSER and
                LYNN BRUSER, Trustees under that certain
                unrecorded Revocable Living Trust
                agreement dated July 11, 1988, as amended,
                doing business as Discovery Bay Center