IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MICHAEL DAVID BRUSER and LYNN )          CIVIL NO. 14-00387 LEK-KSC
BRUSER, Trustees under that   )
certain unrecorded Revocable  )
Living Trust Agreement dated  )
July 11, 1988, as amended,    )
doing business as Discovery   )
Bay Center,                   )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
BANK OF HAWAII, a Hawaii      )
corporation, as Trustee, as   )
successor by merger with      )
Hawaiian Trust Company,       )
Limited, a former Hawaii      )
corporation and as successor  )
Trustee under that certain    )
Trust Agreement dated June 6, )
1974,                         )
                              )
          Defendant.          )
_____ )


**ORDER GRANTING DEFENDANT/COUNTERCLAIM PLAINTIFF BANK OF
HAWAII'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO ITS FIRST
COUNTERCLAIM AGAINST PLAINTIFFS/COUNTERCLAIM DEFENDANTS, AND
JOINDER OF INTERVENOR DEFENDANT ASSOCIATION OF APARTMENT OWNERS
OF DISCOVERY BAY; AND DENYING THE OTHER JOINDERS THERETO**

On April 16, 2015, Defendant/Counterclaim Plaintiff

Bank of Hawaii, as successor Trustee under that certain Trust

Agreement dated June 6, 1974 ("BOH"), filed its Motion for

Partial Summary Judgment as to Its First Counterclaim against

Plaintiffs/Counterclaim Defendants ("Motion").[1]  [Dkt. no. 50.]

_____

[1] On April 23, 2015, Intervenor Defendants (1) Susan Sheetz
                                              (continued...)

On June 15, 2015, Plaintiffs/Counterclaim Defendants
Michael David Bruser and Lynn Bruser, trustees under that certain
unrecorded Revocable Living Trust Agreement Dated July 11, 1988,
as amended, doing business as Discovery Bay Center (collectively
"the Brusers"), filed their memorandum in opposition and, on
June 22, 2015, BOH filed its reply.[2] [Dkt. nos. 72, 81.] The
Court finds these matters suitable for disposition without a
hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice
of the United States District Court for the District of Hawai`i
("Local Rules"). After careful consideration of the Motion,
supporting and opposing memoranda, and the relevant legal
authority, the Motion and the AOAO Joinder are HEREBY GRANTED,
and the other three joinders are HEREBY DENIED for the reasons
set forth below.

---

[1](...continued)
and Patricia Sheetz Bow; (2) Julie G. Henderson, trustee of the
Julie G. Henderson Irrevocable Trust, Julie G. Henderson, trustee
of the Jean K. Gowans Irrevocable Trust, Julie G. Henderson,
trustee of the Louis L. Gowans, Jr., Irrevocable Trust, and
Richard L. Gowans, trustee of the Richard L. Gowans Irrevocable
Trust; (3) Kevin I. Yokomaya, trustee of the Kevin I. Yokoyama
Trust and the Irvine K. Yokoyama, Jr. Trust (collectively
"Individual Intervenors"); and (4) Association of Apartment
Owners of Discovery Bay ("AOAO," all together "Intervenors")
filed their joinders. [Dkt. nos. 56, 57, 58, 59.]

[2] On June 22, 2015, AOAO also filed a reply regarding its
joinder. [Dkt. no. 80.]

