IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID BRUSER and LYNN BRUSER, Trustees under that certain unrecorded Revocable Living Trust Agreement dated July 11, 1988, as amended, doing business as Discovery Bay Center,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BANK OF HAWAII, a Hawaii corporation, as Trustee, as successor by merger with Hawaiian Trust Company, Limited, a former Hawaii corporation and as successor Trustee under that certain Trust Agreement dated June 6, 1974,<br><br>　　　　Defendant,<br>_____<br>　vs.<br><br>JULIE G. HENDERSON, as Trustee of the Julie G. Henderson Irrevocable Trust, and as Trustee of the Jean K. Gowans Irrevocable Trust, and as Trustee of the Louis L. Gowans, Jr. Irrevocable Trust; RICHARD L. GOWANS, as Trustee of the Richard L. Gowans Irrevocable Trust; KEVIN I. YOKOHAMA; ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY; SUSAN SHEETZ; and PATRICIA SHEETZ BOW,<br><br>　　　　Intervening Defendants.<br>_____ | CIVIL NO. 14-00387 LEK |

```
BANK OF HAWAII, a Hawaii        )
corporation, as Trustee, as     )
successor by merger with        )
Hawaiian Trust Company,         )
Limited, a former Hawaii        )
corporation and as successor    )
Trustee under that certain      )
Trust Agreement dated June 6,   )
1974.                           )
                                )
     Counterclaim Plaintiff,    )
                                )
     vs.                        )
                                )
MICHAEL DAVID BRUSER and LYNN   )
BRUSER, Trustees under that     )
certain unrecorded Revocable    )
Living Trust Agreement dated    )
July 11, 1988, as amended,      )
doing business as Discovery     )
Bay Center,                     )
                                )
     Counterclaim Defendants.   )
_____ )
```

**ORDER DENYING PLAINTIFFS' LOCAL RULE 60.1(C)
MOTION FOR RECONSIDERATION OF JANUARY 19, 2016 MINUTE
ORDER DEEMING MOOT AND TERMINATED "PLAINTIFFS' MOTION
(1) FOR CLARIFICATION OF THE JANUARY 8, 2016 'COURT
ORDER REGARDING REMAINING ISSUES FOR JURY TRIAL,' AND
(2) FOR A STAY OF ALL PROCEEDINGS IN THIS CASE"**

Before the Court is Plaintiffs Michael David Bruser and Lynn Bruser's ("Plaintiffs" or "the Brusers") Local Rule 60.1(c) Motion for Reconsideration of January 19, 2016 Minute Order Deeming Moot and Terminated "Plaintiffs' Motion (1) for Clarification of the January 8, 2016 'Court Order Regarding Remaining Issues for Jury Trial,' and (2) for a Stay of All Proceedings in This Case" ("Motion for Reconsideration"), filed on February 2, 2016. [Dkt. no. 175.] The Court did not require

any memorandum in opposition.  [Dkt. no. 178.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Reconsideration and the relevant legal authority, Plaintiffs' Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The background of this case is well known to the parties, and the Court repeats only the facts relevant to the instant matter.  On January 18, 2016, Plaintiffs filed a Motion (1) for Clarification of the January 8, 2016 "Court Order Regarding Remaining Issues for Jury Trial," and (2) for a Stay of All Proceedings in This Case ("1/8/16 Motion").  [Dkt. no. 142.]  In an entering order filed the same day, the 1/8/16 Motion was deemed moot and terminated.  [Dkt. no. 144.]

## STANDARD

Motions for reconsideration are governed by Local Rule 60.1, which states, in relevant part:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;

    (c) Manifest error of law or fact.

    Motions asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed. . . .

This Court has stated that,

    A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F. 3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (citation omitted).

