IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID BRUSER and LYNN BRUSER, Trustees under that certain unrecorded Revocable Living Trust Agreement dated July 11, 1988, as amended, doing business as Discovery Bay Center, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF HAWAII, a Hawaii corporation, as Trustee, as successor by merger with Hawaiian Trust Company, Limited, a former Hawaii corporation and as successor Trustee under that certain Trust Agreement dated June 6, 1974, <br><br> Defendant, _____ <br> vs. <br><br> JULIE G. HENDERSON, as Trustee of the Julie G. Henderson Irrevocable Trust, and as Trustee of the Jean K. Gowans Irrevocable Trust, and as Trustee of the Louis L. Gowans, Jr. Irrevocable Trust; RICHARD L. GOWANS, as Trustee of the Richard L. Gowans Irrevocable Trust; KEVIN I. YOKOHAMA; ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY; SUSAN SHEETZ; and PATRICIA SHEETZ BOW, <br><br> Intervening Defendants. _____ | CIVIL NO. 14-00387 LEK |

```
BANK OF HAWAII, a Hawaii          )
corporation, as Trustee, as       )
successor by merger with          )
Hawaiian Trust Company,           )
Limited, a former Hawaii          )
corporation and as successor      )
Trustee under that certain        )
Trust Agreement dated June 6,     )
1974.                             )
                                  )
     Counterclaim Plaintiff,      )
                                  )
     vs.                          )
                                  )
MICHAEL DAVID BRUSER and LYNN     )
BRUSER, Trustees under that       )
certain unrecorded Revocable      )
Living Trust Agreement dated      )
July 11, 1988, as amended,        )
doing business as Discovery       )
Bay Center,                       )
                                  )
     Counterclaim Defendants.     )
_____ )
```

## COURT'S DECISION

This case came before the Court for a bench trial on February 2, 2016, with Plaintiffs/Counterclaim Defendants Michael David Bruser and Lynne Bruser ("the Brusers") represented by Gary Victor Dubin, Esq.  Defendant/Counterclaim Plaintiff Bank of Hawai`i, as successor Trustee under that certain Trust Agreement dated June 6, 1974 ("BOH"), was represented by Johnathan Bolton, Esq.  Defendants/Counterclaim Plaintiffs Julie G. Henderson, Trustee of the Julie G. Henderson Irrevocable Trust; Julie G. Henderson, Trustee of the Jean K. Gowans Irrevocable Trust; Julie G. Henderson, Trustee of the Louis L.

Gowans, Jr., Irrevocable Trust; and Richard L. Gowans, Trustee of the Richard L. Gowans Irrevocable Trust (collectively "the Henderson/Gowans") were represented by Corey Y.S. Park, Esq. Defendants/Counterclaim Plaintiffs Kevin I. Yokoyama, Trustee of the Kevin I. Yokoyama Trust and the Irvine K. Yokoyama, Jr. Trust (collectively "Yokoyama") were represented by Christopher J.I. Leong, Esq. Defendants/Counterclaim Plaintiffs Susan Sheetz and Patricia Sheetz Bow (collectively "Sheetz Bow") were represented by Robert Bruce Graham, Jr., Esq. Finally, Defendant/Counterclaim Plaintiff the Association of Apartment Owners of Discovery Bay ("AOAO") was represented by Andrew V. Beaman, Esq. The Court hereby outlines its decision. BOH is instructed to prepare the proposed Findings of Fact and Conclusions of Law ("FOF/COL") consistent with the Court's ruling herein, and annotated to the record and the trial transcript by no later than **March 22, 2016**. The Brusers may respond to those portions of BOH's proposed FOF/COL that they object to by filing an alternative proposed FOF/COL, annotated to the record and the trial transcript, and addressing the portions objected to, by no later than **April 12, 2016**. Thereafter, a final FOF/COL shall be issued by the Court that will supersede any rulings, findings, or conclusions herein, and that will serve as the final decision in this matter.

