IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID BRUSER and LYNN ) BRUSER, Trustees under that ) certain unrecorded Revocable ) Living Trust Agreement dated ) July 11, 1988, as amended, ) doing business as Discovery ) Bay Center, ) )         Plaintiffs, ) )     vs. ) ) BANK OF HAWAII, a Hawaii ) corporation, as Trustee, as ) successor by merger with ) Hawaiian Trust Company, ) Limited, a former Hawaii ) corporation and as successor ) Trustee under that certain ) Trust Agreement dated June 6, ) 1974, ) )         Defendant, ) _____ )     vs. ) ) JULIE G. HENDERSON, as ) Trustee of the Julie G. ) Henderson Irrevocable Trust, ) and as Trustee of the Jean K. ) Gowans Irrevocable Trust, and ) as Trustee of the Louis L. ) Gowans, Jr. Irrevocable ) Trust; RICHARD L. GOWANS, as ) Trustee of the Richard L. ) Gowans Irrevocable Trust; ) KEVIN I. YOKOHAMA; ) ASSOCIATION OF APARTMENT ) OWNERS OF DISCOVERY BAY; ) SUSAN SHEETZ; and PATRICIA ) SHEETZ BOW, ) )     Intervening Defendants. ) _____ ) | CIVIL NO. 14-00387 LEK-RLP |

```
BANK OF HAWAII, a Hawaii          )
corporation, as Trustee, as       )
successor by merger with          )
Hawaiian Trust Company,           )
Limited, a former Hawaii          )
corporation and as successor      )
Trustee under that certain        )
Trust Agreement dated June 6,     )
1974.                             )
                                  )
     Counterclaim Plaintiff,      )
                                  )
     vs.                          )
                                  )
MICHAEL DAVID BRUSER and LYNN     )
BRUSER, Trustees under that       )
certain unrecorded Revocable      )
Living Trust Agreement dated      )
July 11, 1988, as amended,        )
doing business as Discovery       )
Bay Center,                       )
                                  )
     Counterclaim Defendants.     )
_____    )
```

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

This case came before the Court for a bench trial on February 2, 2016, with Plaintiffs/Counterclaim Defendants Michael David Bruser and Lynne Bruser ("the Brusers") represented by Gary Victor Dubin, Esq.  Defendant/Counterclaim Plaintiff Bank of Hawai`i, as successor Trustee under that certain Trust Agreement dated June 6, 1974 ("BOH"), was represented by Johnathan Bolton, Esq.  Defendants/Counterclaim Plaintiffs Julie G. Henderson, Trustee of the Julie G. Henderson Irrevocable Trust; Julie G. Henderson, Trustee of the Jean K. Gowans Irrevocable Trust; Julie G. Henderson, Trustee of the Louis L. Gowans, Jr., Irrevocable Trust; and Richard L. Gowans, Trustee of

the Richard L. Gowans Irrevocable Trust (collectively "the Henderson/Gowans") were represented by Corey Y.S. Park, Esq. Defendants/Counterclaim Plaintiffs Kevin I. Yokoyama, Trustee of the Kevin I. Yokoyama Trust and the Irvine K. Yokoyama, Jr. Trust (collectively "Yokoyama") were represented by Christopher J.I. Leong, Esq.  Defendants/Counterclaim Plaintiffs Susan Sheetz and Patricia Sheetz Bow (collectively "Sheetz Bow") were represented by Robert Bruce Graham, Jr., Esq.  Finally, Defendant/Counterclaim Plaintiff the Association of Apartment Owners of Discovery Bay ("AOAO") was represented by Andrew V. Beaman, Esq.  The Court, having considered the pleadings, the exhibits admitted into evidence, and the arguments and representations of counsel, makes the following Findings of Fact and Conclusions of Law and Order pursuant to Fed. R. Civ. P. 52. The Court FINDS in favor of BOH, the Henderson/Gowans, Yokoyama, Sheetz Bow, and AOAO.  Any finding of fact that should more properly be deemed a conclusion of law and any conclusion of law that should more properly be deemed a finding of fact shall be so construed.

