IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MICHAEL DAVID BRUSER, ET AL.,  )   CIVIL NO. 14-00387 LEK-RLP
                               )
          Plaintiffs,          )   FINDINGS AND RECOMMENDATION TO
     vs.                       )   (1) GRANT IN PART AND DENY IN
                               )   PART BANK OF HAWAII'S MOTION FOR
                               )   ATTORNEYS' FEES AND COSTS; AND
BANK OF HAWAII,                )   (2) GRANT IN PART AND DENY IN
                               )   PART ASSOCIATION OF APARTMENT
          Defendant.           )   OWNERS OF DISCOVERY BAY'S MOTION
                               )   FOR ATTORNEYS' FEES AND COSTS
                               )
_____)


   FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY
 IN PART BANK OF HAWAII'S MOTION FOR ATTORNEYS' FEES AND COSTS;
AND (2) GRANT IN PART AND DENY IN PART ASSOCIATION OF APARTMENT
 OWNERS OF DISCOVERY BAY'S MOTION FOR ATTORNEYS' FEES AND COSTS

          Before the Court is (1) Defendant/Counterclaim

Plaintiff Bank of Hawaii, As Trustee's ("BOH") Motion for Award

of Attorneys' Fees and Costs ("BOH's Motion"); and (2)

Intervener Defendant/Counterclaim Plaintiff Association of

Apartment Owners of Discovery Bay's ("AOAO") Motion for Award of

Attorneys' Fees and Costs ("AOAO's Motion").  ECF. Nos. 194,

195, 197.  After carefully considering the submissions of the

parties and the relevant legal authority, the Court FINDS AND

RECOMMENDS that BOH's Motion be GRATNED IN PART AND DENIED IN

PART; and that AOAO's Motion be GRANTED IN PART AND DENIED IN

PART.

/ / /

/ / /

BACKGROUND

This action involves a contract dispute over the amount of trustee fees Plaintiffs are required to pay to BOH under the parties' trust agreement.  See ECF No. 192 at 3-4. From October 2014 through December 2015, Plaintiffs paid $1,100 per month in fees, while BOH asserted that Plaintiffs were obligated to pay $9,850 per month.  See id. at 15-17.  On August 29, 2014, Plaintiffs filed suit seeking declaratory judgment that they were not liable to BOH for any additional fees.  ECF No. 1.  BOH filed a counterclaim for: (1) declaratory judgment that pursuant to the parties' Condominium Convey and Document (the "CCD"), the Plaintiffs were liable for additional fees as set by the trust agreement; (2) breach of contract of the CCD; (3) breach of contract of the trust agreement; (4) breach of the covenant of good faith and fair dealing; and (5) attorneys' fees and costs.  ECF No. 34.

AOAO intervened as third-party defendants and counterclaimants, largely reiterating BOH's counterclaims.[2]  ECF No. 48.  BOH moved for partial summary judgment on its declaratory action that Plaintiffs owed additional trustee fees

---

[2]  AOAO claimed:  (1) declaratory judgment that Plaintiffs owed the additional trustee fees under the CCD and/or trust agreement; (2) breach of contract of the CCD; (3) breach of contract of the trust agreement; and (4) breach of the covenant of good faith and fair dealing.  ECF No. 48.  Other parties intervened as well, but do not seek attorneys' fees.  Id.

under the CCD.  ECF No. 50.  The motion was granted on July 21,
2015.  ECF No. 88.  The court then dismissed all claims arising
under the trust agreement for lack of jurisdiction.  ECF No. 128
at 4.  As the case proceeded toward trial, AOAO and BOH each
dismissed a number of their remaining claims.  ECF No. 194 at
12-13.  On February 2, 2016, the court held a bench trial on the
two remaining claims:  BOH's claim for breach of contract under
the CCD and AOAO's claim for declaratory judgment that
Plaintiff's breached the CCD.  ECF No. 192 at 8.  On June 28,
2016, the Court issued its Findings of Fact and Conclusions of
Law, finding that Plaintiffs breached the CCD.  ECF No. 192.
The court awarded BOH $137,434.50 in damages.  Id. 192 at 20.
Judgment was entered for BOH and AOAO.  ECF No. 193.

       After judgment was entered, BOH and AOAO each filed
motions for attorneys' fees and costs.  ECF Nos. 194, 195.
Plaintiffs moved to strike these motions, which the Court
denied.  ECF Nos. 203, 204.  Plaintiffs then filed two motions
for extensions of time to respond to the motions, which were
both granted.  ECF Nos. 206, 207, 208, 209.  Although Plaintiffs
were given until September 13, 2016 to file a response,
Plaintiffs did not file any response to the motions.

