IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MICHAEL DAVID BRUSER and LYNN )    CIVIL NO. 14-00387 LEK-RLP
BRUSER, Trustees under that )
certain unrecorded Revocable )
Living Trust Agreement dated )
July 11, 1988, as amended, )
doing business as Discovery )
Bay Center, )
                     )
         Plaintiffs, )
                     )
    vs. )
                     )
BANK OF HAWAII, a Hawaii )
corporation, as Trustee, as )
successor by merger with )
Hawaiian Trust Company, )
Limited, a former Hawaii )
corporation and as successor )
Trustee under that certain )
Trust Agreement dated June 6, )
1974, )
                     )
         Defendant, )
_____ )
    vs. )
                     )
JULIE G. HENDERSON, as )
Trustee of the Julie G. )
Henderson Irrevocable Trust, )
and as Trustee of the Jean K. )
Gowans Irrevocable Trust, and )
as Trustee of the Louis L. )
Gowans, Jr. Irrevocable )
Trust; RICHARD L. GOWANS, as )
Trustee of the Richard L. )
Gowans Irrevocable Trust; )
KEVIN I. YOKOHAMA; )
ASSOCIATION OF APARTMENT )
OWNERS OF DISCOVERY BAY; )
SUSAN SHEETZ; and PATRICIA )
SHEETZ BOW, )
                     )
      Intervening Defendants. )
_____ )

BANK OF HAWAII, a Hawaii )
corporation, as Trustee, as )
successor by merger with )
Hawaiian Trust Company, )
Limited, a former Hawaii )
corporation and as successor )
Trustee under that certain )
Trust Agreement dated June 6, )
1974. )
                                   )
     Counterclaim Plaintiff, )
                                    )
     vs. )
                                    )
MICHAEL DAVID BRUSER and LYNN )
BRUSER, Trustees under that )
certain unrecorded Revocable )
Living Trust Agreement dated )
July 11, 1988, as amended, )
doing business as Discovery )
Bay Center, )
                                    )
     Counterclaim Defendants. )
_____ )

**ORDER DENYING BANK OF HAWAII AND THE ASSOCIATION OF APARTMENT
OWNERS OF DISCOVERY BAY'S OBJECTIONS TO THE FINDINGS AND
RECOMMENDATION TO (1) GRANT IN PART AND DENY IN PART BANK OF
HAWAII'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND (2) GRANT IN
PART AND DENY IN PART ASSOCIATION OF APARTMENT OWNERS OF
DISCOVERY BAY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

          On October 31, 2016, the magistrate judge filed his

Findings and Recommendation to (1) Grant in Part and Deny in Part

Bank of Hawaii's Motion for Attorneys' Fees and Costs; and

(2) Grant in Part and Deny in Part Association of Apartment

Owners of Discovery Bay's Motion for Attorneys' Fees and Costs

("F&R"). [Dkt. no. 212.] On November 14, 2016, Intervenor

Defendant/Counterclaim Plaintiff Association of Apartment Owners

of Discovery Bay ("AOAO") filed its objections to the F&R

("AOAO's Objections"). [Dkt. no. 213.] The same day, Defendant/Counterclaim Plaintiff Bank of Hawai`i, as Trustee ("BOH"), filed its objections to the F&R ("BOH's Objections"). [Dkt. no. 214.] On November 28, 2016, Plaintiffs/Counterclaim Defendants Michael David Bruser and Lynn Bruser ("the Brusers") filed a combined memorandum in opposition to AOAO's Objections and BOH's Objections ("Brusers' Memorandum"). [Dkt. no. 215.] AOAO and BOH filed their respective replies on November 29, 2016. [Dkt. nos. 216, 217.] Finally, on November 29, 2016, the Brusers filed a supplemental response to the replies ("Brusers' Supplemental Memorandum"). [Dkt. no. 218.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the objections, supporting and opposing memoranda, and the relevant legal authority, AOAO's Objections and BOH's Objections are HEREBY DENIED and the F&R is HEREBY ADOPTED, for the reasons set forth below.

