UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID BRUSER, TRUSTEES UNDER THAT CERTAIN UNRECORDED REVOCABLE LIVING TRUST AGREEMENT DATED JULY 11, 1988, AS AMENDED, DOING BUSINESS AS DISCOVERY BAY CENTER; AND LYNN BRUSER, TRUSTEES UNDER THAT CERTAIN UNRECORDED REVOCABLE LIVING TRUST AGREEMENT DATED JULY 11, 1988, AS AMENDED, DOING BUSINESS AS DISCOVERY BAY CENTER;<br><br>          Plaintiffs,<br><br>  vs.<br><br>BANK OF HAWAII, A HAWAII CORPORATION, AS TRUSTEE, AS SUCCESSOR BY MERGER WITH HAWAIIAN TRUST COMPANY, LIMITED, A FORMER HAWAII CORPORATION AND AS SUCCESSOR TRUSTEE UNDER THAT CERTAIN TRUST AGREEMENT DATED JUNE 6, 1974;<br><br>          Defendant. | CIV. NO. 14-00387 LEK |

**ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR RECONSIDERATION**

On November 23, 2018, this Court issued the Order

(1) Granting Defendant/Counterclaim Plaintiff Bank of Hawaii's

Motion For Appointment of Temporary Receiver and (2) Granting in

Part and Denying in Part Intervenor Defendant/Counterclaim

Plaintiff Association of Apartment Owners of Discovery Bay's
Substantive Joinder ("11/23/18 Order"). [Dkt. no. 233.[1]]
On November 30, 2018, Plaintiffs/Counterclaim Defendants
Michael David Bruser and Lynn Bruser ("the Brusers") filed a
motion for reconsideration of the 11/23/18 Order ("Motion for
Reconsideration"). [Dkt. no. 234.] On December 14, 2018,
Intervenor Defendant/Counterclaim Plaintiff Association of
Apartment Owners of Discovery Bay ("AOAO") filed its statement
of no position, and Defendant/Counterclaim Plaintiff Bank of
Hawaii, as Trustee ("BOH"), filed its memorandum in opposition.
[Dkt. nos. 237, 238.] The same day, Defendants/Counterclaim
Plaintiffs Susan Sheetz and Patricia Sheetz Bow (collectively
"Sheetz Bow"), and Defendants/Counterclaim Plaintiffs Julie G.
Henderson, Trustee of the Julie G. Henderson Irrevocable Trust;
Julie G. Henderson, Trustee of the Jean K. Gowans Irrevocable
Trust; Julie G. Henderson, Trustee of the Louis L. Gowans, Jr.,
Irrevocable Trust; and Richard L. Gowans, Trustee of the
Richard L. Gowans Irrevocable Trust (collectively
"Henderson/Gowans"), filed their respective joinders of simple
agreement in the memorandum in opposition. [Dkt. nos. 239,
240.] The Court has considered the Motion for Reconsideration
as a non-hearing matter pursuant to Rule LR7.2(e) of the Local

---

[1] The 11/23/18 Order is also available at 2018 WL 6161978.

2

Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The Brusers' Motion for Reconsideration is hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in the 11/23/18 Order.  Only the facts relevant to the Motion for Reconsideration will be repeated herein.  The Brusers initiated this action by filing their Complaint for Declaratory Judgment on August 29, 2014, to dispute their liability for payment of certain trustee's fees ("Trustee Fee" or "Fee") pursuant to the Trust Agreement dated June 6, 1974 ("Trust Agreement").  [Dkt. no. 1.]  BOH filed its counterclaim against the Brusers on January 28, 2015 alleging, *inter alia*, a claim for declaratory judgment that, pursuant to the Condominium Conveyance Document, dated December 1, 1976 ("CCD"), the Brusers were obligated to pay the Trustee Fee.[2]  [Dkt. no. 34.]

---

[2] BOH also alleged a breach of contract claim arising out of the Trust Agreement and CCD; a claim for breach of the covenant of good faith and fair dealing; and sought recovery of its attorneys' fees and costs incurred as a result of enforcing the CCD.  See 11/23/18 Order, 2018 WL 6161978, at *2.  In addition, this Court permitted several other parties to intervene and file their respective counterclaims.  See id. at *1 n.3.

