IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID BRUSER, TRUSTEES UNDER THAT CERTAIN UNRECORDED REVOCABLE LIVING TRUST AGREEMENT DATED JULY 11, 1988, AS AMENDED, DOING BUSINESS AS DISCOVERY BAY CENTER; AND LYNN BRUSER, TRUSTEES UNDER THAT CERTAIN UNRECORDED REVOCABLE LIVING TRUST AGREEMENT DATED JULY 11, 1988, AS AMENDED, DOING BUSINESS AS DISCOVERY BAY CENTER; <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF HAWAII, A HAWAII CORPORATION, AS TRUSTEE, AS SUCCESSOR BY MERGER WITH HAWAIIAN TRUST COMPANY, LIMITED, A FORMER HAWAII CORPORATION AND AS SUCCESSOR TRUSTEE UNDER THAT CERTAIN TRUST AGREEMENT DATED JUNE 6, 1974, <br><br> Defendant, <br> _____ <br><br> vs. <br><br> JULIE G. HENDERSON, as Trustee of the Julie G. Henderson Irrevocable Trust, and as Trustee of the Jean K. Gowans Irrevocable Trust, and as Trustee of the Louis L. Gowans, Jr. Irrevocable Trust; RICHARD L. GOWANS, as Trustee of the Richard L. Gowans Irrevocable Trust; KEVIN I. YOKOHAMA; ASSOCIATION OF APARTMENT OWNERS DISCOVERY BAY; SUSAN | CIVIL 14-00387 LEK-RLP |

| | |
|---|---|
| SHEETZ; and PATRICIA SHEETZ BOW, | ) ) ) |
| Intervening Defendants. | ) ) ) |
| BANK OF HAWAII, a Hawaii corporation, as Trustee, as successor by merger with Hawaiian Trust Company, Limited, a former Hawaii corporation and as successor Trustee under that certain Trust Agreement dated June 6, 1974, | ) ) ) ) ) ) ) ) ) |
| Counterclaim Plaintiff, | ) ) |
| vs. | ) ) |
| MICHAEL DAVID BRUSER and LYNN BRUSER, Trustees under that certain unrecorded Revocable Living Trust Agreement dated July 11, 1988, as amended, doing business as Discovery Bay Center, | ) ) ) ) ) ) ) ) |
| Counterclaim Defendants. | ) ) |

**AMENDED ORDER (1) GRANTING DEFENDANT/COUNTERCLAIM PLAINTIFF BANK OF HAWAII'S MOTION FOR APPOINTMENT OF TEMPORARY RECEIVER AND (2) GRANTING IN PART AND DENYING IN PART INTERVENOR DEFENDANT/COUNTERCLAIM PLAINTIFF ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY'S SUBSTANTIVE JOINDER**

On July 31, 2018, Defendant/Counterclaim Plaintiff Bank of Hawaii, as Trustee ("BOH"), filed its Motion for Appointment of a Temporary Receiver ("Motion"). [Dkt. no. 221.] Intervenor Defendant/Counterclaim Plaintiff Association of Apartment Owners of Discovery Bay ("AOAO") filed a substantive joinder in the Motion on August 7, 2018 ("Joinder"). [Dkt. no. 223.] On

August 28, 2018, BOH filed its supplemental memorandum in support of the Motion ("Supplemental Memorandum"), and Plaintiffs/Counterclaim Defendants Michael David Bruser and Lynn Bruser ("the Brusers") filed their memorandum in opposition to the Motion. [Dkt. nos. 227, 228.] On September 4, 2018, AOAO filed a supplemental memorandum regarding the Motion and the Joinder,[1] and BOH filed its reply memorandum. [Dkt. nos. 229, 230.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). BOH's Motion is hereby granted, and AOAO's Joinder is hereby granted in part and denied in part, for the reasons set forth below.

