UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

MICHAEL DAVID BRUSER, TRUSTEES          CIV. NO. 14-00387 LEK-RLP
UNDER THAT CERTAIN UNRECORDED
REVOCABLE LIVING TRUST AGREEMENT
DATED JULY 11, 1988, AS AMENDED,
DOING BUSINESS AS DISCOVERY BAY
CENTER; AND LYNN BRUSER,
TRUSTEES UNDER THAT CERTAIN
UNRECORDED REVOCABLE LIVING
TRUST AGREEMENT DATED JULY 11,
1988, AS AMENDED, DOING BUSINESS
AS DISCOVERY BAY CENTER;

                Plaintiffs,

        vs.

BANK OF HAWAII, A HAWAII
CORPORATION, AS TRUSTEE, AS
SUCCESSOR BY MERGER WITH
HAWAIIAN TRUST COMPANY, LIMITED,
A FORMER HAWAII CORPORATION AND
AS SUCCESSOR TRUSTEE UNDER THAT
CERTAIN TRUST AGREEMENT DATED
JUNE 6, 1974;

                Defendant.
_____
        vs.

JULIE G. HENDERSON, as Trustee
of the Julie G. Henderson
Irrevocable Trust, and as
Trustee of the Jean K. Gowans
Irrevocable Trust, and as
Trustee of the Louis L. Gowans,
Jr. Irrevocable Trust; RICHARD
L. GOWANS, as Trustee of the
Richard L. Gowans Irrevocable
Trust; KEVIN I. YOKOHAMA;
ASSOCIATION OF APARTMENT OWNERS

DISCOVERY BAY; SUSAN SHEETZ; and
PATRICIA SHEETZ BOW,

     Intervening Defendants.

_____

BANK OF HAWAII, a Hawaii
corporation, as Trustee, as
successor by merger with
Hawaiian Trust Company, Limited,
a former Hawaii corporation and
as successor Trustee under that
certain Trust Agreement dated
June 6, 1974,

     Counterclaim Plaintiff,

     vs.

MICHAEL DAVID BRUSER and LYNN
BRUSER, Trustees under that
certain unrecorded Revocable
Living Trust Agreement dated
July 11, 1988, as amended, doing
business as Discovery Bay
Center,

     Counterclaim Defendants.

**ORDER DENYING PLAINTIFFS' OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION FOR ORDER TO
<u>SHOW CAUSE AND TO DENY PLAINTIFFS' COUNTER MOTION</u>**

     On May 2, 2019, the magistrate judge filed his

Findings and Recommendation to Grant Defendant's Motion for

Order to Show Cause and to Deny Plaintiffs' Counter Motion

("F&R"). [Dkt. no. 253.[1]] Plaintiffs/Counterclaim

Defendants Michael David Bruser and Lynn Bruser ("the Brusers")

_____

     [1] The F&R is also available at 2019 WL 2194857

2

filed their objections to the F&R ("Objections") on May 17, 2019. [Dkt. no. 254.] On June 3, 2019, Defendant/Counterclaim Plaintiff Bank of Hawaii ("BOH") filed its memorandum in opposition to the Objections. [Dkt. no. 257.] The Brusers filed a reply memorandum on June 17, 2019. [Dkt. no. 258.] The Court has considered the Objections as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

The Brusers' Objections are hereby denied and the F&R is adopted for the reasons set forth below. Further, the Brusers are ordered to appear on **September 4, 2019, at 3:30 p.m.**, to show cause why they should not be held in contempt.

**BACKGROUND**

The factual and procedural background of this matter is summarized in this Court's February 7, 2019 amended order ("2/7/19 Order") granting BOH's motion for the appointment of a temporary receiver and granting in part and denying in part Intervenor Defendant/Counterclaim Plaintiff Association of Apartment Owners of Discovery Bay's substantive joinder, [dkt.

no. 242,[2]] and the F&R, and only relevant facts will be discussed here.