2

**BACKGROUND**

On August 29, 2014, the Brusers – California residents – filed their Complaint for Declaratory Judgment ("Complaint") against BOH – a Hawai`i corporation – asserting diversity jurisdiction and jurisdiction pursuant to the Declaratory Judgment Act. [Complaint at ¶¶ 1, 4, 5.] This lawsuit challenges the requirement that the Brusers, as owners of the only commercial space ("Commercial Unit") in the Discovery Bay Center condominium building in Waikiki ("Discovery Bay"), must pay the entire trustee's fee ("Trustee Fee" or "Fee") to BOH, as trustee of a trust on behalf of the settlors of Discovery Bay. [Id. at ¶¶ 6-19.] In their single claim, the Brusers seek declaratory judgments that: they are not liable for the Trustee Fee because the trust agreement ("Trust Agreement") is vague and ambiguous, and indefinite, uncertain, and unenforceable; the Condominium Conveyance Document for the Commercial Unit ("CCD"), which purports to dictate the payment of fees under the Trust Agreement, is vague and ambiguous and thus unenforceable; since the Brusers were not aware of the Trust Agreement or CCD when they purchased the Commercial Unit – and were not put on notice of them – and the trustee failed to invoice, charge, or seek enforcement of the Trustee Fee for the first twenty years of Discovery Bay's existence, BOH has waived, and should be estopped from, collection of the fee; if the Brusers are found to be

liable for the Fee, they should only be liable for their percentage interest in Discovery Bay; the Fee must be reasonable and not simply determined by BOH's unilateral decisions; and, if they are liable for any portion of the Fee, the Brusers are entitled to an accounting. The Brusers also seek attorneys' fees and costs, and all other just and appropriate relief. [Id. at pgs. 8-10.]

One obstacle to the Brusers' claim is ongoing state probate court proceedings related to the Trust Agreement ("Trust Litigation"), which has included the determination of a reasonable rate for the Trustee Fee. In stark opposition to the Brusers, who attempt to avoid the Trust Litigation, BOH attempts to use the Trust Litigation to enforce collection of the Trustee Fee. To that end, on January 28, 2015, BOH filed its counterclaim against the Brusers ("Counterclaim").[3] [Dkt. no. 34.] In it, BOH brings claims related to the Brusers' failure to pay the Trustee Fee, and to fulfill obligations required by the Trust Agreement. Its position is that the CCD and Trust Agreement require the Brusers to pay it a reasonable Trustee Fee.

---

[3] The Individual Intervenors filed their answers and counterclaims on March 20, 2015 [dkt. no. 42 (Gowans),] April 2, 2015, [dkt. no. 46 (Yokoyama),] and April 3, 2015, [dkt. no. 47 (Sheetz/Bow),] respectively. AOAO filed its answer and counterclaim on April 3, 2015. [Dkt. no. 48.] These filings are only at issue in the Motion insofar as the intervenors joined in the Motion. See Discussion Section III.

[Counterclaim at ¶¶ 12-43.] Specifically, the Counterclaim includes the following claims: declaratory judgment that the CCD requires the Brusers to pay the Trustee Fee ("Counterclaim Count I"); breach of the CCD ("Counterclaim Count II"); breach of the Trust Agreement ("Counterclaim Count III"); breach of the covenant of good faith and fair dealing ("Counterclaim Count IV"); and recovery of attorneys' fees, expenses, and costs ("Counterclaim Count V"). [Id. at ¶¶ 44-64.] BOH seeks the following remedies: a declaratory judgment that the Brusers are obligated to pay the Trustee Fee; injunctive relief for the amount of the Brusers' default and a lien against the Commercial Unit; damages for the various breaches; and all other just and equitable relief. [Id. at pgs. 25-26.]

Although its Counterclaim includes allegations that rely on, and go to the merits of, the Trust Litigation, in the Motion BOH solely moves for summary judgment as to Counterclaim Count I, regarding the Brusers' obligations under the CCD.

## DISCUSSION

## I.    Undisputed Facts

The following facts are undisputed.[4]

### A.    The Commercial Unit, Trustee Agreement and CCD

On or about December 11, 1984, the Brusers purchased from 1178 Ala Moana Properties, Inc. the Commercial Unit, which is one of 666 units in Discovery Bay and the only non-residential unit.[5] [BOH CSOF at ¶ 5; Brusers CSOF at ¶ 5, 19; BOH Response CSOF at ¶ 19.[6]] On December 14, 1984, the Brusers executed an

_____

[4] The facts in this Section come from: BOH's Separate and Concise Statement of Facts Relating to Motion for Partial Summary Judgment as to Its First Counterclaim against Plaintiffs/Counterclaim Defendants ("BOH CSOF"), filed 4/16/15 (dkt. no. 51); the Brusers' Separate and Concise Counter-Statement in Opposition to Defendants' Motion for Partial Summary Judgment and Joinders Therein ("Brusers CSOF"), filed 6/15/15 (dkt. no. 73); and BOH's Response to Plaintiffs' Separate and Concise Counter-Statement in Opposition To Defendants' Motion for Partial Summary Judgment and Joinders Therein [Dkt. No. 73] ("BOH Response CSOF," all collectively "CSOFs"), filed 6/22/15 (dkt. no. 82).