## **DISCUSSION**

    Plaintiffs state that they are proceeding under Local Rule 60.1(c), and do not present any new material facts or changes in the law. Plaintiffs, however, also fail to present any legal authority or fact that demonstrates why the Court should reconsider its denial of the 1/8/16 Motion as moot. Plaintiffs state that, "there is . . . nothing to try in this case as this Court rightly adheres to the Rooker-Feldman doctrine." [Motion for Reconsideration at 3.] The primary

argument in the Motion for Reconsideration appears to be that, "by being urged by opposing counsel in effect to become a collection agency for the state courts, this Court is nonetheless ironically acting contrary to the Rooker-Feldman doctrine, since this is purely a state court matter and is under review by state appellate courts." [Id.]

As they have done repeatedly, Plaintiffs confuse the issues that remain in this case.  In a previous order, the Court attempted to address any confusion:

> The Court here clarifies the limits of its ruling.  It simply finds that the [Condominium Conveyance Document ("CCD")] requires the Brusers to pay all fees under the Trustee Agreement and that one such fee is the Trustee Fee.  This is the sum total of the ruling.  In short, this Court makes no judgment as to what the Trustee Fee should be, who must mutually agree to it, and what is reasonable.  Moreover, it does not interpret Paragraph 12 of the CCD in the context of the Trustee Agreement as a whole, or the understandings of the parties to that agreement.  Those issues are best left for the Trust Litigation, where the content of the Trust Agreement is already being litigated.[1]  If, on appeal, the state court finds that the probate court does not have jurisdiction over such matters, the Brusers may possibly press those claims in this Court.  However, at present, this Court may not consider them due to the Rooker-Feldman doctrine.

[Order Granting Defendant/Counterclaim Plaintiff Bank of Hawaii's Motion for Partial Summary Judgment as to its First Counterclaim

---

[1] The 7/21/15 Order explains that the Trust Litigation refers to the "ongoing state court proceedings related to the Trust Agreement."  [7/21/15 Order at 4.]

Against Plaintiffs/Counterclaim Defendants, and Joinder of Intervenor Defendant Association of Apartment Owners of Discovery Bay; and Denying the Other Joinders Thereto, filed 7/21/15 (dkt. no. 88) ("7/21/15 Order"), at 16.]  The Court reiterated this point in an entering order filed on January 8, 2016 ("1/8/16 EO"), [dkt. no. 128,] where it stated:

> As more fully explained in the 7/21/15 Order, this Court may not act as an appellate court and review the state probate court's rulings related to the Trust Agreement.  Therefore, it must dismiss as a matter of law, pursuant to the Rooker-Feldman doctrine, any claims related to the interpretation of the Trust Agreement or the reasonableness of the trustee fees, including: the Brusers' claim seeking declaratory judgment that the Trust Agreement does not hold them liable for payment of trustee fees; and BOH and AOAO's counterclaims for breach of the Trust Agreement. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).

[1/8/16 EO at 4.]

Plaintiffs question how "this Court propose[s] to attempt to enforce in effect a state court judgment on appeal . . . without violating the Rooker-Feldman doctrine and common sense?" [Motion for Reconsideration at 4.]  Under the Rooker-Feldman doctrine, the Court is barred from addressing any claims related to the Trust Agreement, which is the subject of the state court litigation.  See 7/21/15 Order at 12 n.15 ("This Court may not act as an appellate court over the state probate court and the Trust Litigation.").  As the Court made clear in the 7/21/15

Order and the 1/8/16 EO, the remaining claims concern only the CCD.  The Court has made no "[m]anifest error of law or fact", see Local Rule 60.1(c), and Plaintiffs' Motion for Reconsideration is therefore DENIED.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration, filed February 2, 2016, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 16, 2016.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAII, ET AL; CIVIL 14-00387 LEK-RLP; ORDER DENYING PLAINTIFFS' LOCAL RULE 60.1(C) MOTION FOR RECONSIDERATION OF JANUARY 19, 2016 MINUTE ORDER DEEMING MOOT AND TERMINATED "PLAINTIFFS' MOTION (1) FOR CLARIFICATION OF THE JANUARY 8, 2016 'COURT ORDER REGARDING REMAINING ISSUES FOR JURY TRIAL,' AND (2) FOR A STAY OF ALL PROCEEDINGS IN THIS CASE"**