## BACKGROUND

This matter originally arose out of a dispute regarding liability for payment of trustee fees:  on August 29, 2014, the Brusers filed their Complaint for Declaratory Judgment ("Complaint") against BOH.  [Dkt. no. 1.]  BOH filed its counterclaims against the Brusers on January 28, 2015 ("BOH Counterclaim").  [Dkt. no. 34.]

While the Brusers' Complaint was filed against a single defendant (that is, BOH), several parties sought permission to intervene as defendants and, upon being granted intervention, they filed their own respective counterclaims:  on March 13, 2015, the Henderson/Gowans were permitted to intervene as defendants, and on March 20, 2015, they filed their answer to the Complaint and a counterclaim against the Brusers ("Henderson/Gowans Counterclaim").  [Dkt. nos. 41, 42.]  On March 27, 2015, Yokoyama, Sheetz Bow, and AOAO were permitted to intervene as defendants.  [Dkt. nos. 43-45.]  Yokoyama filed an answer to the Complaint and a counterclaim on April 2, 2015 ("Yokoyama Counterclaim"), [dkt. no. 46,] and Sheetz Bow and AOAO filed their respective answers to the Complaint and counterclaims on April 3, 2015 ("Sheetz Bow Counterclaim" and "AOAO Counterclaim") [dkt. nos. 47, 48].

In the Complaint, the Brusers seek declaratory judgment that:  they are not liable for the payment of the trustee fees

4

("Trustee Fee") under the Trust Agreement dated June 6, 1974 ("Trust Agreement"); or, in the alternative, they are liable only for the actual percentage of their undivided interest or only reasonable fees as determined at trial.  In addition, they seek additional relief such as an accounting, and reasonable attorneys' fees and costs.

The BOH Counterclaim has five claims: (1) declaratory judgment that, pursuant to the Condominium Conveyance Document, dated December 1, 1976 ("CCD"), the Brusers are obligated to pay the Trustee Fee as determined under the Trust Agreement; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; (4) breach of the covenant of good faith and fair dealing; and (5) recovery of attorneys' fees and costs incurred as a result of enforcing the CCD pursuant to the terms of the Trust Agreement.

The AOAO Counterclaim contains four claims: (1) declaratory judgement that the Brusers are obligated to pay the Trustee Fee as determined under the Trust Agreement and/or the CCD; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; and (4) breach of the covenant of good faith and fair dealing.

The Sheetz Bow Counterclaim, Yokoyama Counterclaim, and Henderson/Gowans Counterclaim each contains a single claim for declaratory relief that the Brusers are in breach of the CCD

and/or the Trust Agreement for failing to pay the Trustee Fee.

On April 16, 2015, BOH filed its Motion for Partial Summary Judgment as to its First Counterclaim Against Plaintiffs/Counterclaim Defendants ("Motion"). [Dkt. no. 50.] On July 21, 2015, this Court issued its Order Granting Defendant/Counterclaim Plaintiff Bank of Hawaii's Motion for Partial Summary Judgment as to its First Counterclaim Against Plaintiffs/Counterclaim Defendants, and Joinder of Intervenor Defendant Association of Apartment Owners of Discovery Bay; and Denying the Other Joinders Thereto ("7/21/15 Order"). [Dkt. no. 88.[1]] The 7/21/15 Order notes that "[a]lthough the Complaint and Counterclaim raise issues related to the Trust Agreement, and, in particular, the reasonable Trustee Fee, none of those issues are relevant to the instant Motion." [Id. at 11.] The Court agreed with BOH, stating "the plain language of the CCD requires payment of fees under the Trust Agreement, which includes the Trustee Fee." [Id. at 12.] More specifically, the Court concluded "that the plain and ordinary meaning of the terms of the Apartment Deed and the CCD require the Brusers to pay 'all fees and expenses' as provided by the Trust Agreement," [id. at 15 (citing Cho Mark Oriental Food v. K & K Intern., 73 Haw. 509, 520, 836 P.2d 1057, 1064 (1992)),] and that there is no ambiguity in the terms of the Apartment Deed or the CCD [id. (citing Airgo v. Horizon Cargo

_____

[1] The 7/21/15 Order is also available at 2015 WL 4469850.