## BACKGROUND

This matter originally arose out of a dispute regarding liability for payment of trustee fees.  On August 29, 2014, the Brusers filed their Complaint for Declaratory Judgment ("Complaint") against BOH.  [Dkt. no. 1.]  BOH filed its

3

counterclaims against the Brusers on January 28, 2015 ("BOH Counterclaim"). [Dkt. no. 34.]

While the Brusers' Complaint was filed against a single defendant (that is, BOH), several parties sought permission to intervene as defendants and, upon being granted intervention, they filed their own respective counterclaims: on March 13, 2015, the Henderson/Gowans were permitted to intervene as defendants, and on March 20, 2015, they filed their answer to the Complaint and a counterclaim against the Brusers ("Henderson/Gowans Counterclaim"). [Dkt. nos. 41, 42.] On March 27, 2015, Yokoyama, Sheetz Bow, and AOAO were permitted to intervene as defendants. [Dkt. nos. 43–45.] Yokoyama filed an answer to the Complaint and a counterclaim on April 2, 2015 ("Yokoyama Counterclaim"), [dkt. no. 46,] and Sheetz Bow and AOAO filed their respective answers to the Complaint and counterclaims on April 3, 2015 ("Sheetz Bow Counterclaim" and "AOAO Counterclaim") [dkt. nos. 47, 48].

The Complaint seeks declaratory judgment that the Brusers are, *inter alia*: not liable for the payment of the trustee fees ("Trustee Fee") under the Trust Agreement dated June 6, 1974 ("Trust Agreement");[1] or, in the alternative, only liable for the actual percentage of their undivided interest or

---

[1] The Trust Agreement was admitted into evidence as Tr. Exh. D-1.

4

only reasonable fees as determined at trial.  In addition, they seek additional relief such as an accounting, and reasonable attorneys' fees and costs.

The BOH Counterclaim has five claims: (1) declaratory judgment that, pursuant to the Condominium Conveyance Document, dated December 1, 1976 ("CCD"),[2] the Brusers are obligated to pay the Trustee Fee as determined under the Trust Agreement; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; (4) breach of the covenant of good faith and fair dealing; and (5) recovery of attorneys' fees and costs incurred as a result of enforcing the CCD pursuant to the terms of the Trust Agreement.

The AOAO Counterclaim contains four claims: (1) declaratory judgement that the Brusers are obligated to pay the Trustee Fee as determined under the Trust Agreement and/or the CCD; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; and (4) breach of the covenant of good faith and fair dealing.

The Sheetz Bow Counterclaim, Yokoyama Counterclaim, and Henderson/Gowans Counterclaim each contains a single claim for declaratory relief that the Brusers are in breach of the CCD and/or the Trust Agreement for failing to pay the Trustee Fee.

---

[2] The CCD was admitted into evidence as Tr. Exh. D-8.

5

On April 16, 2015, BOH filed its Motion for Partial Summary Judgment as to its First Counterclaim Against Plaintiffs/Counterclaim Defendants ("Motion"). [Dkt. no. 50.] On July 21, 2015, this Court issued its Order Granting Defendant/Counterclaim Plaintiff Bank of Hawaii's Motion for Partial Summary Judgment as to its First Counterclaim Against Plaintiffs/Counterclaim Defendants, and Joinder of Intervenor Defendant Association of Apartment Owners of Discovery Bay; and Denying the Other Joinders Thereto ("7/21/15 Order"). [Dkt. no. 88.[3]]  The Motion sought summary judgment only on BOH's first counterclaim, which focused entirely on the CCD.  The Court agreed with BOH, stating "the plain language of the CCD requires payment of fees under the Trust Agreement, which includes the Trustee Fee."[4]  Bruser v. Bank of Hawai`i, Civil No. 14-00387 LEK-KSC, 2015 WL 4469850, at *4 (D. Hawai`i July 21, 2015).

The Court also stated that it "does not interpret Paragraph 12 of the CCD in the context of the Trustee Agreement

---

[3] The 7/21/15 Order is also available at 2015 WL 4469850.