<u>ANALYSIS</u>

       In diversity cases such as this, federal courts apply
state law to determine whether to award attorneys' fees.  <u>Kona</u>

3

Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir.
2000); see also 28 U.S.C. § 1332. Under Hawaii law, reasonable
attorneys' fees are awarded to the prevailing parties in "all
actions in the nature of assumpsit." Haw. Rev. Stat. § 607-14.
This statute caps the award at twenty-five percent of the
judgment. Id. Thus, to award attorneys' fees under this
statute, the court must determine whether: (1) the action is in
the nature of assumpsit; (2) the movant is the prevailing party;
(3) the fees are reasonable; and (4) the fees do not exceed
twenty-five percent of the judgment. Sheehan v. Centex Homes,
853 F. Supp. 2d 1031, 1038 (D. Haw. 2011).

**I.  Assumpsit Case**

"Assumpsit is a common law form of action which allows
for the recovery of damages for the non-performance of a
contract, either express or implied, written or verbal, as well
as quasi contractual obligations." Kona Enters. Inc., 229 F.3d
at 884 (quoting Leslie v. Estate of Tavares, 994 P.2d 1047, 1051
(Haw. 2000)). An action in the nature of assumpsit includes all
contract claims. Id. This case involves the non-performance of
a contract, namely the CCD. Accordingly, the prevailing parties
may seek attorneys' fees under Hawaii Revised Statutes Section
607-14.

/ /

## II.   Prevailing Parties

For the purposes of awarding attorneys' fees, "the litigant in whose favor judgment is rendered is the prevailing party." Sheehan, 853 F. Supp. 2d at 1039 (quoting Wong v. Takeuchi, 961 P.2d 611, 614 (Haw. 1998)).  BOH was awarded judgment on its claim for declaratory judgment that Plaintiffs owed trustee fees, as well as its breach of contract claim that Plaintiffs breached the CCD.  See ECF No. 192 at 20.  The court awarded BOH $137,434.50 in damages.  Id.  AOAO was awarded judgment on its claim for declaratory judgment that Plaintiffs breached the CCD.  Id.  Plaintiffs did not prevail on any of their claims.  BOH and AOAO are the prevailing parties and are entitled to recover attorneys' fees from Plaintiffs.  See Haw. Rev. Stat. § 607-14.

## III.   Calculation of Reasonable Fees

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983).  See DFS Group v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006).  "Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate." Sheehan, 853 F. Supp. 2d at 1041.

5

### A. BOH

BOH has requested the following for its attorneys[3]:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Jonathan C. Bolton, Esq. | $290.00 | 97.8 | $28,362.00 |
| | $300.00 | 186.4 | $55,920.00 |
| | $350.00 | 93.0 | $32,550.00 |
| Judy Y. Lee, Esq. | $330.00 | 1.9 | $627.00 |
| Vincent A. Piekarski, Esq. | $390.00 | 154.3 | $60,177.00 |
| Ewan C. Rayner, Esq. | $165.00 | 2.1 | $346.50 |
| Lynn M. Hipp, paralegal | $160.00 | 0.7 | $112.00 |
| Susan M. Matejko, legal assistant | $150.00 | 2.2 | $330.00 |
| | | Subtotal | $178,424.50 |
| | 4.712% General Excise Tax | | $8,407.36 |
| | **Total Fees Requested** | | **$186,831.86** |

ECF No. 195 at 10; ECF No. 195-2.

### 1. Reasonable Hourly Rate for BOH Attorneys

---

[3] The hours and fees requested in BOH's Motion differ from those provided in BOH's time entries, even taking into account the hours that were worked but not billed to BOH. Compare ECF No. 195 at 15 with ECF No. 195-2. Additionally, the hourly rates requested for Ms. Hipp and Ms. Matejko differ from the hourly rates apparent from the time entries. Compare ECF No. 195 at 15 (requesting an hourly rate of $125 for each Ms. Hipp and Ms. Matejko), with ECF No. 195-2 at 1 (charging $64 for 0.4 hours of Ms. Hipp's time, indicating an hourly rate of $160; and charging $75.00 for 0.5 hours of Ms. Matejko's time, indicating an hourly rate of $150). The Court construes BOH's fee request from the figures reported in the time entries and from the Court's independent calculations.

First, the Court must determine if the hourly rates requested are reasonable.  In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Webb v. Ada Cty., 285 F.3d 829, 840 (9th Cir. 2002)(citing Chalmers v. City of L.A., 796 F.2d 1205, 1210–11 (9th Cir. 1986)).  Courts may also consider other factors, such as the difficulty and novelty of the issues involved in the case.  Chun v. Bd. of Trs. of Emps. Ret. Sys. of Haw., 106 P.3d 339, 358 (D. Haw. 2005).  "In addition to their own statements, the fee applicant is required to submit additional evidence that the rate charged is reasonable."  Seven Signatures Gen. P'ship v. Irongate Azrep, 871 F. Supp. 2d 1040, 1053 (D. Haw. 2012).

Based on this Court's knowledge of the community's prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court FINDS that the requested hourly rate of $390 for Mr. Piekarski, a senior partner with thirty-eight years of experience, is reasonable.  See ECF No. 195 at 15;  ECF No. 195-1 at 5.  As detailed below, the Court further FINDS the remaining requested rates are excessive and should be adjusted accordingly.