## BACKGROUND

A detailed history of this case is set forth in this Court's June 28, 2016 Findings of Fact and Conclusions of Law and

Order ("6/28/16 Order"). [Dkt. no. 192.[1]] The Court will include only those facts relevant to the instant matter. This case arose out of a dispute regarding liability for payment of trustee fees. On August 29, 2014, the Brusers filed their Complaint for Declaratory Judgment against BOH ("Complaint"). [Dkt. no. 1.] BOH filed its counterclaims against the Brusers on January 28, 2015 ("BOH Counterclaim"). [Dkt. no. 34.]

While the Brusers' Complaint was filed against a single defendant (that is, BOH), several parties sought permission to intervene as defendants and, upon being granted intervention, they filed their own respective counterclaims, including AOAO.[2] See Order Granting Proposed Intervenor Association of Apartment Owners of Discovery Bay's Motion to Intervene Filed December 30, 2014, filed 3/27/15 (dkt. no. 45).

The Complaint sought declaratory judgment that the

---

[1] The 6/28/16 Order is also available at 2016 WL 3580612.

[2] A number of other parties were also permitted to intervene, including: Defendants/Counterclaim Plaintiffs Julie G. Henderson, Trustee of the Julie G. Henderson Irrevocable Trust, Julie G. Henderson, Trustee of the Jean K. Gowans Irrevocable Trust, Julie G. Henderson, Trustee of the Louis L. Gowans, Jr., Irrevocable Trust, and Richard L. Gowans, Trustee of the Richard L. Gowans Irrevocable Trust (collectively "Henderson/Gowans"); [dkt. no. 41 (order permitting Henderson/Gowans to intervene);] Defendants/Counterclaim Plaintiffs Kevin I. Yokoyama, Trustee of the Kevin I. Yokoyama Trust and the Irvine K. Yokoyama, Jr. Trust (collectively "Yokoyama"); [dkt. no. 43 (order permitting Yokoyama to intervene);] and Defendants/Counterclaim Plaintiffs Susan Sheetz and Patricia Sheetz Bow (collectively "Sheetz Bow") [dkt. no. 44 (allowing Sheetz Bow to intervene)].

Brusers were, *inter alia*: not liable for the payment of the trustee fees ("Trustee Fee") under the Trust Agreement dated June 6, 1974 ("Trust Agreement"); or, in the alternative, only liable for the actual percentage of their undivided interest or only reasonable fees as determined at trial. [Complaint at ¶¶ 23(a)-(b).] In addition, they sought additional relief such as an accounting, and reasonable attorneys' fees and costs. [<u>Id.</u> at ¶¶ E-F.]

The BOH Counterclaim had five claims: (1) a claim for a declaratory judgment that, pursuant to the Condominium Conveyance Document, dated December 1, 1976 ("CCD"), the Brusers were obligated to pay the Trustee Fee as determined under the Trust Agreement; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; (4) breach of the covenant of good faith and fair dealing; and (5) recovery of attorneys' fees and costs incurred as a result of enforcing the CCD pursuant to the terms of the Trust Agreement.

The AOAO Counterclaim contained four claims: (1) a claim for declaratory judgement that the Brusers were obligated to pay the Trustee Fee as determined under the Trust Agreement and/or the CCD; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; and (4) breach of the covenant of good faith and fair dealing.

On April 16, 2015, BOH filed its Motion for Partial

Summary Judgment as to its First Counterclaim Against Plaintiffs/Counterclaim Defendants. [Dkt. no. 50.] On July 21, 2015, this Court issued its Order Granting Defendant/Counterclaim Plaintiff Bank of Hawaii's Motion for Partial Summary Judgment as to its First Counterclaim Against Plaintiffs/Counterclaim Defendants, and Joinder of Intervenor Defendant Association of Apartment Owners of Discovery Bay; and Denying the Other Joinders Thereto ("7/21/15 Order"). [Dkt. no. 88.[3]] The 7/21/15 Order stated that "the plain language of the CCD requires payment of fees under the Trust Agreement, which includes the Trustee Fee." 2015 WL 4469850, at *4.