(. . . continued)

The parties proceeded to a bench trial on February 2, 2016, and this Court's Findings of Fact and Conclusions of Law and Order followed on June 28, 2016 ("6/28/16 FOF/COL"). [Dkt. no. 192.[3]] Pursuant to the 6/28/16 FOF/COL, the Clerk's Office entered judgment on June 28, 2016, as follows: (1) in favor of BOH on its second counterclaim for breach of contract under the CCD; (2) in favor of the Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow's claim for declaratory relief that the Brusers are liable for the total amount of the unpaid Trustee Fee; (3) awarding $137,434.50 to BOH as the difference between what the Brusers owed and what they paid between October 2014 and December 2015, with general excise tax ("GET"); and (4) awarding attorneys' fees and costs to BOH. See dkt. no. 193 ("Judgment"); see also 6/28/16 FOF/COL, 2016 WL 3580612, at *7-8. On July 28, 2016, the Brusers filed a Notice of Appeal of the 6/28/16 FOF/COL and Judgment ("Ninth Circuit Appeal"). [Dkt. no. 200.]

On June 29, 2018, the Hawai`i Intermediate Court of Appeals ("ICA") issued a Memorandum Opinion in In the Matter of the Trust Agreement Dated June 6, 1974, as Amended, No. CAAP-15-0000409 ("ICA Opinion"), affirming, *inter alia*, the decision by the Circuit Court of the First Circuit, State of Hawai`i

---

[3] The 6/28/16 FOF/COL is also available at 2016 WL 3580612.

4

("Probate Court") to increase the Trustee Fee under the Trust Agreement to $9,850 in favor of BOH for a five-year period beginning October 2014 ("Trust Litigation").[4] See ICA Opinion, 2018 WL 3199232, at *14.

On July 31, 2018, BOH filed a Motion for Appointment of a Temporary Receiver ("Receiver Motion"). [Dkt. no. 221.] BOH argued the Brusers had not paid BOH their award of $137,434.50 pursuant to the Judgment, and failed to pay the full monthly fee of $9,850 plus GET, which had been determined reasonable in the underlying Trust Litigation. See 11/23/18 Order, 2018 WL 6161978 at *5. The Receiver Motion sought appointment of Steve K. Sombrero of Cushman & Wakefield ChaneyBrooks as the temporary receiver of the commercial unit at the Discovery Bay Condominium, located at 1778 Ala Moana Boulevard, Honolulu, Hawai`i 96815 ("Commercial Unit"), to: 1) collect and hold proceeds from the Commercial Unit pending the resolution of the Ninth Circuit Appeal and any further appellate review of the ICA Opinion; 2) apply the proceeds first to the Commercial Unit's maintenance and operation expenses, the uncontested Trustee Fee, and the maintenance fees and assessments of the AOAO allocable to the Commercial Unit

---

[4] The ICA Opinion sets forth the relevant procedural and factual background of the Trust Litigation proceedings, in which BOH initially petitioned the Probate Court to permit it to resign as trustee. See ICA Opinion, 2018 WL 3199232, at *5.

5

(excluding the temporary receiver's fees), and second, to any current real property taxes; 3) deposit any remaining proceeds in an interest bearing account to hold until BOH is paid in full under the terms of the Judgment; and 4) be paid for his monthly service fees and costs in an amount the Court deems reasonable. [Receiver Motion at 1-3.] On August 28, 2018, the Brusers filed a memorandum in opposition to the Receiver Motion. [Dkt. no. 228.] The Brusers argued, *inter alia*, the appointment of a temporary receiver was premature since the Brusers planned to appeal the ICA Opinion and, "should the Hawaii Supreme Court grant review, the odds of a reversal are very high historically in every such grant of review." [Id. at 8.]

After weighing the factors in Canada Life Assurance Co. v. LaPeter, 563 F.3d 837, 844 (9th Cir. 2009), this Court granted the Receiver Motion. In doing so, this Court considered the Brusers' argument with regard to the pending Ninth Circuit Appeal and the appeal of the ICA Opinion, as well as the Brusers' failure to satisfy and comply with the Judgment entered on July 28, 2016. See 11/23/18 Order, 2018 WL 6161978, at *3, *5.