## BACKGROUND

A detailed history of this case is set forth in this Court's June 28, 2016 Findings of Fact and Conclusions of Law and Order ("6/28/16 FOF/COL"). [Dkt. no. 192.[2]] The Court will include only those facts relevant to the instant matter. This case arose out of a contract dispute regarding liability for

---

[1] The Court construes AOAO's supplemental memorandum filed on September 4, 2018 as a reply memorandum. Compare EO: Court Order Requiring a Supplemental Memorandum, filed 8/14/18 (dkt. no. 224) (requiring BOH and AOAO to file supplemental memoranda by August 28, 2018), with EO: Court Order Granting Plaintiff's Ex Parte Request for Extension of Time, filed 8/15/18 (dkt. no. 226) (extending reply deadlines to September 4, 2018).

[2] The 6/28/16 FOF/COL is also available at 2016 WL 3580612.

3

payment of trustee's fees ("Trustee Fee" or "Fee"). On August 29, 2014, the Brusers filed their Complaint for Declaratory Judgment ("Complaint") against BOH. [Dkt. no. 1.] BOH filed its counterclaims against the Brusers on January 28, 2015 ("BOH Counterclaim"). [Dkt. no. 34.]

While the Brusers' Complaint was filed against a single defendant (that is, BOH), several parties sought permission to intervene as defendants and, upon being granted intervention, they filed their own respective counterclaims, including AOAO.[3] See Order Granting Proposed Intervenor Association of Apartment Owners of Discovery Bay's Motion to Intervene Filed December 30, 2014, filed 3/27/15 (dkt. no. 45).

The Complaint sought declaratory judgment that the Brusers were, *inter alia*: not liable for the payment of the Trustee Fee under the Trust Agreement dated June 6, 1974 ("Trust Agreement"); or, in the alternative, only liable for the actual

---

[3] A number of other parties were also permitted to intervene, including: Defendants/Counterclaim Plaintiffs Julie G. Henderson, Trustee of the Julie G. Henderson Irrevocable Trust, Julie G. Henderson, Trustee of the Jean K. Gowans Irrevocable Trust, Julie G. Henderson, Trustee of the Louis L. Gowans, Jr., Irrevocable Trust, and Richard L. Gowans, Trustee of the Richard L. Gowans Irrevocable Trust (collectively "Henderson/Gowans"); [dkt. no. 41 (order permitting Henderson/Gowans to intervene);] Defendants/Counterclaim Plaintiffs Kevin I. Yokoyama, Trustee of the Kevin I. Yokoyama Trust and the Irvine K. Yokoyama, Jr. Trust (collectively "Yokoyama"); [dkt. no. 43 (order permitting Yokoyama to intervene);] and Defendants/Counterclaim Plaintiffs Susan Sheetz and Patricia Sheetz Bow (collectively "Sheetz Bow") [dkt. no. 44 (allowing Sheetz Bow to intervene)].

4

percentage of their undivided interest or only reasonable fees as determined at trial. [Complaint at ¶¶ 23(a)-(b).] They also sought additional relief such as an accounting, and reasonable attorneys' fees and costs. [Id. at ¶¶ E-F.]

The BOH Counterclaim had five claims: (1) a claim for a declaratory judgment that, pursuant to the Condominium Conveyance Document, dated December 1, 1976 ("CCD"), the Brusers were obligated to pay the Trustee Fee as determined under the Trust Agreement; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; (4) breach of the covenant of good faith and fair dealing; and (5) recovery of attorneys' fees and costs incurred as a result of enforcing the CCD pursuant to the terms of the Trust Agreement.

The AOAO Counterclaim contained four claims: (1) a claim for declaratory judgement that the Brusers were obligated to pay the Trustee Fee as determined under the Trust Agreement and/or the CCD; (2) breach of contract under the CCD; (3) breach of contract under the Trust Agreement; and (4) breach of the covenant of good faith and fair dealing.