On February 13, 2019, this Court approved the Order Appointing Temporary Receiver ("Receivership Order"), which granted Steve K. Sombrero ("Temporary Receiver") with the authority to, inter alia: "collect and hold proceeds from the rental and operation of the Commercial Unit";[3] [Receivership Order, dkt. no. 243, at 4;] "take full possession, control and custody of the records of the Commercial Unit necessary to carry out the duties set forth herein"; [id. at 5;] and "do any and all other acts as the Temporary Receiver shall determine are reasonable or necessary to complete the Temporary Receiver's duties hereunder relating to the Commercial Unit," [id. at 6]. On March 26, 2019, BOH filed its Motion for Order to Show Cause

---

[2] On November 23, 2018, this Court issued its Order (1) Granting Defendant/Counterclaim Plaintiff Bank of Hawaii's Motion for Appointment of Temporary Receiver and (2) Granting in Part and Denying in Part Intervenor Defendant/Counterclaim Plaintiff Association of Apartment Owners of Discovery Bay's Substantive Joinder ("11/23/18 Order"). Dkt. no. 233, *available at* 2018 WL 6161978. On November 30, 2018, the Brusers moved for reconsideration of the 11/23/18 Order, [dkt. no. 234,] which this Court granted in part and denied in part in its January 31, 2019 order ("Reconsideration Order"). Dkt. no. 241, *available at* 2019 WL 404172. Pursuant to the Reconsideration Order, this Court issued the 2/7/19 Order, which is also available at 2019 WL 497615.

[3] The Commercial Unit is located at the Discovery Bay Condominium, 1778 Ala Moana Boulevard, in Honolulu, Hawai`i. See 2/7/19 Order, 2019 WL 497615, at *5.

Why Plaintiffs Should Not be Held in Contempt for Failing to Comply with Receivership Order ("OSC Motion"), which sought a court order directing the Brusers to immediately turn over to the Temporary Receiver the proceeds from the rental and operation of the Commercial Unit, and its records; and hold the Brusers in civil contempt for their failure to comply with the Receivership Order. [Dkt. no. 244.] The Brusers filed their memorandum in opposition to the OSC Motion on April 16, 2019 ("OSC Opposition"), which included their Counter-Motion for a Stay of All District Court Proceedings, or in the Alternative for the Removal of the Present Temporary Receiver ("Counter-Motion"). See dkt. nos. 250 (OSC Opp.), 250-3 (Counter-Motion). The Counter-Motion stated it was brought pursuant to Local Rule 7.9, and sought a stay of the instant proceedings, pending the Brusers' appeals before the Hawai`i Supreme Court and the Ninth Circuit, or in the alternative, to replace and appoint a new temporary receiver.[4] [Counter-Motion at 11-15.]

---

[4] The Brusers' appeal to the Hawai`i Supreme Court ("State Court Appeal") is discussed in further detail in the Reconsideration Order. See 2019 WL 404172, at *2-3. The Brusers filed their notice of appeal to the Ninth Circuit on July 28, 2016, and the submission of the appeal was subsequently vacated on December 11, 2018 ("Appeal Order") pending the outcome of the State Court Appeal. [Dkt. nos. 200 (notice of appeal), 236 (Appeal Order).]

In the F&R, the magistrate judge recommended the OSC Motion be granted because the Brusers had violated a specific and definite order of this Court when they failed to provide the records of the Commercial Unit to the Temporary Receiver, and failed to either take every reasonable step to comply with the Receivership Order, or articulate a reason why compliance was not possible.  F&R, 2019 WL 2194857, at *3-4. The magistrate judge also recommended this Court deny the Counter-Motion, because, *inter alia*, it did not raise the same subject matter as the OSC Motion pursuant to Local Rule 7.9, and because this Court and the Ninth Circuit previously rejected the Brusers' request for a stay of the instant action.  Id. at *4-5.

The Brusers now object to: 1) the magistrate judge's summary of the relevant background, which states the Brusers had failed to pay the amounts owed under the Judgment in a Civil Case ("Judgment"),[5] or abide by its terms, for over two years; [Objections at 4-5;] 2) the magistrate judge's statement that BOH continued to suffer harm because the Brusers refused to pay the full amount of the trustee fees; [id. at 5-6;] 3) the magistrate judge's statement that the equities weighed against granting the Brusers' request for a stay; [id. at 6;] 4) the portion of the F&R stating the Brusers violated this Court's

---

[5] The Judgment was entered on June 28, 2016.  [Dkt. no. 193.]

order by failing to turn over records to the Temporary Receiver;
[id. at 7-9;] 5) the portion of the F&R stating the Brusers
failed to take every reasonable step to comply, or to explain
why they could not comply, with the Receivership Order; [id. at
9-10;] and 6) the magistrate judge's denial of their Counter-
Motion, [id. at 11-12].