[5] On February 23, 1989, the Brusers conveyed their individual interests in the Commercial Unit to themselves as trustees of their Revocable Living Trust Agreement dated July 11, 1988 ("Living Trust") through a quitclaim deed ("Quitclaim Deed"). [BOH CSOF at ¶ 8; Brusers CSOF at ¶ 8; BOH CSOF, Decl. of Denise Hearn ("Hearn Decl."), Exh. H (Quitclaim Deed).]

[6] In addition to disputing or agreeing to certain facts in the CSOFs with "Disputed," "Agreed" and "Admitted," both the Brusers and BOH in places, write "Document Language" or "See Documents." See, e.g., Brusers CSOF at ¶ 5; BOH Response CSOF at ¶ 26. The Court construes this language to mean that the parties agree that the statement of fact correctly states the language of the document or cites to an undisputed and properly authenticated
(continued...)

apartment deed ("Apartment Deed") as grantees-assignees of the

Commercial Unit, in which they, *inter alia*, agreed to:

> pay all rents payable under the Ground Conveyance
> as set forth in the [CCD] when the same become due
> and payable, . . . **pay all other <u>costs</u>, <u>expenses</u>,
> assessments and charges payable by the apartment
> owner as set forth <u>in the [CCD]</u>**, . . . [and]
> observe, perform, comply with and abide by the
> Declaration of Horizontal Property Regime, as
> amended, and the By-Laws . . . .

Hearn Decl., Exh. G (Apartment Deed) at 3 (emphases added); <u>see</u>

<u>also</u> BOH CSOF at ¶ 7; Brusers CSOF at ¶ 7.

In a section titled "Lessors' Costs and Expenses," the

CCD provides that "[t]he Apartment Owner shall also pay to the

Lessor **all fees and expenses charged or incurred by the lessor as**

**Trustee** under the terms of said Trust Agreement dated June 16,

1974, as amended, as the same become due or are incurred."

[Hearn Decl., Exh. F (CCD) at 15, ¶ 12 (emphasis added).[7]]  The

CCD also references the Trust Agreement on its very first page,

where it refers to Hawaiian Trust Company, Limited ("Hawaiian

Trust") as "the Trustee under that certain Trust Agreement dated

June 6, 1974, and filed in the Office of the Assistant Registrar

of the Land Court of the State of Hawaii as Land Court Document

---

[6](...continued)
document, but not necessarily that they agree with the
characterization of the document in the statement of fact.

[7] The Brusers appear to dispute the meaning of Paragraph 12,
but they do not dispute the document itself, its admissibility,
or authenticity.  <u>See</u> Brusers CSOF at ¶ 10.

No. 687964, as amended[.]" [Id. at 1.] The CCD was executed by
Hawaiian Trust as trustee and MEPC Properties (Hawaii) Inc.
("MEPC") as the Apartment Owner of the Commercial Unit, on
December 15 and 16, 1976. [Hearn Decl., Exh. F (CCD) at 33-36.]
The CCD also refers to the trustee as the "lessor." [Id. at 5.]
Hawaiian Trust merged with BOH, and thus BOH is currently the
trustee of the Trust Agreement (and the lessor, for purposes of
the CCD). See, e.g., Complaint at ¶ 5; Counterclaim at ¶ 3.
MEPC was renamed 1778 Ala Moana Properties, Inc., in 1983, prior
to selling the Commercial Unit to the Brusers. See, e.g., Mem.
in Supp. of Motion at 3-4 n.4. Thus, the Apartment Deed
undisputedly requires payment under the CCD, and the CCD purports
to bind the Brusers under the Trust Agreement.