Transp., 66 Haw. 590, 594, 670 P.2d 1277, 1280 (1983))].

The 7/21/15 Order was careful to point out the limits of its ruling, namely that "it makes no judgment as to what the Trustee Fee should be, who must mutually agree to it, and what is reasonable." [Id. at 16.]  The Court also made clear that it "does not interpret Paragraph 12 of the CCD in the context of the Trustee Agreement as a whole, or the understandings of the parties to that agreement" because "[t]hose issues are best left for the Trust Litigation,[2] where the content of the Trust Agreement is already being litigated." [Id.]

In an entering order filed on January 8, 2016 ("1/8/16 EO"), and in light of the 7/21/15 Order, the Court found that:

> As to the Complaint, there are no remaining claims.
>
> As to the BOH Counterclaim, there are three remaining claims for the jury to decide: (1) breach of contract under the CCD; (2) breach of the covenant of good faith and fair dealing as to the CCD only; and (3) whether BOH incurred costs and expenses in enforcing the CCD, and, if so, in what amount(s).
>
> As to the AOAO Counterclaim, there are two remaining claims for the jury to decide:

---

[2] The Trust Litigation refers to the "ongoing state court proceedings related to the Trust Agreement." [7/21/15 Order at 4.]  In the 7/21/15 Order, the Court questioned "whether it has jurisdiction over any claims by the Brusers" related to the Trustee Fee, given the state court proceedings and the Rooker-Feldman doctrine.  [Id. at 12 n.15.]  The Rooker-Feldman doctrine is set forth in:  D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).

(1) breach of contract under the CCD; and
(2) breach of the covenant of good faith and fair
dealing of the CCD.

As to the Sheetz Bow Counterclaim, Yokoyama
Counterclaim, and Henderson/Gowans Counterclaim,
there is a single claim for the jury to decide,
which is whether the Brusers are in breach of the
CCD for failing to pay trustee fees.

[1/8/16 EO at 3-4.]  The Court also stated:

As more fully explained in the 7/21/15 Order,
this Court may not act as an appellate court and
review the state probate court's rulings related
to the Trust Agreement.  Therefore, it must
dismiss as a matter of law, pursuant to the
Rooker-Feldman doctrine, any claims related to the
interpretation of the Trust Agreement or the
reasonableness of the trustee fees, including:
the Brusers' claim seeking declaratory judgment
that the Trust Agreement does not hold them liable
for payment of trustee fees; and BOH and AOAO's
counterclaims for breach of the Trust Agreement.

[Id. at 4.]

On January 20, 2016, the Brusers filed a Notice of

Withdrawal of Jury Trial Demand.  [Dkt. no. 150.]  The same day,

the Henderson/Gowans, AOAO, Yokoyama, BOH, and Sheetz Bow all

filed statements of no opposition.  [Dkt. nos. 145-49.]  In an

entering order filed on January 25, 2016, and pursuant to Federal

Rules of Civil Procedure 38(d) and 39(a)(1), the Court withdrew

the Brusers' jury demand.  [Dkt. no. 152.]  Finally, in a

stipulation filed on February 2, 2016 ("Stipulation"):  BOH

stipulated to dismiss its third and fourth counterclaims without

prejudice;[3] AOAO stipulated to dismiss its second, third, and fourth counterclaims without prejudice; and the Henderson/Gowans, Yokoyama, and Sheetz Bow stipulated to dismiss their claims for declaratory relief that the Brusers have breached the Trust Agreement without prejudice.  [Dkt. no. 179 at ¶¶ 1-4.]  BOH's second counterclaim for breach of contract under the CCD is therefore the only claim that remains in the instant matter.