[4] More specifically, the Court concluded "that the plain and ordinary meaning of the terms of the Apartment Deed [see infra at pg. 11,] and the CCD require the Brusers to pay 'all fees and expenses' as provided by the Trust Agreement," Bruser, 2015 WL 4469850, at *5 (citing Cho Mark Oriental Food v. K & K Intern., 73 Haw. 509, 520, 836 P.2d 1057, 1064 (1992)), and that there is no ambiguity in the terms of the Apartment Deed or the CCD, id. (citing Airgo v. Horizon Cargo Transp., 66 Haw. 590, 594, 670 P.2d 1277, 1280 (1983)).

as a whole," and "makes no judgment as to what the Trustee Fee should be, who must mutually agree to it, and what is reasonable." Id. at *5. Further, in an Entering Order filed on January 8, 2016 ("1/8/16 EO"), and in light of the 7/21/15 Order, the Court explained that it

> may not act as an appellate court and review the state probate court's rulings related to the Trust Agreement. Therefore, it must dismiss as a matter of law, pursuant to the Rooker-Feldman doctrine,[5] any claims related to the interpretation of the Trust Agreement or the reasonableness of the trustee fees, including: the Brusers' claim seeking declaratory judgment that the Trust Agreement does not hold them liable for payment of trustee fees; and BOH and AOAO's counterclaims for breach of the Trust Agreement.

[1/8/16 EO at 4.]  As such, only the following claims remained:

> As to the Complaint, there are no remaining claims.
>
> As to the BOH Counterclaim, there are three remaining claims for the jury to decide: (1) breach of contract under the CCD; (2) breach of the covenant of good faith and fair dealing as to the CCD only; and (3) whether BOH incurred costs and expenses in enforcing the CCD, and, if so, in what amount(s).
>
> As to the AOAO Counterclaim, there are two remaining claims for the jury to decide: (1) breach of contract under the CCD; and (2) breach of the covenant of good faith and fair dealing of the CCD.
>
> As to the Sheetz Bow Counterclaim, Yokoyama Counterclaim, and Henderson/Gowans Counterclaim,

---

[5] The Rooker-Feldman doctrine is set forth in:  D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).

> there is a single claim for the jury to decide,
> which is whether the Brusers are in breach of the
> CCD for failing to pay trustee fees.

[Id. at 3-4.]

On January 20, 2016, the Brusers filed a Notice of
Withdrawal of Jury Trial Demand. [Dkt. no. 150.] The same day,
the Henderson/Gowans, AOAO, Yokoyama, BOH, and Sheetz Bow all
filed statements of no opposition. [Dkt. nos. 145-49.] In an
Entering Order filed on January 25, 2016, and pursuant to Federal
Rules of Civil Procedure 38(d) and 39(a)(1), the Court withdrew
the Brusers' jury demand. [Dkt. no. 152.] Finally, in a
stipulation filed on February 2, 2016 ("Stipulation"): BOH
stipulated to dismiss its third and fourth counterclaims without
prejudice;[6] AOAO stipulated to dismiss its second, third, and
fourth counterclaims without prejudice; and the Henderson/Gowans,
Yokoyama, and Sheetz Bow stipulated to dismiss their claims for
declaratory relief that the Brusers breached the Trust Agreement
without prejudice. [Dkt. no. 179 at ¶¶ 1-4.] The only remaining
claims in the instant matter are therefore: BOH's second
counterclaim for breach of contract under the CCD; and the
Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow's claim for
declaratory relief that the Brusers are in breach of the CCD for

---

[6] BOH also stipulated to seek recovery of "attorneys' fees, expenses, and costs" by filing a separate motion. [Stipulation at ¶ 4.]

failing to pay the Trustee Fee.

## I.  **Findings of Fact**

The Court makes the following findings of fact based upon the undisputed witness testimony and exhibits submitted by BOH and AOAO.