First, for Mr. Bolton, BOH requests an hourly rate of $290 for 2014, $300 for 2015, and $350 for 2016.  ECF No. 195-1

at 4.  Mr. Bolton has been a partner for two years and has
sixteen years of experience.  Id. at 3.  The Court FINDS that
$290 per hour is excessive and that $260 per hour is a
reasonable rate for Mr. Bolton.  See e.g., Shea v. Kahuku Hous.
Found., Inc., No. CV. 09-00480, 2011 WL 1261150, at *6 (D. Haw.
Mar. 31, 2011) (finding that $240 is a reasonable rate for an
attorney with twelve years of litigation experience).

     Second, BOH requests an hourly rate of $330 for Ms.
Lee, a partner with twenty-seven years of experience,
specializing in trust administration and estate planning.  ECF
No. 195 at 15;  ECF No. 195-1 at 6.  The Court FINDS that $330
per hour is excessive and that $300 per hour is a reasonable
rate for Ms. Lee.  See e.g., Ass'n of Apartment Owners of Koko
Isle v. Redmond, No. CV 14-00161, 2014 WL 3956775, at *2 (D.
Haw. Aug. 12, 2014)(finding requested hourly rate of $220
reasonable for an attorney with twenty-five years of
experience).

     Third, BOH requests an hourly rate of $165 for Mr.
Rayner, an associate with two years of experience.  ECF No. 195
at 15;  ECF No. 195-1 at 7.  The Court FINDS that $165 per hour
is excessive and that $150 per hour is a reasonable rate for Mr.
Rayner.  See, e.g., HRPT Properties Trust v. Lingle, 775 F.
Supp. 2d 1225, 1239 n. 13 (D. Haw. 2011)(noting that $130 to

$160 per hour is a reasonable range of rates for attorneys with three years of experience).

Fourth, BOH requests an hourly rate of $160 for Ms. Hipp, a paralegal with over forty years of experience.  See ECF No. 195-2 at 1; ECF No. 195-1 at 7.  The Court FINDS that $160 per hour is excessive and that $110 per hour is a reasonable rate for Ms. Hipp.  See, e.g., Ass'n of Apartment Owners of Koko Isle, 2014 WL 3956775, at *2 (finding requested rate of $105 reasonable for paralegal).

Finally, BOH requests an hourly rate of $150 for Ms. Matejko, a legal assistant with twenty-five years of experience.  See ECF No. 195-2 at 1; ECF No. 195-1 at 8.  The Court FINDS that $150 per hour is excessive and that $100 per hour is a reasonable rate for Ms. Matejko.  See, e.g., Seven Signatures, 871 F. Supp. 2d at 1054 (finding that $85 is a reasonable hourly rate for a paralegal with seventeen years of experience).

### 2.  Hours Reasonably Expended by BOH Attorneys

Second, the Court must determine whether the hours expended in support of litigation were reasonable.  The Court "must subtract hours which were duplicative, unproductive, excessive, or unnecessary."  Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citing Hensley, 461 U.S. at 432–433).  Those subtractions are as follows.

9

### i.  Clerical Work

Clerical work, including correspondence with the court, is part of the attorney's overhead.  Sheehan, 853 F. Supp. 2d at 1044.  It is reflected in the hourly rate rather than the hours billed.  Id.  Accordingly, the Court deducts 1.1 hours from Mr. Bolton's time for correspondence with the court on 11-28-14, 12-1-2014, and 12-2-2014.  ECF No. 195-2 at 2.

### ii.  Duplicate Hours

"The general rule is that two professionals cannot bill for attending the same meeting." Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010).  When this occurs, the court will deduct the time of the lower-billing attorney or paralegal.  See id.  After reviewing the time entries in the case, the Court deducts 7.5 hours from Mr. Bolton's time[4] and 0.4 hours from Ms. Lee's time.[5]

### iii. Excessive Time

Mr. Bolton and Mr. Piekarski together expended over 72 hours on BOH's counterclaim and over 130 hours on BOH's motion for partial summary judgment.  See ECF No. 195-2 at 1-5.  Mr. Bolton and Mr. Piekarski are experienced partners with a

---

[4]  Mr. Bolton's duplicative entries were for meetings occurring on 9-17-2014 and 11-20-2014, and conferences with Mr. Piekarski occurring on 10-28-2014, 2-24-2015, 6-17-2015, and 12-3-2015. ECF No. 195-2 at 1, 2, 4, 5, 7, 8.
[5]  Ms. Lee's duplicative entries were for teleconferences with Mr. Piekarski occurring on 9-24-2015 and 12-2-2015.  ECF No. 195-2 at 7.

combined 54 years of real estate litigation experience. ECF No. 195-1 at 3, 5. The Court finds that spending over 200 hours on these filings is excessive, considering the relative degree of novelty and difficulty of the questions involved, and the skill requisite to properly prepare these two filings. The Court finds that it is appropriate to reduce the hours Mr. Bolton spent on these filings, 92.4, and the hours Mr. Piekarski spent on these filings, 111.2, by twenty percent to account for the excessive billing. This subtracts 18.5 hours from Mr. Bolton's time and 22.2 hours from Mr. Piekarski's time.