On January 20, 2016, the Brusers filed a Notice of Withdrawal of Jury Trial Demand. [Dkt. no. 150.] The same day, Henderson/Gowans, AOAO, Yokoyama, BOH, and Sheetz Bow all filed statements of no opposition. [Dkt. nos. 145-49.] In an Entering Order filed on January 25, 2016, and pursuant to Federal Rules of Civil Procedure 38(d) and 39(a)(1), the Court withdrew the Brusers' jury demand. [Dkt. no. 152.] Finally, in a stipulation filed on February 2, 2016 ("Stipulation"): BOH stipulated to dismiss its third and fourth counterclaims without prejudice; AOAO stipulated to dismiss its second, third, and fourth counterclaims without prejudice; and Henderson/Gowans, Yokoyama, and Sheetz Bow stipulated to dismiss their claims for declaratory

---

[3] The 7/21/15 Order is also available at 2015 WL 4469850.

6

relief that the Brusers breached the Trust Agreement without prejudice. [Dkt. no. 179.] The only remaining claims were therefore: BOH's second counterclaim for breach of contract under the CCD; and Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow's claim for declaratory relief that, by failing to pay the Trustee Fee, the Brusers breached the CCD.

The Court held a bench trial on February 2, 2016. [Minutes, filed 2/2/16 (dkt. no. 177).] On February 19, 2016, the Court issued its Court's Decision, and instructed BOH to prepare a proposed Findings of Fact and Conclusions of Law ("FOF/COL"). [Dkt. no. 182.] BOH submitted its FOF/COL on March 22, 2016. [Dkt. no. 184.] The 6/28/16 Order followed, and concluded:

> (1) The Court finds in favor of BOH on their second counterclaim for breach of contract under the CCD.
>
> (2) The Court finds in favor of the Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow on their claims for declaratory relief and finds that, under the CCD, the Brusers are liable for the total amount of the unpaid Trustee Fee.
>
> (3) The Court awards $137,434.50 to BOH, which consists of the difference between what the Brusers owed and what they paid between October 2014 and December 2015, including the applicable [General Excise Tax ("GET")].
>
> . . . .
>
> (5) Pursuant to the CCD, the Court awards attorneys' fees and costs to BOH. BOH, and any other party that believes it is entitled to

7

> attorneys' fees and costs must submit the
> appropriate motion within fourteen days of entry
> of judgment. Thereafter, the Court will refer the
> matter to the magistrate judge for determination
> of the amount of the award.

2016 WL 3580612, at *7-8. The Clerk's Office entered Judgment on June 28, 2016.[4] [Dkt. no. 193.]

On July 12, 2016, AOAO filed its Motion for Award of Attorneys' Fees and Costs ("AOAO's Attorneys' Fees Motion"), and BOH also filed its Motion for Award of Attorneys' Fees and Costs ("BOH's Attorneys' Fees Motion" and collectively "Attorneys' Fees Motions").[5] [Dkt. nos. 194, 195.] The Brusers filed a motion to strike the Attorneys' Fees Motions on August 8, 2016 ("Motion to Strike"),[6] and the magistrate judge denied the Motion to Strike in an Entering Order on August 9, 2016 ("8/9/16 EO"). [Dkt. nos. 203 (Motion to Strike), 204 (8/9/16 EO).] The 8/9/16 EO granted the Brusers additional time to respond to the Attorneys' Fees Motions. [8/9/16 EO.] The Brusers did not appeal the magistrate judge's order on the Motion to Strike to this Court. However,

---

[4] The Brusers filed an appeal on July 28, 2016, which is currently pending before the Ninth Circuit. [Dkt. no. 200.]