In the Motion for Reconsideration, the Brusers submit that, on November 29, 2018, the Hawai`i Supreme Court accepted the Brusers' application for certiorari. [Motion for Reconsideration, Decl. of Gary Victor Dubin ("Dubin Decl."), at

6

¶ 5, Exh. A (Order Accepting Application For Writ of Certiorari, filed 11/29/18 in the Hawai`i Supreme Court).] Because the 11/23/18 Order was based in large part upon the ICA Opinion, which is now pending appeal, the Brusers argue the 11/23/18 Order is premature, and urge this Court to reconsider and withdraw its ruling appointing the temporary receiver, or to stay the temporary appointment of a receiver.

## STANDARD

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). . . .

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

7

The Brusers appear to argue there is new evidence, and state the Motion for Reconsideration is brought pursuant to Local Rule 60.1. However, Local Rule 60.1 is applicable to reconsideration of interlocutory orders, while case-dispositive orders are governed by Fed. R. Civ. P. 59 or 60. See Local Rule LR60.1. Since Judgment has been entered in this case and the Brusers seek reconsideration of this Court's 11/23/18 Order, the Court applies Fed. R. Civ. P. 60. Cf. United States v. Liddell, Civil No. 07-00310 SOM/KSC, 2007 WL 4841274, at *1 (D. Hawai`i Aug. 28, 2007) ("Although Local Rule 60.1(a) normally applies only to interlocutory orders, because judgment has not yet been entered in this case, the court examines the motion for reconsideration under Local Rule 60.1(a), rather than as a motion seeking post-judgment relief."). Fed. R. Civ. P. 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . . .
>
> (6) any other reason that justifies relief

Whether a party moves for reconsideration under either Local Rule 60.1 or Fed. R. Civ. P. 60(b)(2)

> it makes no difference . . . because the standards are essentially the same. Under Rule 60(b)(2),
>
>> [r]elief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due [or reasonable] diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case."
>
> Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)). Rule 60(b)(2), as amended in 2007, requires "reasonable diligence" (instead of "due diligence") for newly discovered evidence. The change, however, was "intended to be stylistic only." See Cole v. Hawaii, 2008 WL 508075, at *1 n.2 (D. Haw. Feb. 26, 2008).

Tagupa v. Vipdesk, Inc., CIV. No. 13-00428 JMS-KSC, 2016 WL 236210, at *2 n.2 (D. Hawai`i Jan. 19, 2016) (some alterations in Tagupa). In addition, this district court "has denied motions seeking reconsideration of orders based on evidence and/or legal arguments that the party seeking reconsideration could have raised in connection with an original motion." See, e.g., Streamline Consulting Grp. LLC v. Legacy Carbon LLC, CIVIL

NO. 15-00318 SOM/KSC, 2016 WL 1064444, at *1 (D. Hawai`i Mar. 16, 2016) (citing Barker v. Gottlieb, 2015 WL 181776 (D. Haw. Jan. 14, 2015)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

**DISCUSSION**

The Brusers appear to argue the Hawai`i Supreme Court is likely to overturn the ICA Opinion affirming the increased Trustee Fee; therefore, it is premature for this Court to appoint a temporary receiver to collect payment pursuant to the 11/23/18 Order. [Dubin Decl. at ¶¶ 7-9.] The Brusers point exclusively to the Hawai`i Supreme Court's November 29, 2018 Order Accepting Application For Writ of Certiorari as the basis for the Motion for Reconsideration. [Dubin Decl., Exh. A.] The Motion for Reconsideration is unaccompanied by any memorandum in support of motion, or legal authority that demonstrates why the Court should reconsider its 11/23/18 Order.

This Court recognizes that the Hawai`i Supreme Court's decision to accept certiorari is information that was not available prior to the 11/23/18 Order. However, the Brusers' new evidence is not of such "a strongly convincing nature to

induce the court to reverse its prior decision." See Davis, 2014 WL 2468348, at *2.