On April 16, 2015, BOH filed its motion for partial summary judgment as to its first counterclaim against the Brusers. [Dkt. no. 50.] This Court granted BOH's motion, stating "the plain language of the CCD requires payment of fees under the Trust Agreement, which includes the Trustee Fee."

5

Bruser v. Bank of Hawaii, Civil No. 14-00387 LEK-KSC, 2015 WL 4469850, at *4 (D. Hawai`i July 21, 2015). The Court declined to address the amount of the Trustee Fee, or any matters of interpretation of the Trust Agreement. Id. at *4 n.15.

The Court held a bench trial on February 2, 2016 on the remaining claims.[4] [Minutes, filed 2/2/16 (dkt. no. 177).] The 6/28/16 FOF/COL followed and the Clerk's Office entered Judgment on June 28, 2016, finding (1) in favor of BOH on its second counterclaim for breach of contract under the CCD; (2) in favor of the Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow on their claims for declaratory relief and that the Brusers are liable for the total amount of the unpaid Trustee Fee; (3) awarding $137,434.50 to BOH as the difference between what the Brusers owed and what they paid between October 2014 and December 2015, with general excise tax ("GET"); (4) awarding attorneys' fees and

---

[4] The Brusers filed a Notice of Withdrawal of Jury Trial Demand on January 20, 2016, that was unopposed by Henderson/Gowans, AOAO, Yokoyama, BOH, and Sheetz Bow. [Dkt. nos. 145-50.] In an Entering Order filed on January 25, 2016, and pursuant to Federal Rules of Civil Procedure 38(d) and 39(a)(1), the Court withdrew the Brusers' jury demand. [Dkt. no. 152.] On February 2, 2016, the parties filed a stipulation ("Stipulation") that: BOH would dismiss its third and fourth counterclaims without prejudice; AOAO would dismiss its second, third, and fourth counterclaims without prejudice; and Henderson/Gowans, Yokoyama, and Sheetz Bow would dismiss their claims for declaratory relief that the Brusers breached the Trust Agreement without prejudice. [Dkt. no. 179.] The only remaining claims were: BOH's second counterclaim for breach of contract under the CCD; and Henderson/Gowans, AOAO, Yokoyama, and Sheetz Bow's claim for declaratory relief that, by failing to pay the Trustee Fee, the Brusers breached the CCD.

6

costs to BOH. 2016 WL 3580612, at *7-8. The Brusers filed an appeal on July 28, 2016, which is currently pending before the Ninth Circuit ("Ninth Circuit Appeal"). [Dkt. no. 200.]

On June 29, 2018, the Hawai`i Intermediate Court of Appeals ("ICA") issued a Memorandum Opinion in <u>In the Matter of the Trust Agreement dated June 6, 1974, as amended</u>, No. CAAP-15-0000409 ("Trust Litigation" and "ICA Opinion").[5] See 2018 WL 3199232. The ICA reviewed, *inter alia*, the Probate Court's ruling to increase the Trustee Fee in favor of BOH to $9,850 for a five-year period beginning October 2014. <u>Id.</u> at *10. The ICA affirmed the Probate Court's decision, stating the increase was "authorized and reasonable." <u>Id.</u> at *14. The ICA remanded the matter to the Probate Court for further proceedings. <u>Id.</u> at *21.

The Brusers represent they will timely file a petition for writ of certiorari to have the Hawai`i Supreme Court review the ICA Opinion ("Hawai`i Supreme Court Appeal"),[6] [Mem. in Opp.

---

[5] The ICA Opinion is also available at 2018 WL 3199232. The opinion sets forth the relevant procedural and factual background of the proceedings of the Trust Litigation. BOH originally petitioned the Circuit Court of the First Circuit, State of Hawai`i ("Probate Court"), to resign as trustee. See ICA Opinion, 2018 WL 3199232, at *5. BOH later filed a petition to increase the Trustee Fee. On April 17, 2015, the Probate Court approved the increase in the Trustee Fee and ordered the Trustee Fee to be withheld from distributions to the beneficiaries pending the resolution of the instant case. <u>Id.</u> at *6.

[6] The Court takes judicial notice pursuant to Federal Rules of Evidence 201 that, on or about October 2, 2018, the Brusers have applied for a writ of certiorari to the Hawai`i Supreme
(continued...)

at 8,] and that the Ninth Circuit Court of Appeals has heard oral argument on October 12, 2018 on the appeal of the 6/28/16 FOF/COL. [Id.]

**STANDARD**

> Under federal law, appointing a "receiver is an extraordinary equitable remedy," which should be applied with caution. Aviation Supply Corp. [v. R.S.B.I. Aerospace, Inc.], 999 F.2d [314,] 316 [(8th Cir. 1993)]; 12 [Charles Alan] Wright, [Arthur R.] Miller & [Richard L.] Marcus [Federal Practice and Procedure] § 2983, at 24 [(2d ed. 1997)]. However, there is "no precise formula for determining when a receiver may be appointed." Aviation Supply Corp., 999 F.2d at 316. Rather, federal courts consider a variety of factors in making this determination, including, for example: (1) "whether [the party] seeking the appointment has a valid claim"; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct," by the defendant; (3) whether the property is in imminent danger of "being lost, concealed, injured, diminished in value, or squandered"; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property"; and, (7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership." [13 James Wm. Moore, et al.,] Moore's [Federal Practice], § 66.04[2][b] [(3d ed. 2008)]; New York Life Ins. Co. [v. Watt West Inv. Corp.], 755

---

[6] (...continued)
Court to appeal the ICA Opinion. The Brusers' application for writ of certiorari has been accepted and is now pending before the Hawai`i Supreme Court; however, for the purposes of this Motion, neither the acceptance of the application for writ of certiorari nor the pending appeal affects the Court's analysis herein.

> F. Supp. [287,] 292 [(E.D. Cal. 1991)] (citing 12
> Wright, Miller & Marcus § 2983).

Can. Life Assur. Co. v. LaPeter, 563 F.3d 837, 844 (9th Cir. 2009) (some alterations in Can. Life). Although these factors provide the basic framework, the Ninth Circuit also considers whether a property is of insufficient value to guarantee payment, and whether the defendant is of "doubtful financial standing." See id. (citing View Crest Garden Apartments, Inc. v. United States, 281 F.2d 844, 847 (9th Cir. 1960)). Notwithstanding the foregoing factors, courts have the authority to appoint a receiver where, "[e]ven if inadequacy of the security and insolvency of the debtor did not appear, consideration of other circumstances [may] disclose[] . . . reasons for appointing . . . a receiver." Id. (citing View Crest, 281 F.2d at 847). Put differently, the Ninth Circuit concluded that "the district court has broad discretion in appointing a receiver, that it may consider a host of relevant factors, and that no one factor is dispositive." Id.

### DISCUSSION

### I.  Preliminary Matters

The Court first examines whether the instant Motion is properly before this Court due to its partial overlap with the Trust Litigation and the current appeals pending before both the Hawai`i Supreme Court and the Ninth Circuit Court of Appeals. The Court answers in the affirmative for the following reasons.

9

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Nat. Res. Def. Counsel, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (citation omitted) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam), *superseded by rule on other grounds as stated in*, Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co., 19 F.3d 444, 444-45 (9th Cir. 1994)). This rule promotes judicial economy and reduces "'the confusion and waste of time that might flow from putting the same issues before two courts at the same time.'" Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) (quoting Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988)). The rule does not stand upon statute, and the Ninth Circuit has cautioned against its use to "defeat its purposes [or] to induce needless paper shuffling." Id. (citations omitted). However, a number of exceptions to the general rule exist, and the district court may retain jurisdiction to "correct clerical errors or clarify its judgment pursuant to Fed. R. Civ. P. 60(a)." Id. (citations omitted). The district court may also retain jurisdiction when it has a duty to "aid [in] execution of a judgment that has not been superseded." Id. (citing In re Thorp, 655 F.2d 997, 998 (9th Cir. 1976)); see also United States v. Queen's Court Apartments, Inc., 288 F.2d 253, 255 (9th Cir. 1961) (directing the district

court to appoint a receiver to collect rents, issues and profits pending appeal of the district court's decision).

A money judgment is traditionally enforced by a writ of execution, "unless the courts direct otherwise." Fed. R. Civ. P. 69(a)(1). The procedure on execution and in other proceedings "in aid of judgment[,]" must generally follow the procedures "of the state where the court is located, but a federal statute governs to the extent it applies." Id.; see also Office Depot Inc. v. Zuccarini, 596 F.3d 696, 701 (9th Cir. 2010). Fed. R. Civ. P. 66 pertains to the appointment of a receiver in federal court.[7] "The federal rules, including Rule 66, qualify as federal statutes under Rule 69(a)." Zuccarini, 596 F.3d at 701.

BOH argues the Probate Court cannot enforce the Judgment against the Brusers because its jurisdiction is limited to disputes "initiated by trustees and interested persons" regarding the "internal affairs" of trusts, and other matters

---

[7] Fed. R. Civ. P. 66 states,

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

11

concerning trustees and beneficiaries of trusts.[8]  [Suppl. Mem.
in Supp. of Motion at 3 (citing Haw. Rev. Stat. § 560:7-201).]
AOAO appears to agree with the arguments set forth in BOH's
supplemental memorandum.[9]  [Id. at 6.]  The Brusers argue,
without citing to any authority, that the Probate Court has broad
powers to declare matters "contested" and to assign any judge
within the First Circuit Court of the State of Hawai`i to preside
over the disputed appointment of a temporary receiver.  [Mem. in
Opp. at 9.]  The Court disagrees.  The instant Motion seeks
appointment of a temporary receiver to enforce a Judgment issued
by this district court.  Thus, the Court concludes that it
retains jurisdiction over this narrow issue.  See Rule 66;
Rule 69(a)(1); see also Zuccarini, 596 F.3d at 701; Queen's
Court, 288 F.2d at 255.

## II. Appointment of Receiver

In its Motion, BOH asserts a temporary receiver is
necessary and appropriate under the circumstances, and requests
that Steve K. Sombrero of Cushman & Wakefield ChaneyBrooks be
appointed as the temporary receiver of the commercial unit at the

---

[8] BOH argues that the Brusers are "judgment creditors" of the Trust.  This is incorrect as the 6/28/16 FOF/COL rendered the Brusers liable for payment of Trustee Fee, which would turn the Brusers into judgment debtors.  See JUDGMENT DEBTOR, Black's Law Dictionary (10th ed. 2014) ("A person against whom a money judgment has been entered but not yet satisfied.").

[9] The Court will address the appropriateness of the form of the AOAO's "Supplemental Memorandum" in greater detail below.

12

Discovery Bay Condominium, located at 1778 Ala Moana Boulevard, Honolulu, Hawai`i 96815 ("Commercial Unit"), with the power to: 1) collect and hold proceeds from the Commercial Unit pending the Ninth Circuit Appeal and any further appellate review of the ICA Opinion; 2) apply the proceeds first to the reasonable and necessary maintenance and operation expenses of the Commercial Unit, the uncontested Trustee Fee, and maintenance fees and assessments of the AOAO allocable to the Commercial Unit (excluding the temporary receiver's fees), and second, to any current real property taxes; 3) to deposit the remaining proceeds, if any, in an interest bearing account to hold until BOH is paid in full under the terms of the Judgment; and 4) to receive fees and costs for services rendered to be paid on a monthly basis, or earlier, in an amount the Court deems reasonable. [Motion at 1-3.] BOH asserts the Brusers have not paid the $137,434.50 to BOH pursuant to the Judgment. [Mem. in Supp. of Motion at 1.] Additionally, the Brusers have refused to pay the full monthly fee of $9,850 plus GET determined as "reasonable" in the underlying Trust Litigation and associated ICA Opinion.[10] [Id.] BOH asserts the total amount of the deficiency for the period of January 2016 through June 2018 is

---

[10] BOH represents the Brusers have continued to pay the "'undisputed' portion of the Trustee's fee in the monthly amount of $1,100 plus GET." [Mem. in Supp. of Motion at 1 (footnote omitted).]

approximately $276,020.83, with interest of $32,182.82. [Motion, Decl. of Denise Kersting ("Kersting Decl."), Exh. 3 (calculation of Trustee Fee).] Further, BOH argues Mr. Sombrero is an experienced real estate professional who is qualified and willing to serve as a temporary receiver, for the proposed hourly rate of $250.00, which is commensurate with his knowledge and experience. [Mem. in Supp. of Motion at 8.]

The Brusers do not dispute that they have not made payments. Instead, they oppose the appointment of a temporary receiver, arguing that: (1) state, not federal, courts must enforce the Trustee Fees; (2) appointment would be premature and wasteful given the Ninth Circuit Appeal and Hawai`i Supreme Court Appeal; (3) a temporary receiver would waste the parties' and the Court's resources for only temporary and nominal gain; (4) the Brusers may seek a stay of the enforcement using the Property as substitute security; and (5) a temporary receiver would negatively impact business for the Commercial Unit.

Over the objections of the Brusers, the Court finds it appropriate to grant BOH's Motion and appoint a temporary receiver. The Brusers have both failed to satisfy the amounts owed under the Judgment and abide by its terms for over two years. See FOF/COL, 2016 WL 3580612, at *7-8. The Brusers are also actively pursuing appeals in both state and federal court seeking redress for the amount of the Trustee Fee, and the

Brusers' liability to pay it. Thus, it is questionable whether the Brusers have any intent to satisfy the Judgment in the near future.

In looking to the factors under Canada Life, this Court also concludes that: BOH has a valid claim for payment based on this Court's 6/28/16 FOF/COL; no other legal remedy would satisfy the execution of the Judgment short of the Brusers actually paying BOH; appointment of a temporary receiver will ensure timely payment of fees and taxes associated with the Commercial Unit; and BOH has and continues to suffer harm where the Brusers refused to pay the full amount of the Trustee Fee. See Can. Life, 563 F.3d at 844.

The Court rejects the Brusers' argument that they are entitled to a stay as a matter of right, with the posting of a bond in the form of the Commercial Unit. The Brusers filed their Notice of Appeal on July 28, 2016, [dkt. no. 200,] over two years ago and have had ample time to move the Court for a stay of execution of judgment in order to maintain the status quo while their appeal was pending. There has been no application for this Court's approval of a supersedeas bond of the money judgment, or any substitute form, and the Brusers have not met their burden in demonstrating a stay is warranted, pending appeal.[11] See Fed. R.

---

[11] It is well settled that courts generally consider four factors before issuing a stay of judgment pending appeal:
(continued...)

Civ. P. 62; see also Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing Nken v. Holder, 556 U.S. 418, 433-34, 129 S. Ct. 1749 (2009)). Moreover, the Brusers' reliance upon American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966), and Bass v. First Pacific Networks, Inc., 219 F.3d 1052 (9th Cir. 2000), for the proposition that they are entitled to a stay, is misplaced.[12] The rationale in both American Manufacturers and Bass is that a stay is contingent upon the bond first being accepted by the Court and posted, in accordance with Rule 62(d), which the Brusers have not done. Moreover, the Brusers' assertion that the "substitute security" of the Commercial Unit is appropriate does not automatically make it so, and this Court is neither persuaded nor bound by Shanghai Investment Co. v.

---

[11] (...continued)
"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

[12] In Bass, the Ninth Circuit decided the issue of whether attorneys' fees were recoverable for enforcement of a supersedeas bond, which was denied by the district court, and affirmed on appeal. The Ninth Circuit held that federal, not state law, governed the surety's liability for attorneys' fees in the summary proceedings to enforce the supersedeas bond posted pending appeal, and neither Fed. R. Civ. P. 65.1 nor Rule 62(d) permitted a party to recover attorneys' fees for such a proceeding. Bass, 219 F.3d at 1054-56.

Alteka Co., 92 Hawai`i 482, 993 P.2d 516, 537, *overruled on other grounds*, Blair v. Ing, 96 Hawai`i 327, 31 P.3d 184 (2001), cited by the Brusers. [Mem. in Opp. at 11-12.] In Shanghai, the Hawai`i Supreme Court held, *inter alia*, that the trial court properly exercised its discretion in allowing the plaintiff-appellant to provide substitute security in lieu of a supersedeas bond. 92 Hawai`i at 504, 993 P.2d at 538. However, Shanghai is distinguishable since it dealt with Haw. R. Civ. P. 62(d) (1990), and the trial court - after holding a hearing on the motion to stay - granted the plaintiff-appellant leave to provide the defendant-appellee with a judgment lien on the substitute security (property with a tax assessed value of $15 million), and $100,000 in a court-supervised interest-bearing account. See id. Moreover, this Court need not look to state procedural law in a matter concerning a federal statute expressly governing supersedeas bond approval and the effect thereof. See Vacation Vill., Inc. v. Clark Cty., Nev., 497 F.3d 902, 913-14 (9th Cir. 2007) ("'[F]ederal courts are to apply state substantive law and federal procedural law.'" (alteration in Vacation Vill.) (quoting Hanna v. Plumer, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965))); Bass, 219 F.3d at 1055 ("Rule 62(d) is a purely procedural mechanism to preserve the **status quo** during a stay pending appeal of a district court decision and creates no choice of law concerns." (emphasis in Bass)).

17

**III. Joinder**

In its Joinder, the AOAO agrees to the appointment of the temporary receiver as described in the Motion, but argues BOH's continued practice of paying itself out of the Trust corpus (of which the AOAO asserts it is a beneficiary) contravenes the 6/28/16 FOF/COL. [Joinder at 6.] AOAO states it has asked BOH to cease payments made from the Trust corpus, return all monies appropriated, and provide an accounting. [Id., Decl. of Andrew V. Beaman ("Beaman Decl.") at ¶¶ 4-5.] According to AOAO, BOH agreed to suspend its withholding of the Trustee Fee from the beneficiaries for six months, pending further Probate Court proceedings, but did not respond to the AOAO's other requests. [Id.]

Insofar as AOAO has joined in the Motion and has agreed to the appointment of a temporary receiver, the Joinder is granted. However, the Court denies all other requests therein as they go beyond the scope of the Motion and are unsupported by any legal authority.

## CONCLUSION

On the basis of the foregoing, BOH's Motion for Appointment of a Temporary Receiver, filed July 31, 2018, is HEREBY GRANTED, and AOAO's Joinder in BOH's Motion, filed August 7, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART.

18

The Joinder is GRANTED with respect to the appointment of a temporary receiver and DENIED as to all other issues.

The Court ORDERS BOH to prepare an Order of Appointment for this Court's review and approval. The proposed order shall be submitted by **February 11, 2019**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 7, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DAVID BRUSER, ETC., ET AL. VS. BANK OF HAWAII, ETC.; CV 14-00387 LEK-RLP; AMENDED ORDER (1) GRANTING DEFENDANT/COUNTERCLAIM PLAINTIFF BANK OF HAWAII'S MOTION FOR APPOINTMENT OF TEMPORARY RECEIVER AND (2) GRANTING IN PART AND DENYING IN PART INTERVENOR DEFENDANT/COUNTERCLAIM PLAINTIFF ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY'S SUBSTANTIVE JOINDER**