## STANDARD

Although the Brusers argue their Objections are
brought pursuant to Local Rule 74.1, this rule applies to a
party's right to appeal the magistrate judge's determination of
"any **pretrial matter** pending before the court, except those
motions delineated in LR72.4(a)." (Emphasis added). Because
the Judgment was entered on June 28, 2016, BOH's OSC Motion is
actually a post-judgment motion for sanctions. Therefore, Local
Rules 72.9 and 74.2 apply to the F&R.[6] With regard to objections
brought pursuant to Local Rule 74.2, this Court has stated:

---

[6] Local Rule 72.9 provides:

> Unless otherwise ordered, a post-verdict or
> **post-judgment motion for sanctions** shall
> automatically be referred to the magistrate judge
> assigned to the case in accordance with 28
> U.S.C. § 636(b)(3). The magistrate judge shall
> submit to a district judge findings and
> recommendations. **The procedures for adjudicating
> such a motion shall be identical to those set
> forth in LR74.2.**

(Emphases added).

Local Rule 74.2 provides: "Any party may object to a magistrate judge's case dispositive order, findings, or recommendations . . . within fourteen (14) days after being served with a copy of the magistrate judge's order, findings, or recommendations." <u>See also</u> Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

This Court reviews a magistrate judge's findings and recommendations under the following standard:

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); <u>see also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." <u>Freeman v. DirecTV, Inc.</u>, 457 F.3d 1001, 1004 (9th Cir. 2006); <u>United States v. Silverman</u>, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. <u>United States v. Remsing</u>, 874 F.2d 614, 616 (9th Cir. 1989).

<u>PJY Enters., LLC v. Kaneshiro</u>, Civil No. 12-00577
LEK-KSC, 2014 WL 3778554, at *2 (D. Hawai`i
July 31, 2014) (alteration in <u>PJY</u>) (some
citations omitted).

However, "'[f]rivolous, conclusive, or
general objections [to a magistrate judge's
report and recommendation] need not be considered
by the district court.'" <u>Rodriguez v. Hill</u>,
No. 13CV1191-LAB (DHB), 2015 WL 366440, at *1
(S.D. Cal. Jan. 23, 2015) (some alterations in
<u>Rodriguez</u>) (quoting <u>Marsden v. Moore</u>, 847 F.2d
1536, 1548 (11th Cir. 1988)).  Thus, an objection
to findings "without any analysis as to why [they
are] inaccurate" is "insufficient to trigger
review of those findings." <u>United States v.
Rudisill</u>, Nos. CR 97-327-PHX-ROX, CV 04-466-PHX-
ROX, 2006 WL 3147663, at *1 (D. Ariz. Nov. 1,
2006) (citation omitted).  If courts required
review in such circumstances, "'judicial
resources would be wasted and the district
court's effectiveness based on help from
magistrate judges would be undermined.'"
<u>Bridgeman v. Stainer</u>, No. 12-CV-212 BEN (PCL),
2014 WL 1806919, at *1 (S.D. Cal. May 7, 2014)
(some citations omitted) (quoting <u>United State[s]
v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007));
<u>see also</u> <u>Reyna-Tapia</u>, 328 F.3d at 1122 ("the
underlying purpose of the Federal Magistrates Act
is to improve the effective administration of
justice" (citing <u>Peretz v. United States</u>, 501
U.S. 923, 928, 111 S. Ct. 2661, 115 L. Ed. 2d 808
(1991)).  Further, "[o]bjections that would not
alter the outcome are moot, and can be overruled
on that basis alone." <u>Rodriguez</u>, 2015 WL 366440,
at *1.

<u>Muegge v. Aqua Hotels & Resorts, Inc.</u>, Civil 09-00614 LEK-BMK,

2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (some

alterations in <u>Muegge</u>).

## I.  Preliminary Matters

Local Rule 74.2 provides that "[n]o reply in support of objections . . . to a magistrate judge's . . . proposed order, findings, or recommendations shall be filed without leave of court."  The Brusers did not comply with Local Rule 74.2 because they did not first seek leave before filing their reply. Although the reply was not properly filed, this Court has the discretion to consider additional materials, and will consider the reply and the attached exhibit in support of the Brusers' Objections.  See Local Rule LR74.2 ("The district judge may exercise discretion to receive further evidence.").

Next, BOH argues the Brusers' Objections are untimely because they were filed on May 17, 2019, which is more than fourteen days after the F&R was filed, on May 2, 2019.  The F&R was signed by the magistrate judge on May 2, 2019, but entered into this Court's electronic case filing system on May 3, 2019. According to the Notice of Electronic Filing generated by the Court's CM/ECF system, which is attached to the Brusers' reply as Exhibit A, the Brusers were served with a copy of the F&R on May 3, 2019.  See reply, Exh. A.  Fourteen days from May 3, 2019 is May 17, 2019; therefore, the Brusers' Objections were timely filed.  The Court now turns to the merits of the Objections.

## II.  **The Background Information in the F&R**

The Brusers' first, second, and third objections to the F&R pertain to the manner in which the magistrate judge summarized the procedural background of this case, including this Court's 2/7/19 Order.  To the extent the Brusers object to the magistrate judge's **summary** of this Court's conclusion that the Brusers failed to pay the amounts owed under the Judgment or to abide by its terms, their objections are denied.  The magistrate judge repeated, nearly verbatim, this Court's findings in its 2/7/19 Order.  <u>Compare</u> 2/7/19 Order, 2019 WL 497615, at *6 ("The Brusers have both failed to satisfy the amounts owed under the Judgment and abide by its terms for over two years." (citing Findings of Fact and Conclusions of Law and Order, filed 6/28/16 ("FOF/COL") (dkt. no. 192), at 17-20)),[7] <u>with</u> F&R, 2019 WL 2194857, at *1 ("the district court held that the Brusers had failed to pay the amounts owed under the Judgment and to abide by the terms of the Judgment for over two years" (citing ECF No. 242 at 14)).  To the extent the Brusers appear to challenge the **basis** of this Court's findings in the 2/7/19 Order because they argue "[t]hat parroted conclusion is inaccurate, and falsely painted the Brusers in a bad light with the Magistrate," [Objections at 4,] that argument is rejected as

---

[7] The FOF/COL is also available at 2016 WL 3580612.

well. This is essentially a challenge to this Court's 2/7/19

Order, which the Brusers should have sought reconsideration of

within the applicable time provided under the Local Rules.[8]

Because they are raising this issue now, such arguments are

untimely.

Second, the Brusers' objection to the magistrate

judge's summary of this Court's 2/7/19 Order that "BOH continued

to suffer harm because the Brusers refused to pay the full

amount of the trustee fees," is rejected. [Objections at 5

(quotation marks omitted).] The F&R accurately summarizes this

Court's conclusions in the 2/7/19 Order. Compare 2/7/19 Order,

2019 WL 497615, at *6 ("BOH has and continues to suffer harm

where the Brusers refused to pay the full amount of the Trustee

Fee"), with F&R, 2019 WL 2194857, at *1 ("Specifically, the

court held that BOH . . . continued to suffer harm because the

Brusers refused to pay the full amount of the trustee fees."

(citation omitted)). To the extent the Brusers are raising a

challenge to this Court's conclusion in the 2/7/19 Order, that

---

[8] As noted above, the Brusers did file a motion for
reconsideration of this Court's 11/23/18 Order, which this Court
determined should be reviewed under Fed. R. Civ. P. 60. See
Reconsideration Order, 2019 WL 404172, at *3 (discussing
applicable rule applying to motions for post-judgment relief).
The Brusers' motion for reconsideration did not raise any
argument as to the portion of the 11/23/18 Order pertaining to
the Court's findings that the Brusers failed to comply with the
Judgment.

argument is also rejected as untimely for the same reasons stated above.

Finally, the Brusers' third objection to the magistrate judge's summary of the 2/7/19 Order regarding the equities weighing against a stay, is rejected, because it is an accurate summary of the 2/7/19 Order. Compare 2/7/19 Order, 2019 WL 497615, at *6, with F&R, 2019 WL 2194857, at *1. If the Brusers are instead challenging this Court's conclusions in the 2/7/19 Order, that argument is denied because the Brusers' right to move for reconsideration has passed. The Court finds the magistrate judge did not clearly err in summarizing this Court's 2/7/19 Order, therefore this portion of the Brusers' Objections is denied.

## III. **Civil Contempt**

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y ("Cetacean Research"), 774 F.3d 935, 945 (9th Cir. 2014) (alteration in Cetacean Research) (citation and quotation marks omitted). "In a civil contempt action, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to

demonstrate why they were unable to comply."  Fed. Trade Comm'n

v. Enforma Nat. Prods., Inc., 362 F.3d 1204, 1211 (9th Cir.

2004) (brackets, citation, internal quotation marks omitted).

>     The contempt "'need not be willful,'" [In re
>     Dual-Deck Video Cassette Recorder Antitrust
>     Litig., 10 F.3d 693, 695 (9th Cir. 1993)]
>     (quoting In re Crystal Palace Gambling Hall,
>     Inc., 817 F.2d 1361, 1365 (9th Cir. 1987));
>     however, a person should not be held in contempt
>     if his action "appears to be based on a good
>     faith and reasonable interpretation of the
>     court's order."  Id. (internal quotations and
>     citations omitted).

Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir.

2006).

## A.   **Violation of a Specific and Definite Order**

The Brusers next object to the magistrate judge's

finding that the Brusers violated a specific and definite order

"by failing to provide the records of the Commercial [Unit] to

the Temporary Receiver."  [Objections at 7 (quotation marks

omitted).]  They argue the magistrate judge erred because the

Brusers wanted to first meet with the Temporary Receiver to

explain the records and the related management issues, rather

than immediately turn over the records to the Temporary

Receiver.  The Brusers assert the Temporary Receiver was

supposed to contact the Brusers' counsel to arrange this

meeting, but "completely disappeared, apparently on a two- or

three-week vacation," before BOH filed the OSC Motion.  [Id. at

9.]  BOH argues the OSC Motion clearly demonstrates the Brusers have failed to turn over records, failed to turn over rents, and "have affirmatively directed their property manager to not comply with the Temporary Receiver."  [Mem. in Opp. at 16 (citation omitted).]

Considering BOH's and the Brusers' arguments anew, it does not appear the magistrate judge erred in finding the Brusers failed to comply with a specific and definite order of this Court.  The Receivership Order gave clear authority to the Temporary Receiver to "take full possession, control and custody of the records of the Commercial Unit necessary to carry out the duties set forth herein"; [Receivership Order at 5, ¶ 2.A;] and "[t]o collect and hold proceeds from the rental and operation of the Commercial Unit at the Discovery Bay Condominium, pending the final disposition of the Brusers' Ninth Circuit Appeal and of any further appellate review in the Trust Litigation," for payment in accordance with the Receivership Order, [id. at 4, ¶ 1.A (footnote omitted)].  Although the Receivership Order did not identify a deadline by which the records or rents must be turned over, from the time the order was issued to the date of BOH's OSC Motion, the Brusers do not appear to have complied with the order, but have instead challenged it.

Based on the Declaration of Steve K. Sombrero ("Sombrero Decl."), the Temporary Receiver made multiple efforts to contact the Brusers, but the Brusers failed and/or refused to return his calls and emails. [OSC Motion, Sobrero Decl. at ¶ 3.] The Temporary Receiver stated he was informed by the Brusers' property manager, Phillip Hunt, that the Brusers had instructed him not to "interface" with the Temporary Receiver. [Id. at ¶ 4.] As of March 26, 2019, the Temporary Receiver "ha[d] not received any rents, books, records, monies, or other materials from the Brusers or their property manager, Mr. Hunt." [Id. at ¶ 5.]

In review of the exchange between counsel, BOH has also demonstrated that the Brusers did not intend to comply with the Receivership Order. [OSC Motion, Decl. of Counsel ("Bolton Decl."), Exh. 1 (3/22/19 emails between the Brusers' counsel, Gary Dubin, and BOH's counsel, Johnathan Bolton), Exh. 2 (3/25/19 emails between Mr. Dubin and Mr. Bolton).] On March 22, 2019, Mr. Bolton left Mr. Dubin a voicemail message, to which Mr. Dubin responded in an email that "Mike Bruser is presently in delicate negotiations with existing tenants and with new tenants and any attempt to injection [sic] a so-called temporary receiver into Discovery Bay Commercial Center would be unacceptably harmful if not completely disastrous." [Bolton Decl., Exh. 1 at 2-3.] Mr. Dubin then explained that,

if the Ninth Circuit Court of Appeals will not
issue a stay we will return to Judge Kobayashi to
seek a stay of her Order from her, and failing
that, my clients will deposit in court whatever
amount is needed to prevent irreparable damage to
their $20,000,000 investment that contrastingly
has no liens whatsoever on it.

[Id. at 2.] On March 25, 2019, Mr. Dubin told Mr. Bolton: "As I
have repeatedly explained to you, having a temporary receiver at
the Discovery Bay Commercial Center would disrupt ongoing
negotiations with existing and perspective tenants and besides
being wasteful would be of lasting injury to the profitability
of the Center and in no one's interest." [Bolton Decl., Exh. 2
at 3.] From Mr. Dubin's representations, it is clear the
Brusers did not permit the Temporary Receiver to collect either
rents or records, and that the Brusers intended to challenge the
Receivership Order. Because BOH presented clear and convincing
evidence that there was a specific and definite court order,
that the Brusers did not comply with, the Court looks to the
Brusers to show what steps they have taken to comply.

The Brusers do not dispute that they did not turn over
the rents or records pursuant to the Receivership Order. The
joint Declaration of Michael David Bruser and Lynn Bruser, dated
March 29, 2019 ("Bruser Declaration") simply demonstrates that
the Brusers did not personally know, nor did they have any
conversations with, the Temporary Receiver. [OSC Opp., Bruser
Decl. at ¶ 3.] They further state that the Temporary Receiver

should have been aware that the Brusers "reside in California and all questions regarding the pending dispute with Bank of Hawaii should have been referred to their counsel in Honolulu." [Id. at ¶ 6.] Nothing here shows the Brusers complied with the Receivership Order.

Nor does the Declaration of Tony N. Bruser ("Tony Decl.") show that the Brusers complied with the Receivership Order.[9] Instead, it appears Mr. Hunt and the Temporary Receiver communicated on at least four occasions regarding the Temporary Receiver's request to review the Commercial Unit's records and files, and there were a series of conversations between Mr. Hunt and Tony Bruser, and Michael Bruser and Tony Bruser, regarding the Temporary Receiver's request to review the records and files. [OSC Opp., Tony Decl. at ¶¶ 3-5.] Although Tony Bruser states Michael Bruser "was working on travel plans to fly out to Honolulu to meet with Mr. Sobrero," [id. at ¶ 4,] no meeting appears to have taken place, given that Michael Bruser claims he has not "had any conversation with anyone identified [as Steve Sobrero]." [Bruser Decl. at ¶ 3.] On March 22, 2019, the Temporary Receiver again contacted Mr. Hunt "concerning accessing files, etc.," and Mr. Hunt relayed this call to Tony

---

[9] Tony Bruser "assist[s his] father and his wife, Michael and Lynn Bruser, with property management at Discovery Bay Center in Honolulu, Hawaii." [Tony Decl. at ¶ 1.]

Bruser.  [Tony Decl. at ¶ 5.]  Tony Bruser contacted

Michael Bruser regarding the March 22, 2019 call, and

Michael Bruser instructed Tony Bruser to ask Mr. Hunt to have

the Temporary Receiver contact Mr. Dubin.  [Tony Decl. at ¶ 5.]

The Brusers' counsel did not submit a declaration either

confirming or denying whether this conversation ever took place.

    Based on the record before this Court, there is clear

and convincing evidence that the Brusers did not turn over any

records pursuant to the Receivership Order.  See Enforma Nat.

Prods., 362 F.3d at 1211.  While there was some discussion about

Michael Bruser meeting the Temporary Receiver to explain the

Commercial Unit records, no evidence exists that steps were

taken to do so.  Instead, it is clear that the Brusers chose not

to comply with the Receivership Order, and represented to BOH

their intent to seek a stay, which would frustrate the purpose

of the Receivership Order.  See Cetacean Research, 774 F.3d at

948 ("'[e]very affirmative order in equity carries with it the

implicit command to refrain from action designed to defeat it'"

(brackets in Cetacean Research) (quoting NLRB v. Deena Artware,

Inc., 361 U.S. 398, 413, 80 S. Ct. 441, 4 L. Ed. 2d 400 (1960)

(Frankfurter, J., concurring))).  There is no evidence which

demonstrates that the Brusers have complied with the

Receivership Order.

The Court therefore denies the Brusers' Objections as to their challenge to the magistrate judge's finding that the Brusers violated a specific and definite court order.

## B.   Reasonable Steps to Comply

A party will not be held in contempt if that party's action "appears to be based on a good faith and reasonable interpretation of the court's order." Reno Air, 452 F.3d at 1130 (citation and quotation marks omitted). "Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." Dual-Deck, 10 F.3d at 695 (citations and internal quotation marks omitted).

The Brusers object to the magistrate judge's finding that the Brusers did not take reasonable steps to comply with the Receivership Order, nor explained why compliance was not possible. [Objections at 9-10.] The Brusers again point to the Temporary Receiver's absence, and argue that the magistrate judge improperly assessed the credibility of the witnesses in finding the Brusers did not take steps to comply with the Receivership Order. Based on the same set of facts described above, the Court does not find the Brusers' arguments persuasive. The Temporary Receiver attempted to contact the Brusers, and did reach the Brusers' property manager, Mr. Hunt, at least three times by phone, and once by email, to discuss

review of the Commercial Unit's records, [Tony Decl. at ¶¶ 3-5,]
and BOH's counsel engaged in a heated exchange with the Brusers'
counsel regarding the collection of the rents and records,
[Bolton Decl., Exh. 1].  In both instances, neither the Brusers
nor their counsel demonstrated an attempt to cooperate with the
Temporary Receiver's request that the Brusers turn over the
rents and records to the Commercial Unit.  Still, the Brusers
argue that "despite their best efforts" it was difficult "to
connect with a sporadically appearing telephoning temporary
receiver who when invited to meet with Mr., [sic] Bruser, which
was essential for him to intelligent [sic] perform his duties,
he disappeared for what became several weeks." [Objections
at 9-10.]  Aside from Tony Bruser's statement that Michael
Bruser was "working on travel plans" to meet with the Temporary
Receiver, [Tony Decl. at ¶ 4,] the Brusers present no evidence
of their "best efforts" to contact the Temporary Receiver.  This
lack of evidence, coupled with Mr. Dubin's correspondence with
Mr. Bolton outlined above regarding a stay, weighs against
finding that the Brusers took every reasonable step to comply
with the Receivership Order.  See Jou v. Adalian, Civil No. 09-
00226 JMS–KSC, 2014 WL 1775608, *3 (D. Hawai`i Apr. 9, 2014)
(citing United States v. Ayers, 166 F.3d 991, 994 (9th Cir.
1999)).  For these reasons, the Court denies this portion of the
Brusers' Objections and adopts the portion of the magistrate

judge's F&R recommending that the OSC Motion be granted.  The
Brusers are therefore ordered to show cause as to why they
should not be held in civil contempt for their failure to comply
with the Receivership Order, and must file their response to
this Order by **August 28, 2019**.

## IV.  <u>Denial of Counter-Motion</u>

Finally, the Brusers argue the magistrate judge erred
in recommending this Court deny their Counter-Motion, which
sought to "substitute asset security or substitute cash for the
temporary receivership." [Objections at 11.]  The Brusers argue
this would make it unnecessary to have a temporary receiver take
possession of the Commercial Unit's records and finances.  As an
initial matter, a properly framed counter motion "rais[es] the
same subject matter as an original motion [and] may be filed by
the responding party together with the party's opposition."
Local Rule LR7.9.  In review of the Counter-Motion and the OSC
Motion, it does not appear that the Brusers have raised the same
subject matter as the OSC Motion.  The Counter-Motion seeks a
stay of the Receivership Order or removal of the Temporary
Receiver, and contends the Temporary Receiver and BOH engaged in
bad faith in collecting the Judgment.  [Counter-Motion at 11-
15.]  The OSC Motion concerns the Brusers' failure to comply
with the Receivership Order and seeks their immediate compliance
and to have the Brusers held in civil contempt.  Because the OSC

Motion and Counter-Motion seek different and separate forms of relief, the Court agrees with the magistrate judge that the Counter-Motion does not comply with Local Rule 7.9. Nevertheless, even considering the merits of the Counter-Motion, this Court would deny it because the portion of the Counter-Motion seeking a stay is simply a rehash of the Brusers' legal and factual arguments addressed in the 2/7/19 Order and the Reconsideration Order; and the portion of the Counter-Motion asserting that BOH and the Temporary Receiver acted in bad faith is unsupported by any evidence.

First, the Brusers' argument that a stay is warranted based on the Hawai`i Supreme Court granting certiorari in SCWC-15-0000632, because it is certain the supreme court will reverse the lower court's decision, was already argued and rejected in the Reconsideration Order. See Reconsideration Order, 2019 WL 404172 at *4. This is essentially a second motion for reconsideration of the Court's rulings in the 11/23/18 Order, and based on the same arguments this Court previously denied. Second, the Brusers' argument that staying the case based on "such financial terms as are reasonable and just considering the value of their Commercial [Unit]," [Counter-Motion at 12,] was previously argued and rejected by this Court in the 2/7/19 Order. See 2/7/19 Order at *6 ("The Court rejects the Brusers' argument that they are entitled to a stay as a matter of right,

23

with the posting of a bond in the form of the Commercial Unit."). To the extent the Brusers have raised it again, this is an untimely and baseless motion for reconsideration of the 2/7/19 Order, which raises no new arguments, law, or facts.[10] Should they entertain any thought of raising it again, they should not. Raising such a frivolous argument will be met with sanctions. The Court therefore denies this portion of the Brusers' Objections.

Finally, the Brusers' contention that BOH and the Temporary Receiver have acted in bad faith is soundly rejected. The Brusers have not produced any evidence that either BOH or the Temporary Receiver acted in bad faith. The Brusers'

---

[10] This Court stated:

> This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). . . .

> Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

Reconsideration Order, 2019 WL 404172, at *3 (alteration in Reconsideration Order).

argument concerning BOH's motives in seeking the appointment of a temporary receiver is speculative, and is unsupported by any evidence. Further, the March 25, 2019 email in which Mr. Bolton summarized the Temporary Receiver's duties, does not support the Brusers' argument that BOH has continuously misrepresented the powers of the Temporary Receiver. See Counter-Motion at 14 (citing Bolton Decl., Exh. 2). Instead, this same email chain, establishes that BOH's counsel attempted to work with the Brusers to assure them that the Temporary Receiver could operate "behind the scenes without any of the tenants' knowledge" to address the Brusers' concerns that the Temporary Receiver would disrupt ongoing negotiations at the Commercial Unit. [Bolton Decl., Exh. 2 at 2-3.] Moreover, BOH tried to work with the Brusers to give them time to "agree to comply with the Court's order" prior to seeking relief from this Court. [Id. at 2.] BOH's attempts to reach an agreement with the Brusers and provide notice of their intent to seek Court assistance are the opposite of bad faith, and the Brusers' characterization of these actions is baseless.

In sum, this Court agrees with the magistrate judge's recommendation to deny the Counter-Motion, and therefore adopts this portion of the F&R.

On the basis of the foregoing, the Brusers' Objections to the magistrate judge's Findings and Recommendation to Grant Defendant's Motion for Order to Show Cause and to Deny Plaintiffs' Counter-Motion, filed May 17, 2019, is HEREBY DENIED and the magistrate judge's F&R is HEREBY ADOPTED. BOH's OSC Motion is HEREBY GRANTED, and the Brusers are ORDERED to show cause as to why they should not be held in civil contempt for their failure to comply with the Receivership Order, filed February 13, 2019. The Brusers are ORDERED to file a response to this Order by **August 28, 2019**, and to appear before this Court on **September 4, 2019 at 3:30 p.m.** to show cause as to why they should not be held in civil contempt.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 8, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAI`I, ET AL., ETC.; CV 14-00387 LEK-WRP; ORDER DENYING PLAINTIFFS' OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE AND TO DENY PLAINTIFFS' COUNTER MOTION