     The Trust Agreement, dated June 6, 1974, was executed
by the settlors, including MEPC,[8] Hawaiian Trust as trustee, and
MEPC as lessee, on or a few days before that date, and filed by
the Assistant Registrar of the Land Court on June 28, 1974.
[Hearn Decl., Exh. A (Trust Agreement).] The trust res consisted
of cash and the fee interests in the parcels. [Id.; BOH CSOF at
¶ 3; Brusers CSOF at ¶ 3.] In a paragraph titled "Trustee's
Fees," the Trust Agreement provides:

_____

     [8] At that time, MEPC was actually named Mainline-MEPC
Properties (Hawaii), Inc., before it was renamed MEPC Properties
(Hawaii) Inc. See Mem. in Supp. of Motion at 3 n.4.

> **The Trustee shall be entitled to such reasonable fees as from time to time may be mutually agreed upon.** In addition to said reasonable fees, the Trustee shall have the right to incur such expenses and to be reimbursed by the Lessee as provided for by the leases; and to incur such expenses and be reimbursed for extraordinary services. **The Lessee or its assigns will pay the Trustee's fee** and expenses until December 31, 2039 or the earlier termination of this trust.

[Trust Agreement at p. 13, ¶ 11 (emphases added).[9]]

## B. <u>Payment and Litigation of the Trustee Fee</u>

### 1. <u>2001 Lawsuit</u>

In February 1994, Hawaiian Trust demanded a Trustee Fee of $500 per month, plus Hawai`i General Excise Tax ("GET"),[10] which the Brusers thereafter began to pay. Beginning in January 1999, BOH increased the Trustee Fee to $1,900, and then, in January 2000, it increased the fee to $2,586 per month. [BOH CSOF at ¶ 12; Brusers CSOF at ¶ 12.[11]] The Brusers refused to pay more than $500 per month and instead filed a lawsuit in this district court in May 2001. [BOH CSOF at ¶¶ 12-13; Brusers CSOF

---

[9] Although the Trust Agreement was amended three times, BOH represents (and the Brusers do not dispute) that none of the amendments modify the text of Paragraph 11. [Mem. in Supp. of Motion at 3 n.3.]

[10] The Trustee Fee appears to always include GET.

[11] Although the Brusers in their CSOF state, "Disputed as to Trustee's Power to Unilaterally Determine Fees," they do not dispute the fact that BOH demanded these fees as the Trustee Fee, and this fact is conceded in the Complaint. <u>See</u> Complaint at ¶¶ 9-10, 14-15.

at ¶¶ 12-13, 25; BOH Response CSOF at ¶ 25.]  The parties

executed a settlement agreement on August 22, 2001

("Settlement"), in which the Brusers agreed to pay a monthly fee

of $1,100, which they paid until January 2014.[12]  [Hearn Decl.,

Exh. I (Settlement) at 2, ¶ 3.1; BOH CSOF at ¶ 13; Brusers CSOF

at ¶¶ 13, 26; BOH Response CSOF at ¶ 26.]  In the Settlement, BOH

reserved its right to increase the Fee, and the Brusers did not

waive their right to object to any such increases.  [Settlement

at 2, ¶ 3.1.]

    2.  **2014 Lawsuit**

        On January 28, 2014, BOH as trustee initiated the Trust

Litigation in the Circuit Court of the First Circuit, State of

Hawai`i,[13] in which it included the Brusers as "interested

persons."  [BOH CSOF at ¶ 14; Brusers CSOF at ¶ 14, 27; BOH

Response CSOF at ¶ 27.]  As the litigation developed, BOH filed a

petition to increase the Trustee Fee.  On April 17, 2015, the

state court approved an increase in the Trustee Fee to $9,850 as

a "reasonable fee" for a five-year period beginning October 2014.

_____

    [12] From this Court's review of the docket in Civil 1:01-CV-
00340 DAE-BMK, it does not appear that any substantive decisions
were made prior to the Brusers' voluntary dismissal of all claims
against BOH on August 22, 2001.

    [13] Among other things, BOH petitioned for its resignation,
appointment of a successor, reformation of the trust, and
approval of trustee accounts from January 2008 through December
2013.  See, e.g., Hearn Decl., Exh. J (filed state court
petition).

[Brusers CSOF at ¶ 30; BOH Response CSOF at ¶ 30; BOH's Submission of Supplemental Exhs. "BB"–"EE" to Separate and Concise Statement of Facts Relating to Motion for Partial Summary Judgment as to Its First Counterclaim against Plaintiffs/Counterclaim Defendants, filed 4/23/15 (dkt. no. 60), Exh. BB (Second Order Granting in Part and Continuing in Part Petition for Resignation of Trustee, Appointment of Successor Trustee, Reformation of Trust and Approval of Trustee's Accounts Covering the Period from January 1, 2008 through December 31, 2013) at 4, ¶ A.4.(A).] Both AOAO and the Brusers have appealed the state court rulings, including its conclusion that it had jurisdiction to determine a reasonable fee and its finding that $9,850 was reasonable. [Brusers CSOF at ¶¶ 32-33; id., Decl. of Michael David Bruser ("Bruser Decl."), Exhs. 7, 8; BOH Response CSOF at ¶¶ 32-33.] Those appeals appear to be pending before the state court.[14] See Mem. in Supp. of Motion at 11; Mem. in Opp. at 5.

## II. **BOH Motion**

Although the Complaint and Counterclaim raise issues related to the Trust Agreement and, in particular, the reasonable Trustee Fee, none of those issues are relevant to the instant Motion. The Motion seeks summary judgment on Counterclaim

---

[14] Although the parties have included various filings from the Trust Litigation, neither has included the docket.

Count I only, which focuses entirely on the CCD.

In addition to a sentence incorporating the prior paragraphs of the Counterclaim, [Counterclaim at ¶ 44,] Counterclaim Count I consists of the following:

> Counterclaim Plaintiff seeks a declaratory judgment from the Court, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, that pursuant to the terms of the CCD, the Counterclaim Defendants are obligated to pay the 'reasonable fees' of the Trustee as such fees are determined under the Trust Agreement.

[Id. at ¶ 45.] The sole issue then is the Brusers' liability for the Trustee Fee vis a vis the CCD, and thus the language of the Trustee Agreement is not at issue.[15] Consistent with BOH's position, the plain language of the CCD requires payment of fees under the Trust Agreement, which includes the Trustee Fee.

---

[15] The Court questions whether it has jurisdiction over any claims by the Brusers related to their liability for the Trustee Fee under the Trust Agreement or the reasonableness of the state court's determination regarding that Fee. Though neither is at issue in the Motion, nor raised by BOH, such claims appear to be barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). That doctrine "bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). This Court may not act as an appellate court over the state probate court and the Trust Litigation. To the extent that the Brusers desire to challenge the probate court's decisions and its jurisdiction to hear such issues, or to litigate issues related to the Trust Agreement, they must do so in state court.

The construction and legal effect of a contract, and the determination of whether a contract is ambiguous are questions of law for this Court to decide.  <u>Hawaiian Ass'n of Seventh-Day Adventists v. Wong</u>, 130 Hawai`i 36, 45, 305 P.3d 452, 461 (2013).

The Hawai`i Supreme Court has described the standards for interpreting the substance of a contract:

Contract terms are interpreted according to their plain, ordinary, and accepted sense in common speech.  <u>Cho Mark Oriental Food v. K & K Intern.</u>, 73 Haw. 509, 520, 836 P.2d 1057, 1064 (1992).  The court's objective is "to ascertain and effectuate the intention of the parties as manifested by the contract in its entirety."  <u>Brown [v. KFC Nat'l Mgmt. Co]</u>, 82 Hawai`i [226,] 240, 921 P.2d [146,] 160 [(1996)] (citation and internal quotation marks omitted).

A contract is ambiguous when its terms are reasonably susceptible to more than one meaning.  <u>Airgo v. Horizon Cargo Transp.</u>, 66 Haw. 590, 594, 670 P.2d 1277, 1280 (1983).  As a general rule, the court will look no further than the four corners of the contract to determine whether an ambiguity exists.  <u>State Farm Fire & Cas. Co. v. Pac. Rent-All</u>, 90 Hawai`i 315, 324, 978 P.2d 753, 762 (1999) (noting that the parties' disagreement as to the meaning of a contract does not render it ambiguous).  The parol evidence rule "precludes the use of extrinsic evidence to vary or contradict the terms of an unambiguous and integrated contract."  <u>Pancakes of Hawai`i v. Pomare Props. Corp.</u>, 85 Hawai`i 300, 310, 944 P.2d 97, 107 (App. 1997) (citation omitted).  This rule, however, is subject to exceptions that permit the court to consider extrinsic evidence when the writing in question is ambiguous or

incomplete. _Id._ Where there is any doubt or
controversy as to the meaning of the
language, the court is permitted to consider
parol evidence to explain the intent of the
parties and the circumstances under which the
agreement was executed. _Hokama v. Relinc
Corp._, 57 Haw. 470, 476, 559 P.2d 279, 283
(1977).

_Barranco v. 3D Sys. Corp._, Civil No. 13-00412 LEK-RLP, 2015 WL
419687, at *7 (D. Hawai`i Jan. 30, 2015) (emphases omitted)
(alterations in _Barranco_) (quoting _Wong_, 130 Hawai`i at 45-46,
305 P.3d at 461-62).

It is undisputed that the Apartment Deed requires the
Brusers to pay "all other costs, expenses, assessments and
charges payable by the apartment owner as set forth in the
[CCD.]" [Brusers CSOF at ¶ 7; Apartment Deed at 3.] Further,
the language of the CCD requires the apartment owner to pay to
the lessor "all fees and expenses charged or incurred by the
Lessor as Trustee under the terms of [the Trust Agreement,] as
the same become due or are incurred." [CCD at 15.] The Trust
Agreement undisputably provides that, regarding "Trustee's Fees,"
the trustee "shall be entitled to such reasonable fees as from
time to time may be mutually agreed upon." [Trust Agreement at
13.] The Brusers do not dispute that they are the apartment
owners and BOH is the trustee and lessor pursuant to the
Apartment Deed, CCD, and Trust Agreement. [Apartment Deed at 3;
CCD at 5, 33; Trust Agreement at 1.]

14

The Court concludes that the plain and ordinary meaning of the terms of the Apartment Deed and the CCD require the Brusers to pay "all fees and expenses" as provided by the Trust Agreement.  See Cho Mark, 73 Haw. at 520, 836 P.2d at 1064. One such fee is the Trustee Fee.  The Court further concludes that there is no ambiguity in the terms since they are not susceptible of more than one meaning, see Airgo, 66 Haw. at 594, 670 P.2d at 1280, and the Brusers do not point to any language within the documents to argue that the terms are ambiguous, see State Farm, 90 Hawai`i at 324, 978 P.2d at 762.  There being no ambiguity, it would be improper for the Court to consider extrinsic evidence to interpret the Apartment Deed and the CCD.  See Pancakes of Hawai`i, 85 Hawai`i at 310, 944 P.2d at 107.  Even viewing the evidence in the light most favorable to the Brusers, there is no dispute of material fact that the CCD obligates the Brusers to pay BOH a reasonable Trustee Fee.  The Court thus GRANTS summary judgment on Counterclaim Count I in favor of BOH.  See Grenning v. Miller-Stout, 739 F.3d 1235, 1238 (9th Cir. 2014) ("Summary judgment is appropriate when, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, so that the moving party is entitled to a judgment as a matter of law." (citation and internal quotation marks omitted)).

The Court here clarifies the limits on its ruling. It simply finds that the CCD requires the Brusers to pay all fees under the Trustee Agreement and that one such fee is the Trustee Fee. This is the sum total of the ruling. In short, this Court makes no judgment as to what the Trustee Fee should be, who must mutually agree to it, and what is reasonable. Moreover, it does not interpret Paragraph 12 of the CCD in the context of the Trustee Agreement as a whole, or the understandings of the parties to that agreement. Those issues are best left for the Trust Litigation, where the content of the Trust Agreement is already being litigated. If, on appeal, the state court finds that the probate court does not have jurisdiction over such matters, the Brusers may possibly press those claims in this Court. However, at present, this Court may not consider them due to the Rooker-Feldman doctrine. See infra note 13.

With these limitations in mind, the Court rejects the Brusers' arguments as to why the Court should deny the Motion. The vast majority of the Brusers' memorandum in opposition consists of challenges to the state court's rulings. See, e.g., Mem. in Opp. at 8-9 (state court's process for determining reasonableness), 9-11 (state court's jurisdiction). The Court has already ruled that these arguments are not relevant to the

Motion, and are likely precluded by the Trust Litigation.[16]

The Court also has already rejected the Brusers'
ambiguity argument, but will simply point out here that they
confuse the language of the CCD – at issue here – with that of
the Trust Agreement – at issue in the Trust Litigation. See,
e.g., Mem. in Opp. at 12 (arguing that "[t]he CCD contains
language that 'the Trustee shall be entitled to such reasonable
fees . . .'" and that language is "vague and ambiguous"). To the
extent that the Brusers argue that the CCD cannot be read to
require them to pay the entire Trustee Fee, that interpretation
is belied by the plain language of the CCD. Insofar as there is
no ambiguity in the CCD, the Court need not look beyond the
contract terms. The Court will, however, note that it might not
be such an "absurd proposition," defying "common sense and
economics," [Mem. in Opp. at 11-12,] that the settlors, trustee,
and lessee, mutually and knowingly agreed that the Commercial
Unit would bankroll the Trustee Fee in its entirety, since that
unit, among all 666, was the sole unit that would likely provide
a regular income stream. Moreover, although the Court makes no

_____

[16] Theoretically, this Court might have jurisdiction over a
claim that the reasonableness determination was extraordinary or
grossly excessive. Cf. BMW of N. Am., Inc. v. Gore, 517 U.S. 559
(1996) (considering whether punitive damages imposed by state
court were grossly excessive and violative of the Due Process
Clause). However, the Brusers do not raise such a challenge and,
even if they did, such a claim would not be ripe due to the
ongoing appeal in the Trust Litigation.

17

judgment as to how to determine a reasonable fee, that determination must be guided by common sense and likely could not encompass the hypothetical posited by the Brusers for fees incurred unrelated to Discovery Bay.  See id. at 12-13.

Finally, to the extent that Plaintiffs allege certain facts in the Complaint that theoretically could support a dispute of material fact, see, e.g., Complaint at ¶ 13.b. (arguing that the By-Laws of the Association of Apartment Owners of Discovery Bay conflicts with the "all fees and expenses" language of the CCD), those arguments are waived since they were not presented in opposition to the Motion.[17]  See, e.g., Avilez v. Pinkerton Gov't Servs., Inc., 596 F. App'x 579 (9th Cir. 2015) (holding that the defendant waived an "argument by not raising it in opposition to the motion").  For all of these reasons, the Court GRANTS the Motion in its entirety.

## III. **Joinders**

The four groups of Defendant Intervenors all style their joinders as substantive joinders.[18]  [Dkt. nos. 56, 57, 58, 59.]  However, only the AOAO Joinder is properly supported as a

---

[17] The Court notes that these arguments still would likely not overcome the plain language of the CCD, even if they had been properly submitted.

[18] The Court herein refers to them as the Sheetz/Bow Joinder, the Gowans Joinder, the Yokoyama Joinder, and the AOAO Joinder.

substantive joinder, because only it attaches a memorandum in support of the Motion.  See Mem. in Supp. of AOAO Joinder, filed 4/23/15 (dkt. no. 59-1); Local Rule LR7.9 ("'Substantive joinder' means a joinder based on a memorandum supplementing the motion or opposition joined in.").  The AOAO Joinder argues that "the [AOAO] specifically agrees with [BOH's] position that the Circuit Court is the appropriate form [sic] to adjudicate the question of what constitutes 'reasonable fees,'" that,

> [BOH] is entitled to judgment as matter [sic] of law on its [Counterclaim Count I], and that the [AOAO] is entitled to judgment as a matter of law that, pursuant to the terms of the [CCD], the Brusers are obligated to pay the "reasonable fees" of the Trustee as such fees are determined under the Trust Agreement, as amended, by the Circuit Court of the First Circuit Court of the State of Hawaii in the [Trust Litigation].

[Mem. in Supp. of AOAO Joinder at 4-5 (citation omitted).]  Since AOAO seeks the same remedy, for the reasons stated above, the Court GRANTS the AOAO Joinder.

On the other hand, the Sheetz/Bow, Gowans, and Yokoyama Joinders do not provide sufficient support for the relief that they seek.  Their entire argument is:

> By this joinder, Intervenor Defendants Sheetz/Bow request that the Court grant summary judgment with respect to their claim for declaratory relief that "**Brusers are in breach of their obligations under the [CCD]** . . . by their failure and refusal to pay Trustee's reasonable fees" (*Counterclaim in Intervention* (Dkt. 42, ¶ 21 at 7).  Since [BOH's Motion] addresses the identical claim as raised in the *Counterclaim in*

> *Intervention*, summary judgment thereon should be
> granted in favor of Intervenor Defendants
> Sheetz/Bow for the reasons outlined in [the
> Motion].

Sheetz/Bow Joinder at 3 (italics and some alterations in

Sheetz/Bow Joinder) (emphasis added); see also Gowans Joinder at

2-3 (nearly identical language); Yokoyama Joinder at 3 (same).

Although they argue that they raise an "identical

claim" to BOH, that is not so.  This Court has concluded that the

Brusers do owe an obligation under the CCD to pay a reasonable

Trustee Fee.  See *infra* Discussion Section II.  However, it has

not reached the issue of whether the Brusers have in any way

breached that obligation.  Thus, what the Intervenor Defendants

request goes beyond the relief that BOH has sought and obtained.

Since these joinders neither make an "identical claim" to BOH,

nor provide support for their requested relief, this Court

concludes that summary judgment on their claims is not warranted.

The Court therefore DENIES the Sheetz/Bow Joinder, the Gowans

Joinder, and the Yokoyama Joinder.

## CONCLUSION

On the basis of the foregoing, BOH's Motion for Partial

Summary Judgment as to Its First Counterclaim against

Plaintiffs/Counterclaim Defendants, filed April 16, 2015, and the

AOAO Joinder, filed April 23, 2015, are HEREBY GRANTED.  The

joinders of Intervenor Defendants Susan Sheetz and Patricia

Sheetz Bow; Julie G. Henderson, trustee of the Jean K. Gowans Irrevocable Trust, Julie G. Henderson, trustee of the Louis L. Gowans, Jr., Irrevocable Trust, and Richard L. Gowans, trustee of the Richard L. Gowans Irrevocable Trust; and Kevin I. Yokoyama, trustee of the Kevin I. Yokoyama Trust and the Irvine K. Yokomaya, Jr. Trust, all filed April 23, 2015, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 21, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAII, ETC.; CIVIL 14-00387 LEK-KSC; ORDER GRANTING DEFENDANT/COUNTERCLAIM PLAINTIFF BANK OF HAWAII'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO ITS FIRST COUNTERCLAIM AGAINST PLAINTIFFS/COUNTERCLAIM DEFENDANTS, AND JOINDER OF INTERVENOR, DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY; AND DENYING THE OTHER JOINDERS THERETO**