**DISCUSSION**

I.   **Undisputed Facts**

A.   **The Trustee Agreement, CCD, and the Commercial Unit**

The Trust Agreement, dated June 6, 1974, was executed by various parties, including MEPC Properties (Hawaii) Inc. ("MEPC"),[4] as settlors; the Hawaiian Trust Company, Ltd. ("Hawaiian Trust"), as trustee; and MEPC as lessee.  It was filed with the Land Court on June 28, 1974 as document number 687964. The trust res consisted of cash and the fee interests in the parcels that underlie Discovery Bay.  See Trust Agreement, Exh.

---

[3] BOH also stipulated to seek recovery of "attorneys' fees, expenses, and costs" by filing a separate motion.  [Stipulation at ¶ 4.]

[4] At that time, MEPC was actually named Mainline-MEPC Properties (Hawaii), Inc., before it was renamed MEPC Properties (Hawaii) Inc.  See Trust Agreement at 1; First Request for Judicial Notice, filed 2/1/16 (dkt. no. 155), Exh. A (Certificate of Amendment, dated October 18, 1974, showing that Mainline-MEPC Properties (Hawaii), Inc. changed its name to MEPC Properties (Hawaii) Inc.); Minutes, filed 2/2/16 (dkt. no. 177) (stating that the court orally granted the Request for Judicial Notice).

9

A, B.  In a paragraph titled "Trustee's Fees," the Trust

Agreement provides:

> **The Trustee shall be entitled to such reasonable**
> **fees as from time to time may be mutually agreed**
> **upon.**  In addition to said reasonable fees, the
> Trustee shall have the right to incur such
> expenses and to be reimbursed by the Lessee as
> provided for by the leases; and to incur such
> expenses and be reimbursed for extraordinary
> services.  **The Lessee or its assigns will pay the**
> **Trustee's fee** and expenses until December 31, 2039
> or the earlier termination of this trust.[5]

[Trust Agreement at ¶ 11 (emphasis added).]

The CCD concerns the only commercial unit ("Commercial

Unit") out of the 666 units in Discovery Bay.  It was executed on

December 15 and 16, 1976, by Hawaiian Trust, as Trustee,[6] and

MEPC, as the Apartment Owner of the Commercial Unit.  The CCD

refers to the Trustee as the "Lessor."  Section IV of the CCD,

titled "Lessors' Costs and Expenses," provides that "[t]he

Apartment Owner shall also pay to the Lessor **all fees and**

**expenses charged or incurred by the Lessor as Trustee** under the

terms of said Trust Agreement dated June 16, 1974, as amended, as

the same become due or are incurred."  [Emphasis added.]  BOH and

---

[5] Although the Trust Agreement was amended three times – and
duly recorded each time – BOH represents (and the Brusers do not
dispute) that none of the amendments modify the text of Paragraph
11.

[6] According to the CCD, Hawaiian Trust is "the Trustee under
that certain Trust Agreement dated June 6, 1974, and filed in the
Office of the Assistant Registrar of the Land Court of the State
of Hawaii as Land Court Document No. 687964, as amended."

Hawaiian Trust Company merged, and BOH is the current trustee of the Trust Agreement (and the Lessor, for purposes of the CCD). MEPC was renamed 1778 Ala Moana Properties, Inc. in 1983 ("1778 Ala Moana").

On or about December 11, 1984, the Brusers purchased the Commercial Unit from 1178 Ala Moana.  On February 23, 1989, the Brusers conveyed their individual interests in the Commercial Unit to themselves as trustees of their Revocable Living Trust Agreement dated July 11, 1988 ("Living Trust") through a quitclaim deed ("Quitclaim Deed").  On December 14, 1984, the Brusers executed an apartment deed ("Apartment Deed") as grantees-assignees of the Commercial Unit, in which they, *inter alia*, agreed to:

> pay all rents payable under the Ground Conveyance as set forth in the [CCD] when the same become due and payable, . . . **pay all other costs, expenses, assessments and charges payable by the apartment owner as set forth in the [CCD]**, . . . [and] observe, perform, comply with and abide by the Declaration of Horizontal Property Regime, as amended, and the By-Laws . . . .

[Apartment Deed at 3 (emphasis added).]  Thus, the Apartment Deed undisputedly requires payment under the CCD, and the CCD purports to bind the Brusers under the Trust Agreement.

B.   **Payment and Litigation of the Trustee Fee**

1.   **2001 Lawsuit**

In February 1994, Hawaiian Trust demanded a Trustee Fee

of $500 per month, plus Hawai`i General Excise Tax ("GET"), which the Brusers thereafter began to pay.  Beginning in January 1999, BOH increased the Trustee Fee to $1,900, and then, in January 2000, it increased the fee to $2,586 per month.  The Brusers refused to pay more than $500 per month and instead filed a lawsuit in this district court in May 2001.  The parties executed a settlement agreement on August 22, 2001 ("Settlement"), in which the Brusers agreed to pay a monthly fee of $1,100.[7]  In the Settlement, BOH reserved its right to increase the Trustee Fee, and the Brusers did not waive their right to object to any such increases.

### 2.  2014 Lawsuit

On January 28, 2014, BOH as Trustee initiated the Trust Litigation in the Circuit Court of the First Circuit, State of Hawai`i,[8] in which it included the Brusers as "interested persons."  As the litigation developed, BOH filed a petition to increase the Trustee Fee.  On April 17, 2015, the state court approved an increase in the Trustee Fee to $9,850 as a reasonable monthly fee for a five-year period beginning October 2014.  Both

---

[7] From this Court's review of the docket in Bruser v. Bank of Hawai`i, CV 01-00340 DAE-BMK, it does not appear that any substantive decisions were made prior to the Brusers' voluntary dismissal of all claims against BOH on August 22, 2001.

[8] Among other things, BOH petitioned for its resignation, appointment of a successor trustee, reformation of the trust, and approval of trustee accounts from January 2008 through December 2013.

AOAO and the Brusers have appealed the state court's rulings, including its conclusion that it had jurisdiction to determine a reasonable fee and its finding that $9,850 was reasonable.[9] Those appeals appear to be pending before the state court.

### 3.  The Brusers' Failure to Pay the Trustee Fee

The Brusers have refused to pay the Trustee Fee approved by the state court, and have instead continued to pay the previous Trustee Fee of $1,100 per month.

## II.  The Brusers Breached the CCD

This Court has stated:

> To prevail on a claim for breach of contract, a party must prove:  (1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by Defendants; and (5) when and how Defendants allegedly breached the contract.

Evergreen Eng'g, Inc. v Green Energy Team LLC, 884 F. Supp. 2d 1049, 1059 (D. Hawai`i 2012) (citation and internal quotation marks omitted).

The CCD is a valid contract that binds the Brusers and BOH.  Further, this Court has already found that "the plain language of the CCD requires payment of fees under the Trust Agreement, which includes the Trustee Fee."  See 7/21/15 Order at

---

[9] On February 10, 2016, the Brusers notified the Court ("2/10/16 Notice") that they filed a motion for certification to the Hawai`i Intermediate Court of Appeals and a motion for stay pending appeal in the Trust Litigation.  [Filed 2/10/16 (dkt. no. 180).]  The Brusers have not been granted a stay.

12.   Finally, insofar as the Brusers do not dispute that they have refused to pay the Trustee Fee of $9,850 – and have instead continued to pay the former Trustee Fee of $1,100 – they admit that they have not performed under the CCD.   Pursuant to the CCD and the 7/21/Order, the Brusers have breached the CCD.   As such, BOH is entitled to payment of $137,434.50, which consists of the difference between what the Brusers have paid between October 2014 and December 2015, including the applicable GET.

## III. <u>Attorneys' Fees and Costs</u>

"A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees." <u>Au v. Funding Group, Inc.</u>, Civil No. 11-00541 SOM-KSC, 2013 WL 1154211, at *2 (D. Hawai`i Feb. 19, 2013) (citing <u>Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001)).   Haw. Rev. Stat. § 607-14 governs the award of attorneys' fees under Hawai`i law, and allows for the award of attorneys' fees "in three types of cases:  (1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee." <u>Eastman v. McGowan</u>, 86 Hawai`i 21, 31, 946 P.2d 1317, 1327 (1997).

Further, § 607-14 states that any award of attorneys' fees is "to be paid by the losing party" and "taxed as attorneys' fees."  "[I]n order to be deemed the prevailing party for

purposes of § 607-14," the moving party "must have obtained final judgment in their favor." BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc., Civil No. 09-00181 LEK-KSC, 2015 WL 881577, at *7 (D. Hawai`i Feb. 27, 2015).

> The CCD states, in pertinent part:
>
> 12. Lessors' Costs and Expenses.  In case of any breach by Apartment Owner of Apartment Owner's covenants herein contained, Lessor may at any time without notice cure such breach for the account and at the expense of Apartment Owner. **Apartment Owner will pay to Lessor all costs and expenses, including reasonable attorneys' fees incurred or paid by Lessor** in enforcing any of the covenants and conditions herein contained, in curing any breach by Apartment Owner of its covenants herein contained, in recovering possession of the demised premises or any part thereof or in collecting any delinquent rent, taxes, or other charges hereunder payable to Apartment Owner. . . .

[Emphasis added.]  The Court has found that the Brusers violated the CCD by not paying the Trustee Fee as determined by the state court.  Under the CCD, therefore, BOH, as Lessor, is entitled to attorneys' fees and costs.[10]  BOH may also be entitled to prejudgment and postjudgment interest.  "The general rule is that '[i]n diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by

---

[10] Given the 7/21/15 Order and the Stipulation, the instant decision addresses a claim brought only by BOH.  To the extent that any other parties to this action believe that they are entitled to attorneys' fees and costs, each must file a motion pursuant to Federal Rule of Civil Procedure 54(d) and Rule 54.3 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

federal law.'" <u>Jou v. Adalian</u>, Civil No. 09-00226 JMS-BMK, 2015 WL 477268, at *7 n.7 (D. Hawai`i Feb. 5, 2015) (alteration in Jou) (quoting <u>Am. Tel. & Tel. Co. v. United Computer Sys., Inc.</u>, 98 F.3d 1206, 1209 (9th Cir. 1996)).  The Court, however, need not address these issues, or the specific amount of attorneys' fees, until BOH files the appropriate motion, pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.3.  Likewise, the Court need not address any taxable costs unless and until BOH files the appropriate motion pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2.

<u>CONCLUSION</u>

The foregoing is an outline of the Court's decision. Citations to the record were provided for ease of reference and are not intended to be exclusive.  Where there is a typographical or other error to, or omission of, the record, the parties should seek and annotate the relevant portion.  BOH is instructed to prepare the proposed FOF/COL and to annotate the findings of fact to the portions of the record and the trial transcript that are consistent with the Court's outline herein.  BOH shall prepare and serve the proposed FOF/COL by no later than **March 22, 2016**, and the Brusers shall prepare and serve alternatives to those portions of the proposed FOF/COL to which they object by no later than **April 12, 2016**.  The Court thereafter will issue its FOF/COL.

16

In the event that the parties do not prepare and serve proposed FOF/COL as ordered, this outline shall be deemed the Court's findings of fact and conclusions of law.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 19, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAII, ET AL., ETC;**
**CIVIL 14-00387 LEK-KSC; COURT'S DECISION**