### A.  **The Trustee Agreement, CCD, and the Commercial Unit**

1.  The Trust Agreement, dated June 6, 1974, was executed by various parties, including MEPC Properties (Hawaii) Inc. ("MEPC"),[7] as settlors; the Hawaiian Trust Company, Ltd. ("Hawaiian Trust"), as trustee; and MEPC as lessee.  It was filed in the Office of the Assistant Registrar of the Land Court of the State of Hawai`i as Land Court Document No. 687964, as subsequently amended.[8]  The trust res consisted of cash and the leased fee interests in the parcels that underlie Discovery Bay.[9]

---

[7] When the Trust Agreement was executed, MEPC was named Mainline-MEPC Properties (Hawaii), Inc., and was renamed MEPC Properties (Hawaii) Inc. soon thereafter.  See Trust Agreement at 1; Tr. Exh. D-5 (Certificate of Amendment noting name change).

[8] The Trust Agreement was amended by a First Amendment of Trust Agreement, dated 11/27/74, a Second Amendment of Trust Agreement, dated 11/27/74, and a Third Amendment of Trust Agreement, dated 12/15/76, filed as Land Court Document Nos. 705673, 707915, and 794650, respectively.  See Exh. D-1 to D-4. It is undisputed that the amendments did not modify paragraph eleven of the Trust Agreement.

[9] Discovery Bay consists of 666 leasehold units (each individually hereinafter, "Unit").  Each Unit is held by an "Apartment Owner" under the terms and conditions of a separate condominium conveyance document for that Unit, as each such condominium conveyance document may have been subsequently
(continued...)

[Trust Agreement, Exh. A-B (describing the land parcels).]

2.  In a paragraph titled "Trustee's Fees," the Trust Agreement provides:

> **The Trustee shall be entitled to such reasonable fees as from time to time may be mutually agreed upon.**  In addition to said reasonable fees, the Trustee shall have the right to incur such expenses and to be reimbursed by the Lessee as provided for by the leases; and to incur such expenses and be reimbursed for extraordinary services.  **The Lessee or its assigns will pay the Trustee's fee** and expenses until December 31, 2039 or the earlier termination of this trust.

[Trust Agreement at ¶ 11 (emphases added).]

3.  The CCD pertains to the only commercial unit out of the 666 units in Discovery Bay ("Commercial Unit").  It was entered into on December 1, 1976, by Hawaiian Trust, as Trustee, and MEPC, as the Apartment Owner of the Commercial Unit.  The CCD refers to the Trustee as the "Lessor."  It was executed on December 15 and 16, 1976.  [CCD at 1, 3, 5, 34-36.]

4.  Section IV of the CCD, titled "Lessors' Costs and Expenses," provides that "[t]he Apartment Owner shall also pay to the Lessor **all fees and expenses charged or incurred by the Lessor as Trustee** under the terms of said Trust Agreement dated June 16, 1974, as amended, as the same become due or are

---

[9](...continued)
assigned.  <u>See</u> Tr. Exh. D-42 (Decl. of Denise Hearn, Vice President of BOH and Trust Officer for the Trust Agreement) ("Hearn Decl."), at ¶ 4.

incurred." [CCD at 14-15 (emphasis added).]  The CCD, thus, specifies the parties' obligations owed to each other and makes clear that the Commercial Unit owner is obligated to pay all of the Trustee's Fees under the underlying Trust Agreement.

5.  BOH and Hawaiian Trust Company merged, and BOH is the current trustee of the Trust Agreement.  [Tr. Exh. D-11 (Settlement and Release Agreement in Bruser v. Bank of Hawai`i, CV 01-00340 DAE-BMK) ("Settlement"), at 6 (signature line explaining that BOH is "the successor by merger to Hawaiian Trust Company, Limited").]  MEPC was renamed 1778 Ala Moana Properties, Inc. in 1983 ("1778 Ala Moana").  [Tr. Exh. D-6 (Certificate of Amendment noting name change).]

6.  On or about December 11, 1984, the Brusers purchased the Commercial Unit from 1778 Ala Moana, and, on December 14, 1984, they executed an Apartment Deed and Assignment of Ground Conveyance and Lessor's Interest in Tenant Leases ("Apartment Deed").[10]  [Tr. Exh. D-9.]

7.  In the Apartment Deed, the Brusers agreed to, *inter alia*:

> pay all rents payable under the Ground Conveyance as set forth in the [CCD] when the same become due and payable, . . . **pay all other costs, expenses, assessments and charges payable by the apartment owner as set forth in the [CCD]**, . . . [and]

---

[10] 1778 Ala Moana was dissolved involuntarily by the State of Hawai`i, Department of Commerce and Consumer Affairs in 1990. [Tr. Exh. D-7 (Certificate of Involuntary Dissolution).]

> observe, perform, comply with and abide by the
> Declaration of Horizontal Property Regime, as
> amended, and the By-Laws . . . .

[Apartment Deed at 3 (emphasis added).]

8.    On February 23, 1989, the Brusers conveyed their

individual interests in the Commercial Unit to themselves as

trustees of their Revocable Living Trust Agreement dated July 11,

1988 ("Living Trust") through a quitclaim deed ("Quitclaim

Deed").  [Tr. Exh. D-10.]

9.    In the Quitclaim Deed, the Brusers – as trustees of

the Living Trust – agreed to, *inter alia*:

> pay all rents payable under the Ground Conveyance
> as set forth in said [CCD] when the same become
> due and payable, **and all other costs, expenses,**
> **assessments and charges payable by the apartment**
> **owner as set forth in said [CCD]**, . . . and will
> observe, perform, comply with and abide by the
> Declaration of Horizontal Property Regime, as
> amended, and the By-Laws . . . .

[Quitclaim Deed at 3.]

10.    The Apartment Deed and the Quitclaim Deed

undisputedly require payment under the CCD, and the CCD purports

to bind the Brusers under the Trust Agreement.

       **B.    The Trustee Fee Litigation**

11.    In a previous dispute over trustee fees between

the Brusers and BOH that came before this district court in 2001,

the parties executed a settlement agreement in which the Brusers

12

agreed to pay a monthly fee of $1,100.[11]  In the Settlement, BOH reserved its right to increase the Trustee Fee, and the Brusers did not waive their right to object to any such increases. [Settlement at ¶ 3.1.]

12.  On January 28, 2014, BOH as Trustee initiated the Trust Litigation in the Circuit Court of the First Circuit, State of Hawai`i,[12] in which it included the Brusers as "interested persons."  [Tr. Exh. D-12.]

13.  Although BOH initially sought to resign as Trustee, at the urging of the state court, BOH and the beneficiaries eventually sought to address BOH's concerns through, *inter alia*, addressing the "reasonable fees" under the Trust Agreement.[13]  On April 17, 2015, the state court approved an increase in the Trustee Fee to $9,850 as a reasonable monthly

---

[11] From this Court's review of the docket in <u>Bruser v. Bank of Hawai`i</u>, CV 01-00340 DAE-BMK, it does not appear that any substantive decisions were made prior to the Brusers' voluntary dismissal of all claims against BOH on August 22, 2001.

[12] The Trust Litigation refers to the "ongoing state probate court proceedings related to the Trust Agreement."  <u>Bruser</u>, 2015 WL 4469850, at *2.  Among other things, BOH petitioned for its resignation, appointment of a successor trustee, reformation of the trust, and approval of trustee accounts from January 2008 through December 2013.  [Tr. Exh. D-12.]

[13] The Trust Litigation was consolidated with a related petition and is now designated <u>In the Matter of Trust Agreement dated June 6, 1974, as Amended</u>, T. No. 14-1-0019 and T. No. 14-4-0097.  [Tr. Ex. D-37 (Trust Litigation docket).]

fee for a five-year period beginning October 1, 2014.[14]  [Tr. Exh. D-31.]

14.  Both AOAO and the Brusers appealed the state court's rulings, including its conclusion that it had jurisdiction to determine a reasonable fee and its finding that $9,850 was reasonable.[15]  [Tr. Exh. D-37, D-38 (Trust Litigation docket).]

15.  The CCD states, in pertinent part, that if the "Apartment Owner shall fail to observe or perform faithfully any of the other covenants or agreements herein contained . . . and such failure shall continue for a period of thirty (30) days after written notice thereof given to the Apartment Owner or mailed to his last-known address[,]" the "Lessor shall have a lien with a power of sale on the Apartment and undivided interest

---

[14] The Brusers actively participated in the state court proceedings by, *inter alia*:  filing three responsive pleadings leading up to the September 11, 2014 hearing; [Tr. Exh. D-13 to D-15;] requesting a continuance of a particular hearing to accommodate their counsel's schedule; [Tr. Exh. D-16;] and filing a motion for reconsideration [Tr. Exh. D-17.]

[15] On February 10, 2016, the Brusers notified the Court ("2/10/16 Notice") that they filed a motion for certification to the Hawai`i Intermediate Court of Appeals and a motion for stay pending appeal in the Trust Litigation.  [Filed 2/10/16 (dkt. no. 180).]  On April 12, 2016, the Brusers filed a motion to stay all proceedings in this Court ("Federal Motion to Stay"), [dkt. no. 186,] which this Court denied in an Entering Order filed on April 14, 2016 [dkt. no. 190].  The Federal Motion to Stay included a copy of the state court's minute order denying the Brusers' motion to stay the state court proceedings pending appeal.  <u>See</u> Federal Motion to Stay, Exh. E, at 4.  Thus, the Brusers have not obtained a stay in state court or federal court.

in the common elements exclusive of land, and on Apartment Owner's leasehold interest in the land hereby demised."  [CCD at 29-30.]

16.  The Brusers have refused to pay the Trustee Fee approved by the state court since it went into effect in October 2014, and have instead continued to pay the former Trustee Fee of $1,100 per month, plus the applicable General Excise Tax ("GET"). [Tr. Exh. D-41 (Lease Ledger showing amount of unpaid Trustee Fee from October 2014 through December 2015) ("Ledger"); Hearn Decl. at ¶ 9.]

17.  On October 22, 2014, the Trustee provided written notice to the Brusers informing them that their failure to pay the increased Trustee Fee ordered by the state court would "constitute an event of default" under the CCD.  [Tr. Exh. D-34.]

18.  On December 9, 2014, BOH provided the Brusers with written notice that their failure to pay the increased Trustee Fee was "an event of default" under the CCD, and that, as a result, BOH has "a lien against the leasehold estate for all unpaid amounts."  [Tr. Exh. D-35.]

## II.  Conclusions of Law

### A.  Jurisdiction and Venue

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 1367(a).  Venue is proper pursuant to 28 U.S.C. § 1391(2).

**B.   The Brusers Breached the CCD**

1.  This Court has stated:

> To prevail on a claim for breach of contract, a
> party must prove:  (1) the contract at issue;
> (2) the parties to the contract; (3) whether
> Plaintiff performed under the contract; (4) the
> particular provision of the contract allegedly
> violated by Defendants; and (5) when and how
> Defendants allegedly breached the contract.

Evergreen Eng'g, Inc. v. Green Energy Team LLC, 884 F. Supp. 2d

1049, 1059 (D. Hawai`i 2012) (citation and internal quotation

marks omitted).

2.   The CCD is a valid contract that binds the Brusers

and BOH.  Further, this Court has already found that "the plain

language of the CCD requires payment of fees under the Trust

Agreement, which includes the Trustee Fee."  See Bruser, 2015 WL

4469850, at *4.

3.   It is undisputed that the Brusers refused to pay

the Trustee Fee of $9,850, and have instead continued to pay the

former Trustee Fee of $1,100.  The Brusers therefore freely admit

that they have not performed under the CCD, and BOH is entitled

to judgment in its favor on its second counterclaim.

**C.   Declaratory Judgment**

1.   Given the Court's ruling on BOH's second

counterclaim for breach of the CCD, the Henderson/Gowans, AOAO,

Yokoyama, and Sheetz Bow are entitled to a declaratory judgment

that the Brusers breached the CCD and are liable for the amount of the unpaid Trustee Fee.

**D.**   **Award**

1.   The Brusers have breached the CCD.  As such, BOH is entitled to payment of $137,434.50, which consists of the difference between what the Brusers have paid between October 2014 and December 2015 and what they were obligated to pay under the CCD.  This amount also includes the applicable GET. See Ledger.

**E.**   **Attorneys' Fees and Costs**

1.   "A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees."  Au v. Funding Group, Inc., Civil No. 11-00541 SOM-KSC, 2013 WL 1154211, at *2 (D. Hawai`i Feb. 19, 2013) (citing Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001)).

2.   Haw. Rev. Stat. § 607-14 governs the award of attorneys' fees under Hawai`i law, and allows for the award of attorneys' fees "in three types of cases:  (1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee." Eastman v. McGowan, 86 Hawai`i 21, 31, 946 P.2d 1317, 1327 (1997).

3.   Section 607-14 states that any award of attorneys'
fees is "to be paid by the losing party" and "taxed as attorneys'
fees."

4.   "[I]n order to be deemed the prevailing party for
purposes of § 607-14, [a party] must have obtained final judgment
in their favor." BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.,
Civil No. 09-00181 LEK-KSC, 2015 WL 881577, at *7 (D. Hawai`i
Feb. 27, 2015).

5.   The CCD states, in pertinent part:

> In case of any breach by Apartment Owner of
> Apartment Owner's covenants herein contained,
> Lessor may at any time without notice cure such
> breach for the account and at the expense of
> Apartment Owner. **Apartment Owner will pay to
> Lessor all costs and expenses, including
> reasonable attorneys' fees incurred or paid by
> Lessor** in enforcing any of the covenants and
> conditions herein contained, in curing any breach
> by Apartment Owner of its covenants herein
> contained, in recovering possession of the demised
> premises or any part thereof or in collecting any
> delinquent rent, taxes, or other charges hereunder
> payable to Apartment Owner. . . .

[CCD at 14. (emphasis added).]

6.   The Court has found that, by refusing to pay the
full amount of the Trustee Fee, the Brusers violated the CCD.
Under the CCD, therefore, BOH, as Lessor, is entitled to
attorneys' fees and costs.

7.   The Henderson/Gowans, Yokoyama, Sheetz Bow, and
AOAO may also be entitled to attorneys' fees and costs, pursuant
to Hawai`i law.

8.  BOH may also be entitled to prejudgment and postjudgment interest.  "The general rule is that '[i]n diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law.'"  <u>Jou v. Adalian</u>, Civil No. 09-00226 JMS-BMK, 2015 WL 477268, at *7 n.7 (D. Hawai`i Feb. 5, 2015) (alteration in <u>Jou</u>) (quoting <u>Am. Tel. & Tel. Co. v. United Computer Sys., Inc.</u>, 98 F.3d 1206, 1209 (9th Cir. 1996)).

9.  The Court, however, needs to address neither these issues nor the specific amount of attorneys' fees until the parties file the appropriate motion, pursuant to Fed. R. Civ. P. 54(d)(2) and Rule 54.3 of the Local Rules of Practice for the United States District Court for the District of Hawai`i ("Local Rules").

10.  Likewise, the Court need not address any taxable costs unless and until the parties file the appropriate motion pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2.

## ORDER

AND NOW, following the conclusion of a bench trial in this matter, and in accordance with the foregoing Findings of Fact and Conclusions of Law, it is HEREBY ORDERED that judgment shall enter in favor of BOH, the Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow as follows:

19

(1) The Court finds in favor of BOH on their second counterclaim for breach of contract under the CCD.

(2) The Court finds in favor of the Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow on their claims for declaratory relief and finds that, under the CCD, the Brusers are liable for the total amount of the unpaid Trustee Fee.

(3) The Court awards $137,434.50 to BOH, which consists of the difference between what the Brusers owed and what they paid between October 2014 and December 2015, including the applicable GET.

(4) Any party that believes this amount is in error may file a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e).

(5) Pursuant to the CCD, the Court awards attorneys' fees and costs to BOH.  BOH, and any other party that believes it is entitled to attorneys' fees and costs must submit the appropriate motion within fourteen days of entry of judgment.  Thereafter, the Court will refer the matter to the magistrate judge for determination of the amount of the award.

(6) The Court directs the Clerk's Office to enter judgment in favor of BOH, the Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow as set forth herein.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 28, 2016.



　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAII, ET AL., ETC;
CIVIL 14-00387 LEK-RLP; FINDINGS OF FACT AND CONCLUSIONS OF LAW
AND ORDER**