### 3. Summary of BOH's Attorneys' Fees

Based on the foregoing, the Court FINDS that the following attorneys' fees are reasonable for BOH:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Jonathan C. Bolton, Esq. | $260.00 | 350.1[6] | $91,026.00 |
| Judy Y. Lee, Esq. | $300.00 | 1.5[7] | $450.00 |
| Vincent A. Piekarski, Esq. | $390.00 | 132.1[8] | $51,519.00 |
| Ewan C. Rayner, Esq. | $150.00 | 2.1 | $315.00 |
| Lynn M. Hipp, paralegal | $110.00 | 0.7 | $77.00 |
| Susan M. Matejko, legal assistant | $100.00 | 2.2 | $220.00 |
| | | Subtotal | $143,607.00 |

---

[6] 377.2 requested hours – 1.1 clerical work – 7.5 duplicate hours – 18.5 excessive time = 350.1
[7] 1.9 requested hours – 0.4 duplicate hours = 1.5
[8] 154.3 requested hours – 22.2 excessive time = 132.1

| | |
|---|---:|
| 4.712% General Excise Tax | $6,766.76 |
| **Total** | **$150,373.76** |

**B. AOAO**

<u>1. Reasonable Hourly Rates for AOAO</u>

AOAO requests the following rates and fees for its attorneys and paralegals:

| Attorney | Rate | Hours | Total |
|---|---:|---:|---:|
| Andrew V. Beaman, Esq. | $425.00 | 87.9 | $37,357.50 |
| | $450.00 | 57.2 | $25,740.00 |
| Andrew W. Char, Esq. | $360.00 | 44.8 | $16,128.00 |
| Danton S. Wong, Esq. | $395.00 | 11.4 | $4,503.00 |
| | $400.00 | 1.6 | $640.00 |
| Adrienne S. Yoshihara, Esq. | $340.00 | 86.7 | $29,478.00 |
| Nathanial A. Higa, Esq. | $285.00 | 4.1 | $1,168.50 |
| | $300.00 | 1.0 | $300.00 |
| Imran Naeemullah, Esq. | $150.00 | 4.9 | $735.00 |
| Alexander R. Rosenblatt, Esq. | $250.00 | 33.1 | $8,275.00 |
| | $275.00 | 16.8 | $4,620.00 |
| Effie A. Steiger, Esq. | $250.00 | 48.8 | $12,200.00 |
| Jennifer Henson, paralegal | $150.00 | 70.0 | $10,500.00 |
| Lauren E. Warfield, paralegal | $195.00 | 144.8 | $28,236.00 |
| Sub-total | | | $179,881.00 |
| Courtesy Discount | | | ($10,954.97) |
| Sub-total | | | $168,926.03 |
| 4.712% General Excise Tax | | | $7,959.79 |
| **Total** | | | **$176,885.82** |

12

ECF No. 194 at 34;  ECF No. 194-1 at 4;  ECF No. 211 at 8-10.

Based on the information provided by counsel, the Court's knowledge of the prevailing rates in the community, the hourly rates awarded in other cases, and the nature of the work performed by AOAO, the Court FINDS that the hourly rate of $150 requested for Mr. Naeemullah, an associate with two years of experience, is reasonable.  See ECF No. 194-6 at 3-4.  As detailed below, the Court further FINDS the remaining requested rates are not reasonable and should be adjusted accordingly.

First, for Mr. Beaman, AOAO requests an hourly rate of $425 for 2014 through 2015 and $450 for 2016.  ECF No. 211 at 8. Mr. Beaman is a partner with thirty-five years of experience in commercial and real estate litigation.  ECF No. 194-1 at 3-4. Counsel provided a copy of a recent State of Hawaii Circuit Court decision awarding fees.  See ECF No. 194-13.  The Court notes that while the state court case awarded fees to three attorneys who provided legal services for eight months, in this instance, Mr. Higa was one of eight attorneys who litigated the case for nearly two years.  See id. at 4-7.  In light of the circumstances of this case, the Court FINDS that $425 per hour is excessive and that a rate of $325 is reasonable for Mr. Beaman.  See, e.g., Yonemoto v. McDonald, No. CV. 11-00533, 2016 WL 2944650, at *7 (D. Haw. May 20, 2016) (adopting the Finding and Recommendation to award an hourly rate of $325 to an

attorney who had over thirty-five years of litigation experience).

Second, AOAO requests an hourly rate of $360 for Mr. Char, a partner with twenty-four years of experience in real estate litigation.  ECF No. 194-2 at 4.  The Court FINDS that $360 per hour is excessive and that $285 per hour is a reasonable rate for Mr. Char.  See, e.g., HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1232 (D. Haw. 2011) ("This court has recently found that $285 per hour is the prevailing rate in this community for attorneys with 20 to 30 years of experience.").

Third, for Mr. Wong, AOAO requests an hourly rate of $395 for 2014 through 2015 and $400 for 2016.  ECF No. 211 at 8. Mr. Wong is a partner with thirty-four years of experience in commercial real estate litigation.  ECF No. 194-3 at 4.  The Court FINDS that $395 per hour is excessive and that $320 per hour is a reasonable rate for Mr. Wong.  See, e.g., Seven Signatures, 871 F. Supp. 2d at 1054 (finding that $350 per hour is a reasonable rate for an attorney with "over thirty-five years litigation experience").

Fourth, AOAO requests an hourly rate of $340 for Ms. Yoshihara, a partner with thirteen years of experience in taxation and real estate litigation and trust and estate planning.  ECF No. 194-4 at 4.  The Court FINDS that $340 per

hour is excessive and that $240 per hour is a reasonable rate
for Ms. Yoshihara.  See, e.g., Harris v. Trash Man, LLC, No. CV.
12-00169, 2013 WL 1932715, at *2  n. 2 (D. Haw. Apr. 16, 2013)
(finding that $275 per hour is a reasonable rate for an attorney
with eighteen years of experience), report and recommendation
adopted, No. CV. 12-00169, 2013 WL 1932710 (D. Haw. May 7,
2013);  Shea, 2011 WL 1261150, at *6 (finding that $240 is a
reasonable rate for an attorney with twelve years of litigation
experience).

        Fifth, for Mr. Higa, AOAO requests an hourly rate of
$285 for 2015 and $300 for 2016.  ECF No. 211 at 9.  Mr. Higa is
an associate with eight years of experience in civil litigation.
ECF No. 194-5 at 4.  The Court has reviewed the state court case
cited by AOAO as well as cases from this court awarding fees to
attorneys who have comparable experience.  ECF No. 194-13.  The
Court FINDS that $285 per hour is excessive and that $200 per
hour is a reasonable rate for Mr. Higa.  See, e.g., Hawaii Def.
Found. v. City & Cty. of Honolulu, No. CV. 12-00469, 2014 WL
2804448, at *5 (D. Haw. June 19, 2014)(finding that $200 is a
reasonable hourly rate for an attorney with nine years of
experience, and that $185 is a reasonable hourly rate for an
attorney with seven years of experience).

        Sixth, for Ms. Rosenblatt, AOAO requests an hourly
rate of $250 for 2014 and $275 for 2015.  ECF No. 211 at 9.  Ms.

Rosenblatt is an attorney with ten years of experience.  ECF No. 211 at 6.  The Court FINDS that $250 per hour is excessive and that $210 per hour is a reasonable rate for Ms. Rosenblatt. See, e.g., Roberts, 2016 WL 3136856, at *4, *7(finding that $200 per hour is a reasonable rate for an attorney with eleven years of experience).

Seventh, AOAO requests an hourly rate of $250 for Ms. Steiger, an associate with nine years of experience in civil litigation.  ECF No. 194-7 at 3-4.  The Court FINDS that $250 per hour is excessive and that $200 per hour is reasonable for Ms. Steiger.  e.g., Hawaii Def. Found., 2014 WL 2804448, at *5 (finding that $200 is a reasonable hourly rate for an attorney with nine years of experience).

Eighth, AOAO requests an hourly rate of $150 for Ms. Henson, a paralegal with fifteen years of experience.  ECF No. 194-8 at 3-4.  Considering the prevailing rates for paralegals in Hawaii, the Court FINDS that $150 per hour is excessive and that $95 per hour is reasonable for Ms. Henson.  See, e.g., Sound, 2010 WL 1992194, at *8 (noting that "a reasonable market billing rate for a paralegal in Hawaii ranges from $50 to $85 an hour."); Seven Signatures, 871 F. Supp. 2d at 1054 (finding that $135 per hour is excessive and that $85 per hour is a reasonable rate for a paralegal).

Finally, AOAO requests an hourly rate of $195 for Ms. Warfield, a paralegal with thirty years of experience.  The Court has reviewed the state court case cited by AOAO as well as cases from this court awarding fees to attorneys who have comparable experience.  ECF No. 194-13.  The Court FINDS that $195 per hour is excessive and that $105 per hour is reasonable for Ms. Warfield.  See, e.g., Ko Olina Dev., 2010 WL 447451, at *2-3 (finding that $85 is a reasonable hourly rate for a paralegal with thirty years of experience).

### 2. Hours Reasonably Expended by AOAO

#### i.  Clerical Tasks

As previously discussed, attorneys' fees are not awarded for clerical tasks because these are considered overhead and reflected in the fee-rate.  See Sheehan, 853 F. Supp. 2d at 1044.  After carefully reviewing AOAO's requests, the Court FINDS that 9.8 hours of Ms. Henson's time and 6.4 hours of Ms. Warfield's time should be deducted as clerical work.[9]

#### ii.  Duplicate Hours

As explained above, two professionals cannot bill for the same meeting.  See Robinson, 717 F. Supp. at 1099.  Counsel for AOAO billed for two or more professionals attending the same

---

[9]   See entries for Ms. Henson on 12-18-15, 12-22-15, 12-23-15, 12-24-15, 12-28-15, 12-30-15 and Ms. Warfield on 12-29-15 and 12-30-15.  ECF No. 194-12 at 39, 41.

meeting on numerous occasions.[10]  When errors are extensive, the
Court "need not set forth an hour-by-hour analysis of the fee
request but may instead make across-the-board percentage cuts to
the number of hours claimed as a 'practical means of trimming
the fat' from a fee application.'" <u>Sheehan</u>, 853 F. Supp. 2d at
1044 (quoting <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1399 (9th Cir.
1992)).  The Court has found over thirty hours of duplicate
entries by several professionals.[11]  As such, the Court FINDS a
five percent reduction of AOAO's total fees is appropriate.

### iii.  Inadequate Descriptions

Counsel for AOAO provided itemized time entries that
are heavily redacted.  <u>See</u> ECF No. 194-12.  Counsel additionally
provided a copy of their invoices that are also heavily
redacted.  <u>See</u> ECF No. 194-10.  When redactions are necessary to
protect privileged information, counsel still "must describe
adequately the services rendered, so that the reasonableness of
the requested fees can be evaluated."  LR 54.3(d)(2).  To

---

[10]   <u>See</u>, <u>e.g.</u>, entires for Ms. Yoshihara and Mr. Wong on
12-15-14; Ms. Yoshihara, Mr. Char, and Mr. Wong on 4-21-15; Mr.
Wong, Mr. Higa, Ms. Warfield, and Mr. Beaman on 8-31-15.  ECF
No. 194-12 at 5, 8, 9, 19, 21, 26, 28.

[11]   <u>See</u>, <u>e.g.</u>, entries for Mr. Wong and Mr. Char on 11-3-14;
Mr. Beaman, Mr. Wong, and Ms. Rosenblatt on 12-29-14; Mr.
Beaman, Mr. Wong, and Mr. Higa on 8-31-15; Mr. Beaman, Mr. Wong,
and Ms. Henson on 1-26-16; Mr. Beaman and Ms. Steiger on 7-8-16.
ECF No. 194-12 at 8, 11, 23, 28, 5, 9, 39, 45, 47.

maintain confidentiality, counsel can disclose general subject matters instead of specific arguments or discussion points.  See World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1285 (D. Haw. 2008).  Here, counsel for AOAO redacted many of its entries, across both the time entries and the invoices, too heavily to allow this Court to determine if the entries are reasonable.  For example, on January 5, 2016, Mr. Beaman billed 0.3 hours for "---."   ECF No. 194-12 at 35.  On January 7-9, 2015, Ms. Rosenblatt billed five hours for "Research re ---." Id. at 19.[12]  "If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly."  LR 54.3(d)(2).  The Court FINDS that of the 613 hours originally claimed by counsel for AOAO, more than 130 hours are inadequately described.  See, e.g., ECF No. 194-12 at 2, 12, 19, 25, 33, 44.  Accordingly, the Court FINDS that AOAO's total fees should be reduced by twenty percent for inadequate descriptions.

### iv.  Excessive Time

The Court finds that AOAO's counsel spent an excessive amount of time conferring and e-mailing with one another. Excluding the entries that the Court has already determined are

---

[12]  See also, e.g., entries for:  Mr. Wong on 12-29-14; Mr. Char on 4-21-15; Mr. Beaman on 1-5-16; Ms. Warfield on 7-1-15; Mr. Higa on 8-31-15; Mr. Neemullah on 9-16-15; Ms. Yoshihara on 11-5-15; Ms. Rosenblatt on 12-29-15; Ms. Henson on 10-12-2016. ECF No. 194-12 at 8, 9, 11, 22, 26, 28, 35.

duplicative or inadequately described, over twelve percent of the total time billed – or roughly one hour per eight-hour work day – was spent on conferences solely within the firm.  See generally ECF No. 194-12.  While intra-office communication is a necessary aspect of litigation, the Court FINDS this time is unreasonably disproportionate compared to the time spent on other tasks.  The Court FINDS that AOAO's total fees be reduced by five percent for excessive time.

C. Summary of AOAO Attorneys' Fees

Based on the above, the Court FINDS that the following attorneys' fees are reasonable for AOAO's counsel:

| Attorney | Rate | Hours | Fees |
|---|---|---|---|
| Andrew V. Beaman, Esq. | $325.00 | 145.1 | $47,157.50 |
| Andrew W. Char, Esq. | $285.00 | 44.8 | $12,768.00 |
| Danton S. Wong, Esq. | $320.00 | 13.0 | $4,160.00 |
| Adrienne S. Yoshihara, Esq. | $240.00 | 86.7 | $20,808.00 |
| Nathanial A. Higa, Esq. | $200.00 | 5.1 | $1,020.00 |
| Imran Naeemullah, Esq. | $150.00 | 4.9 | $735.00 |
| Alexandra R. Rosenblatt, Esq. | $210.00 | 49.9 | $10,479.00 |
| Effie A. Steiger, Esq. | $200.00 | 48.8 | $9,760.00 |
| Jennifer Henson, paralegal | $95.00 | 60.2[13] | $5,719.00 |
| Laura E. Warfield, paralegal | $105.00 | 138.4[14] | $14,532.00 |
| | | Subtotal | $127,138.50 |

---

[13]  70.0 requested hours – 9.8 clerical work = 60.2
[14]  144.8 requested hours – 6.4 clerical work = 138.4

| | |
|---|---|
| 30% Reduction for: duplicate hours(5%), inadequate descriptions (20%), and excessive time (5%). | ($38,141.55) |
| Subtotal After Reductions | $88,996.95 |
| 4.712% General Excise Tax | $4,193.54 |
| **Total** | **$93,190.49** |

## IV.  Twenty-Five Percent Cap on Fees

Under Section 607-14, an award of attorneys' fees "shall not exceed twenty-five percent of the judgment." Haw. Rev. Stat. § 607-14. Additionally, the "statutory cap is a maximum total amount that can be awarded, not an amount that can be awarded to each prevailing party." Wong, 961 P.2d at 615 (analyzing Haw. Rev. Stat. § 607-14 (1985)); cf. Employee Mgmt. Corp. v. Aloha Grp., 956 P.2d 1282, 1284 (Haw. Ct. App. 1998) (holding that Haw. Rev. Stat. § 607-14 places a "twenty-five percent maximum total combined limit that can be taxed against a losing party by both the trial and appellate courts").

BOH and AOAO challenge this twenty-five percent cap on multiple grounds. BOH asserts that because only one of its prevailing claims was for monetary damages, while its other claim was for declaratory action, the cap on attorneys' fees does not apply. ECF No.195 at 6 n. 2. The Court rejects this argument because when a party seeks an adjudication of rights as well as a monetary judgment, the statutory ceiling on attorneys' fees applies and is calculated as twenty-five percent of

21

monetary judgment.  See Smothers v. Renander, 633 P.2d 556, 562
(Haw. Ct. App. 1981) (analyzing predecessor statute Haw. Rev.
Stat. § 607-17 (1976)).  BOH was awarded $137,434.50 in monetary
damages, which yields a twenty-five percent cap of $34,358.62.
See ECF No. 192 at 20.  This cap applies to the fees awarded to
BOH.

     AOAO prevailed on its claim for declaratory action and
did not seek monetary damages.  See ECF No. 192 at 20.  AOAO
argues that because it voluntarily dismissed its claims for
monetary damages and prevailed on its claim for declaratory
judgment, "'there is no monetary amount on the basis of which to
calculate the twenty five percent statutory ceiling for
attorneys' fees.'"  ECF No. 194 at 22 (quoting Amfac v. Waikiki
Beachcomber Co., 839 P.2d 10, 35 (Haw. 1992)).  But the twenty-
five percent cap applies unless "it is impossible to determine
what the judgment would or might have been." Piedvache v.
Knabusch, 962 P.2d 374, 378 (Haw. 1998); cf. id. at 379 (looking
beyond an individual party's judgment to determine the cap on
fees).  The cap is excused only when a case involves "only an
adjudication of rights in which no monetary liability is at
issue." Food Pantry, Ltd. v. Waikiki Bus. Plaza, 575 P.2d 869,
880 (Haw. 1978) (emphasis added).  This case has a clear basis
on which to calculate the cap -- BOH's damages award of
$137,434.50.  AOAO's claims were interwoven with BOH's, rested

22

on the same facts, and arose under the same contracts.  The
matters were handled in a single bench trial and disposed of by
the same Findings of Fact and Conclusions of Law and Order.  See
ECF No. 192.  In that order, the court explained that AOAO
prevailed on its declaratory judgment claim "[g]iven the Court's
ruling on BOH's second counterclaim for breach of the CCD."  ECF
No. 192 at 16.  BOH's monetary judgment is a proper basis for
calculating the cap for the fees awarded to AOAO.  This approach
is in keeping with "the legislature's purpose [] to place some
limit on the amount of attorney[s'] fees that a prevailing party
could reasonably recover."  Piedvache, 962 P.2d at 378 (emphasis
in original).  Accordingly, the Court FINDS that the combined
award of attorneys' fees to BOH and AOAO should be capped at
$34,358.62, which is twenty-five percent of BOH's monetary
judgment.

        Finally, BOH and AOAO argue they are also entitled to
fees under a different statute, Hawaii Revised Statutes Section
607-14.5, which allows for full recovery of attorneys' fees when
an opponent's claim or defense is frivolous.  See ECF No. 195 at
6 n. 2; ECF No. 194 at 23-25.  This statute requires "a
specific finding" of frivolousness.  Haw. Rev. Stat. § 604-
14.5(a); see also Piedvache, 962 P.2d at 380 (denying attorneys'
fees under Section 604-14.5 where the trial court found that a
party was "disingenuous" but did not expressly find him

frivolous).  Here, the court did not find Plaintiffs' claims
were frivolous in its Findings of Fact and Conclusions of Law
and Order.  See generally ECF No. 192.  Therefore, BOH and AOAO
are not entitled to attorneys' fees under Section 604-14.5.  The
Court FINDS that the applicable provision for awarding fees is
Section 607-14.

As explained above, Section 607-14 renders a cap of
$34,358.62 to the sum of both BOH's and AOAO's awards for
attorneys' fees.  Hawaii law does not provide clear guidance on
how capped fees are to be apportioned when multiple parties are
entitled to an award.  See Wong, 961 P.2d 611 (holding that the
fee cap is a maximum that can be distributed to all prevailing
parties but not reaching the issue of how to distribute capped
fees).  In the absence of clear authority on the issue, the
Court finds it reasonable to apportion fees in a ratio that
reflects the ratio of the reasonable fees.  In this case, BOH's
and AOAO's reasonable fees were a ratio of 1.61 to 1.00,
respectively.  Therefore, the Court FINDS that it is reasonable
to apportion $21,194.40 to BOH and $13,164.22 to AOAO.

V.  Costs

BOH requests $936.68 in costs, and AOAO requests
$2,584.64 in costs.  ECF No. 195 at 13; ECF No. 194 at 26.
Federal Rule of Civil Procedure 54(d)(1) allows costs to be

awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1); <u>see</u>
<u>also</u> 28 U.S.C. § 1920 (taxation of costs); LR 54.2(f)(1)-(6).

First, BOH seeks $485.90, and AOAO seeks $1,651.60 for
copying costs. ECF No. 195 at 13. ECF No. 194-11 at 1. Copying
costs are taxable only "provided the party seeking recovery
submits an affidavit describing the documents copied, the number
of pages copied, the cost per page, and the use of or intended
purpose for the items copied." LR 54.2(d)(4). Neither BOH nor
AOAO has provided the required information. The Court FINDS
that copying costs are not taxable against Plaintiffs.

Second, BOH seeks $236.38, and AOAO seeks $718.21 for
computer research. ECF No. 195 at 13; ECF No. 194-11 at 1.
"Electronic or computer research costs are not taxable." LR
54.2(f)(5); <u>see</u> <u>also</u> <u>DFS Grp.</u>, 131 P.3d at 508 ("computer-
assisted research charges are subsumed within a law firm's
overhead and therefore the client may not recover such costs by
classifying them as separately billed attorneys' fees."). The
Court FINDS that computer research costs are not taxable.

Third, BOH seeks $71.63 in postage costs that were
billed as incurred. ECF No. 197-1 at 3-4. BOH's declaration
and exhibits do not contain any information about how these fees
were incurred or why they were required. Without this
information, the Court cannot assess if the costs are

reasonable.  The Court FINDS that BOH's postage costs are not taxable.

Finally, BOH requests $145.67 for courier fees, transcripts, and filing fees, and AOAO requests $214.83 for transcripts and courier fees.  ECF No. 194-11 at 1;  ECF No. 195 at 13.  Such costs are generally taxable, and it is Plaintiffs' burden to "challeng[e] the reasonableness of a particular cost request.  In the absence of a challenge to a particular request, it is not an abuse of discretion for a court to award the cost requested as presumptively reasonable." Wong, 961 P.2d 611 (Haw. 1998) (quoted by Honua Techs. v. Krungthep Thanakom, Co., No. CV. 05-523, 2007 WL 3022613 at *3 (D. Haw. Oct. 15, 2007)). The Court FINDS that these costs requested by BOH and AOAO are reasonable.  The Court RECOMMENDS that $145.67 in costs be awarded to BOH and $214.83 in costs be awarded to AOAO.

<u>CONCLUSION</u>

The Court FINDS AND RECOMMENDS that Defendant/ Counterclaim Plaintiff Bank of Hawaii, as Trustee's, Motion for Award of Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART, and Intervener Defendant/Counterclaim Plaintiff Association of Apartment Owners of Discovery Bay's Motion for Award of Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECCOMENDS that Bank of Hawaii be awarded $21,194.40 in attorneys' fees and $145.67 in costs, and that

Association of Apartment Owners of Discovery Bay be awarded

$13,164.22 in attorneys' fees and $214.83 in costs.

      IT IS SO FOUND AND RECOMMEND.

      DATED AT HONOLULU, HAWAII, OCTOBER [], 2016.



**BRUSER, ET AL. V. BANK OF HAWAII, ET AL.; CIVIL NO. 14-387 LEK-RLP; FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN PART DEFENDANT BANK OF HAWAII'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND (2) GRANT IN PART AND DENY IN PART DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY'S MOTION FOR ATTORNEYS' FEES AND COSTS**