[5] On July 13, 2016, BOH filed a Supplemental Motion for Award of Attorneys' Fees and Costs ("BOH's Supplemental Motion") seeking recovery of the GET that would be charged on the requested attorneys' fees. [Dkt. no. 197.] Henderson/Gowans, Yokoyama, and Sheetz Bow did not file motions for attorneys' fees.

[6] Alternatively, the Motion to Strike requested additional time to respond to the Attorneys' Fees Motions. [Mem. in Supp. of Motion to Strike at 12.]

the Brusers did file two additional motions for extensions of time to respond to the Attorneys' Fees Motions. See dkt. nos. 206-07 (the Brusers' second request for additional time and the magistrate judge's Entering Order granting it), 208-09 (the Brusers' third request for additional time and the magistrate judge's Entering Order granting it). Even after three extensions, the Brusers did not file any response to the Attorneys' Fees Motions.

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir.

9

1989).

PJY Enters., LLC v. Kaneshiro, Civil No. 12-00577 LEK-KSC, 2014
WL 3778554, at *2 (D. Hawai`i July 31, 2014) (alteration in PJY)
(citation omitted).

**DISCUSSION**

**I.    The Brusers' Submissions and Scope of Review**

        Fed. R. Civ. P. 54(d)(2)(D) provides, in part, that
"[b]y local rule, the court may establish special procedures to
resolve fee-related issues without extensive evidentiary
hearings," and that it "may refer a motion for attorney's fees to
a magistrate judge under [Fed. R. Civ. P.] 72(b) as if it were a
dispositive pretrial matter."  Rule 72(b)(2) states, in relevant
part, that "[w]ithin 14 days after being served with a copy of
the recommended disposition, a party may serve and file specific
written objections to the proposed findings and recommendations.
A party may respond to another party's objections within 14 days
after being served with a copy."  It is clear to the Court that
the Brusers' Memorandum is their response to BOH's and AOAO's
objections.  However, the Brusers' Supplemental Memorandum is
provided for in neither the Federal Rules nor the Local Rules,
and the Brusers did not seek leave to file additional briefing.
Accordingly, the Court HEREBY STRIKES it from the record and will
not consider it for purposes of this Order.

        Further, the Brusers did not file any objections to the

F&R.  Still, the Brusers' Memorandum argues that "the Brusers
still believe that upon de novo review neither the AOAO nor BOH
should be awarded any fees and costs whatsoever."  [Brusers'
Memorandum at 9.]  This issue was not raised by BOH's Objections
nor AOAO's Objections, and, as the Court has already noted, the
Brusers' did not file any objections.  Accordingly, the Court
will not consider this argument.[7]

## II.  **The Objections**

Both BOH and AOAO raise the same four objections to the
F&R, and the Court will consider each of these in turn.

### A.  **Haw. Rev. Stat. § 607-14**

Haw. Rev. Stat. 607-14 states, in pertinent part:

> In all courts, in all actions in the nature of
> assumpsit and in all actions on a promissory note
> or other contract in writing that provides for an
> attorney's fee, there shall be taxed as attorneys'
> fees, to be paid by the losing party and to be
> included in the sum for which execution may issue,
> a fee that the court determines to be reasonable;
> provided that the attorney representing the
> prevailing party shall submit to the court an
> affidavit stating the amount of time the attorney
> spent on the action and the amount of time the
> attorney is likely to spend to obtain a final
> written judgment, or, if the fee is not based on
> an hourly rate, the amount of the agreed upon fee.
> The court shall then tax attorneys' fees, which
> the court determines to be reasonable, to be paid
> by the losing party; provided that this amount

_____

[7] The Court also notes that the Brusers' counsel is an
experienced attorney who is very familiar with the Federal Rules
and the Local Rules.  The Court therefore trusts that any
decision not to file objections was strategic, and not simply an
oversight.

shall not exceed twenty-five percent of the
judgment.

BOH first argues that it is entitled to attorneys' fees
under the Declaratory Judgment Act, 28 U.S.C. § 2202. [BOH's
Objections at 3-4.] Second, BOH argues that § 607-14's cap on
attorneys' fees "does not apply when non-monetary damages are
sought or when monetary value is not ascertained." [Id. at 4.]
"Since BOH prevailed on the Brusers' claim for declaratory
judgment regarding the CCD in the Complaint and on its own
Counterclaim against the Brusers for declaratory judgment, an
award of attorneys' fees to BOH is proper and the twenty-five
percent (25%) cap should not apply here." [Id.]

AOAO shares BOH's position that the cap does not apply
here, and that, because the Bruser's only claim was for
declaratory relief and AOAO's primary claim was for declaratory
relief, the bar should not apply. [AOAO's Objections at 5-6.]

The F&R states that,

> For the purposes of awarding attorneys' fees,
> "the litigant in whose favor judgment is rendered
> is the prevailing party." Sheehan [v. Centex
> Homes], 853 F. Supp. 2d [1031,] 1039 [(D. Hawai`i
> 2011)] (quoting Wong v. Takeuchi, 961 P.2d 611,
> 614 (Haw. 1998)). BOH was awarded judgment on its
> claim for declaratory judgment that Plaintiffs
> owed trustee fees, as well as its breach of
> contract claim that Plaintiffs breached the CCD.
> The Court awarded BOH $137,434.50 in damages.
> AOAO was awarded judgment on its claim for
> declaratory judgment that Plaintiffs breached the
> CCD. Plaintiffs did not prevail on any of their
> claims. BOH and AOAO are the prevailing parties
> and are entitled to recover attorneys' fees from

Plaintiffs.  <u>See</u> Haw. Rev. Stat. § 607-14.
[F&R at 5 (some citations omitted).]  In addition, the magistrate judge explained that, "when a party seeks an adjudication of rights as well as a monetary judgment, the statutory ceiling on attorneys' fees applies and is calculated as twenty-five percent of [the] monetary judgment."  [F&R at 21-22 (citing <u>Smothers v. Renander</u>, 633 P.2d 556, 562 (Haw. Ct. App. 1981)).]  Moreover, the F&R states that "[t]he cap is excused only when a case involves '**only** an adjudication of rights in which **no** monetary liability is at issue.'"  [<u>Id.</u> at 22 (emphasis in F&R) (quoting <u>Food Pantry, Ltd. v. Waikiki Bus. Plaza</u>, 575 P.2d 869, 880 (Haw. 1978)).]

It is well established that "[a]n action that seeks only a declaration as to a party's rights or responsibilities, even if factually implicating a contract, is not in the nature of assumpsit."  <u>Chock v. Gov't Emps. Ins. Co.</u>, 103 Hawai`i 263, 268, 81 P.3d 1178, 1183 (2003) (internal quotation marks omitted).  This district court has explained,

> "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." <u>Au v. Funding Group, Inc.</u>, 933 F. Supp. 2d 1264, 1271 (D. Haw. Mar. 21, 2013).  Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115,

1119 (9th Cir. 2000). The lodestar amount may
also be adjusted based on an evaluation of the
factors articulated in <u>Kerr v. Screen Extras
Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975),
which have not been subsumed in the lodestar
calculation. <u>See</u> <u>Fischer</u>, 214 F.3d at 1119
(citation omitted).

Where an action involves tort claims as well
as a claim for breach of contract, the Court must
apportion the award of attorneys' fees between the
claims. <u>Id.</u> However, if apportionment would be
impracticable because the various claims are
inextricably linked to the breach of contract,
then the Court may decline to apportion attorneys'
fees between the claims. <u>Id.</u> Here, Plaintiffs
assert both breach of contract and tort claims.
Plaintiffs' breach of contract and tort claims
focus on the same allegations of Defendant's
wrongful conduct. The Court finds that
apportionment is not practicable because
Plaintiffs' tort claims are inextricably linked to
their contract claims.

<u>Leff v. Bertozzi Felice Di Giovanni Rovai & C. Srl</u>, CIVIL NO. 15-

00176 HG-RLP, 2015 WL 9918660, at *8-9 (D. Hawai`i Dec. 30, 2015)

(some citations omitted). Moreover, the Hawai`i Supreme Court

has considered the history of § 607-14:

HRS § 607-17 provided for a maximum award of
attorney's fees of twenty-five percent of a
contract or note "to the successful party, whether
plaintiff or defendant[.]" In 1993, HRS § 607-17
was repealed and its provisions incorporated into
HRS § 607-14. <u>See</u> 1993 Haw. Sess. L. Act 200,
§§ 1-2 at 305-06; Hse. Conf. Comm. Rep. No. 127,
in 1993 House Journal, at 932 ("Your Committee
. . . finds that § 607-17, Hawaii Revised
Statutes, should be eliminated, and its provisions
incorporated within § 607-14.").

In construing HRS § 607-17, this court ruled
in <u>Food Pantry, Ltd. v. Waikiki Business Plaza,
Inc.</u>, 58 Haw. 606, 621, 575 P.2d 869, 879-80
(1978), that

14

> [s]uccessful defendants are not denied, by HRS § 607-17, the benefits of a contractual provision allowing an attorney's fee. By providing for an award to a successful defendant in an action on a promissory note, the legislature made it plain that an attorney's fee may be awarded although the defendant is not otherwise entitled to a money judgment against the plaintiff. **We believe that it is equally clear that this statute was not intended to render inoperative a contract governing the allocation of expenses and attorney's fees in litigation which involves only an adjudication of rights and in which no monetary liability is in issue.**

(Emphasis added.) . . . . [T]his court held that the twenty-five percent cap on attorney's fees, as set forth in HRS § 607-17, did not apply and remanded the case for determination of the amount of attorney's fees, instructing the trial court to award all fees that were "reasonably and necessarily incurred." _Id._ _See also_ _Amfac, Inc. v. Waikiki Beachcomber Inv. Co._, 74 Haw. 85, 132-35, 839 P.2d 10, 34-35 (holding that, where the plaintiff was seeking a declaration that it had performed its obligations under an indemnification agreement, HRS § 607-17's twenty-five percent cap on attorney's fees did not apply), _reconsideration denied_, 74 Haw. 650, 843 P.2d 144 (1992).

Thus, this court's precedent makes clear that HRS § 607-17 and, by implication, its successor statute, HRS § 607-14, do not arbitrarily deny an award of attorney's fees to a defendant merely because the circumstances of the lawsuit provide no "legally cognizable basis upon which to make the mandatory 25% calculation." On the contrary, where it is impossible to determine what the judgment would or might have been had the plaintiff prevailed (_e.g._, in declaratory judgment actions), the defendant may be awarded all of his or her reasonable attorney's fees.

However, it is clear that, in enacting HRS § 607-17 (and in amending HRS § 607-14 to

15

> incorporate the provisions of HRS § 607-17), the
> legislature's purpose was to place **some** limit on
> the amount of attorney's fees that a prevailing
> party could reasonably recover.

Piedvache v. Knabusch, 88 Hawai`i 115, 118-120, 962 P.2d 374,

377-379 (1998) (some alterations and all emphases in Piedvache).[8]

Here, the damages award was not only ascertainable, but was

ascertained in a specific amount.  Moreover, the magistrate judge

correctly concluded that BOH's claims and AOAO's claims are

inextricably intertwined with the contract claims at issue in

this case.  See F&R at 22-23 ("AOAO's claims were interwoven with

BOH's, rested on the same facts, and arose under the same

contracts.  The matters were handled in a single bench trial and

disposed of by the same Findings of Fact and Conclusions of Law

and Order.").  The Court therefore DENIES BOH's and AOAO's

objections to the application of the statutory cap on attorneys'

fees.

B.  **Calculation of the Statutory Cap**

Next, BOH and AOAO object to how the magistrate judge

calculated the cap on attorneys' fees.  AOAO asserts that,

because the state probate court determined that the Trustee Fee

at issue here was applicable for five years, and because AOAO and

---

[8] The Piedvache court also stated that "the Food Pantry rule
. . . was not meant to undermine the legislative goal of
circumscribing attorney's fee awards where the amount of the
potential judgment is ascertainable."  88 Hawai`i at 120, 962
P.2d at 379.

BOH were granted declaratory judgment in their favor that, under the CCD, the Brusers must pay the Trustee Fee, the cap should be based upon the full amount of trustee fees that the Brusers will pay over the five-year period. [AOAO's Objections at 8.] Similarly, BOH contends that, "[b]ecause BOH and the AOAO obtained a declaratory judgment that the Brusers are obligated to pay $591,000 over the five-year term, any cap applied should be based on that total amount." [BOH's Objections at 5.]

Neither BOH nor AOAO cite any case law to support their position on calculating damages. The F&R states that "[t]his case has a clear basis on which to calculate the cap – BOH's damages award of $137,434.50." [F&R at 22.] The plain language of § 607-14, which states that the attorneys' fees "to be paid by the losing party" cannot "exceed twenty-five per cent of the judgment" clearly supports the magistrate judge's finding. The magistrate judge based the attorneys' fees calculations on the damages awarded in the 6/28/16 Order, pursuant to § 607-14. Accordingly, the Court DENIES BOH and AOAO's objections to the calculation of attorneys' fees.

###    C.    Apportionment of the Fees and Costs

BOH and AOAO also object to the magistrate judge's apportionment of the fees and costs because nothing in § 607-14 provides for this type of division. [AOAO's Objections at 9; BOH's Objections at 5-6.] The F&R explained that the statutory

cap amounted to $34,358.62, and that, "[i]n the absence of clear authority on the issue, the Court finds it reasonable to apportion fees in a ratio that reflects the ratio of the reasonable fees. In this case, BOH's and AOAO's reasonable fees were a ratio of 1.61 to 1.00, respectively." [F&R at 24.]

As previously noted, the magistrate judge found that the issues in this case were inextricably intertwined, and that the § 607-14 bar applied. In Wong, the Hawai`i Supreme Court considered the maximum amount of attorneys' fees that could be awarded under an earlier version of § 607-14:

> Holding that the statutory cap is a maximum total amount that may be awarded in an action is consistent with the plain language of the statute. "Our foremost obligation when interpreting a statute is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself." Mendes v. Hawai`i Ins. Guar. Ass'n, 87 Hawai`i 14, 17, 950 P.2d 1214, 1217 (1998) (citation and internal brackets omitted). Under the plain language of the statute, the attorneys' fee awarded "shall not exceed the amount obtainable under the following schedule[.]" We hold that this language indicates that the total amount awarded to all parties may not exceed the maximum amount allowable under the statutory schedule.

88 Hawai`i at 51, 961 P.2d at 616 (alteration in Wong); see also Ass'n of Apartment Owners of the Cliffs at Princeville v. Premier Resorts Int'l, Inc., No. 27558, 2008 WL 4408118, at *1 n.6 (Hawai`i Sept. 29, 2008) ("Hawai`i's courts have strictly interpreted HRS § 607-14's twenty-five per cent cap on attorneys'

18

fees." (citations omitted)).  The current version of § 607-14
includes the same restrictive language:  "provided this amount
shall not exceed twenty-five per cent of the judgment."

BOH asserts that § 607-14 does not provide for "any
division of capped fees between prevailing parties" and that the
F&R failed to "provide any legal or factual basis" for the ratio
used.  [BOH's Objections at 6.]  Similarly, AOAO states that
"[s]uch an apportionment reflects neither the contributions of
the prevailing parties to the result obtained, nor their stake in
the outcome."  [AOAO's Objections at 9.]  The magistrate judge
found that BOH had $150,373.76 in reasonable attorneys' fees and
that AOAO had $93,190.49 in reasonable attorneys' fees.  [F&R at
11-12, 20-21.]  Neither party objected to these calculations.
Using these numbers, the magistrate judge found that the
reasonable attorneys' fees owed to BOH and AOAO equaled a ratio
of 1.61 to 1.0, and he divided the maximum amount recoverable
under § 607-14, $34,358.62, accordingly.  [Id. at 24.]  Given the
statutory maximum available in attorneys' fees under § 607-14,
this was an entirely reasonable way to apportion fees.  Further,
neither BOH nor AOAO provide an alternative method for
apportioning attorneys' fees to multiple prevailing parties when
the total reasonable attorneys' fees exceed the statutory cap.
BOH's Objections and AOAO's Objections are therefore DENIED with
regard to the apportionment of attorneys' fees.

## D. Frivolous Claims and Haw. Rev. Stat. § 607-14.5

Finally, BOH and AOAO argue that they are entitled to all of their attorneys' fees because the Brusers' Complaint was frivolous. [BOH's Objections at 6; AOAO's Objections at 9-10.] Haw. Rev. Stat. § 607-14.5 states, in relevant part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

"A frivolous claim is a claim so manifestly and palpably without merit, so as to indicate bad faith on the [pleader's] part such that argument to the court was not required." Taqupa v. VIPDesk, 135 Hawai`i 468, 479, 353 P.3d 1010, 1021 (2015) (alterations in

<u>Taqupa</u>) (citation and internal quotation marks omitted).

Moreover, "[a] finding of frivolousness is a high bar; it is not

enough that a claim be without merit, there must be a showing of

bad faith." <u>Id.</u> (citations omitted).  Neither BOH nor AOAO

allege that the Brusers' claim was brought in bad faith.

Considering § 607-14.5's high bar, and the fact that this case

proceeded to trial, albeit a very short one, the Court cannot

conclude that the Complaint was "manifestly and palpably without

merit."  <u>See id.</u>  BOH's Objections and AOAO's Objections are

therefore DENIED as to attorneys' fees under § 607-14.5

## CONCLUSION

On the basis of the foregoing, BOH's Objections and

AOAO's Objections to the magistrate judge's Findings and

Recommendation to (1) Grant in Part and Deny in Part Bank of

Hawaii's Motion for Attorneys' Fees and Costs; and (2) Grant in

Part and Deny in Part Association of Apartment Owners of

Discovery Bay's Motion for Attorneys' Fees and Costs, filed on

October 31, 2016, are HEREBY DENIED, and the magistrate judge's

F&R is HEREBY ADOPTED.

The Attorneys' Fees Motions are therefore GRANTED IN

PART AND DENIED IN PART.  AOAO's Attorneys' Fees Motion is

GRANTED insofar as the Court AWARDS AOAO $13,164.22 in attorneys'

fees and $214.83 in costs.  It is DENIED in all other respects.

BOH's Attorneys' Fees Motion is GRANTED insofar as the Court

AWARDS BOH $21,194.40 in attorneys' fees and $145.67 in costs.

It is DENIED in all other respects.  The Court ORDERS the Brusers

to pay the award to BOH and AOAO, through their respective

counsel, by no later than **May 31, 2017.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 27, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAII, ET AL.; CIVIL
14-00387 LEK-RLP; ORDER DENYING BANK OF HAWAII AND THE
ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY'S OBJECTIONS TO
THE FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN
PART BANK OF HAWAII'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND
(2) GRANT IN PART AND DENY IN PART ASSOCIATION OF APARTMENT
OWNERS OF DISCOVERY BAY'S MOTION FOR ATTORNEYS' FEES AND COSTS