First, the Brusers previously argued this very point in their memorandum in opposition to the Receiver Motion. See 11/23/18 Order, 2018 WL 6161978, at *5 (noting the Brusers "oppose the appointment of a temporary receiver, arguing that: . . . appointment would be premature and wasteful given the Ninth Circuit Appeal and Hawai`i Supreme Court Appeal"). Second, in the 11/23/18 Order, this Court: acknowledged the Bruser's intent to apply for a writ of certiorari from the ICA Opinion; see id. at *3; took judicial notice on its own that an application for certiorari review of the ICA Opinion had been filed; id. at *3 n.6; and expressly considered this, as well as the Ninth Circuit Appeal, as factors in reaching its decision to grant the Receiver Motion. This Court explained:

> Over the objections of the Brusers, the Court finds it appropriate to grant BOH's Motion and appoint a temporary receiver. The Brusers have both failed to satisfy the amounts owed under the Judgment and abide by its terms for over two years. See FOF/COL, 2016 WL 3580612, at *7-8. **The Brusers are also actively pursuing appeals in both state and federal court seeking redress for the amount of the Trustee Fee, and the Brusers' liability to pay it.** Thus, it is questionable whether the Brusers have any intent to satisfy the Judgment in the near future.

11/23/18 Order, 2018 WL 6161978, at *5 (emphasis added).

11

The fact that the Hawai`i Supreme Court granted certiorari review does not change this Court's analysis. Nor does this Court consider the assertions in the Dubin Declaration that the Hawai`i Supreme Court's decision to dispense with oral argument means that "reversal is assured." [Dubin Decl. at ¶ 7.] This statement by counsel represents neither an actual change in law, or proof of manifest error of law to warrant reconsideration. The Brusers essentially disagree with this Court's decision, which alone, does not warrant reconsideration of the Court's order. See Davis, 2014 WL 2468348, at *3 n.4 ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citations and internal quotation marks omitted)). For these reasons, the Brusers' Motion for Reconsideration is DENIED as to their request that this Court withdraw, reconsider, or stay the 11/23/18 Order until the conclusion of the Brusers' appeal from the ICA Opinion.

The Brusers have also pointed out that this Court's 11/23/18 Order incorrectly stated the AOAO had applied for a writ of certiorari to the Hawai`i Supreme Court. The 11/23/18 Order provides in pertinent part: "The Court takes judicial notice pursuant to Federal Rules of Evidence 201 that, on or about October 2, 2018, AOAO has applied for a writ of certiorari to the Hawai`i Supreme Court to appeal the ICA Opinion. 2018 WL 6161978, at *3 n.6. The Brusers assert "the Hawaii Supreme

Court granted the Plaintiffs' request for certiorari review," and that "[n]o other parties sought certiorari review by the Hawaii Supreme Court." [Dubin Decl. at ¶¶ 5-6.] Further, the Order Accepting Application For Writ of Certiorari indicates Michael David Bruser and Lynn Bruser are the "Petitioners/Interested Parties-Appellants". [Id., Exh. A.] None of the parties contest this issue. The Court hereby GRANTS the Motion for Reconsideration, insofar as this Court's 11/23/18 Order shall be revised at page three, footnote six, to reflect the following: "The Court takes judicial notice pursuant to Federal Rules of Evidence 201 that, on or about October 2, 2018, **the Brusers have** applied for a writ of certiorari to the Hawai`i Supreme Court to appeal the ICA Opinion." The Court will issue an amended order reflecting this change.

Even with this factual change, however, this Court CONCLUDES that the Brusers have not established grounds which require this Court to reconsider its finding that appointment of a temporary receiver is necessary, pending the conclusion of the Ninth Circuit Appeal and Trust Litigation Appeal.

## CONCLUSION

On the basis of the foregoing, the Brusers' Motion for Reconsideration, filed November 30, 2018, is HEREBY GRANTED IN PART and DENIED IN PART. The Motion for Reconsideration is

13

GRANTED insofar as the amendments noted herein, and DENIED in all other respects.

The Court ORDERS BOH to submit an amended Order of Appointment for this Court's review and approval, which shall reflect any revisions made necessary by this Order. The proposed amended order shall be submitted by **February 11, 2019**. If there are no changes to the original proposed Order of Appointment, the Court ORDERS BOH to resubmit the original proposed Order of Appointment by **February 11, 2019**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 31, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAI`I, ET AL; CV 14-00387 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION**