UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID BRUSER, TRUSTEES UNDER THAT CERTAIN UNRECORDED REVOCABLE LIVING TRUST AGREEMENT DATED JULY 11, 1988, AS AMENDED, DOING BUSINESS AS DISCOVERY BAY CENTER; AND LYNN BRUSER, TRUSTEES UNDER THAT CERTAIN UNRECORDED REVOCABLE LIVING TRUST AGREEMENT DATED JULY 11, 1988, AS AMENDED, DOING BUSINESS AS DISCOVERY BAY CENTER; | CIV. NO. 14-00387 LEK-WRP |
| Plaintiffs, | |
| vs. | |
| BANK OF HAWAII, A HAWAII CORPORATION, AS TRUSTEE, AS SUCCESSOR BY MERGER WITH HAWAIIAN TRUST COMPANY, LIMITED, A FORMER HAWAII CORPORATION AND AS SUCCESSOR TRUSTEE UNDER THAT CERTAIN TRUST AGREEMENT DATED JUNE 6, 1974; | |
| Defendant. | |
| _____ | |
| vs. | |
| JULIE G. HENDERSON, as Trustee of the Julie G. Henderson Irrevocable Trust, and as Trustee of the Jean K. Gowans Irrevocable Trust, and as Trustee of the Louis L. Gowans, Jr. Irrevocable Trust; RICHARD L. GOWANS, as Trustee of the Richard L. Gowans Irrevocable Trust; KEVIN I. YOKOHAMA; ASSOCIATION OF APARTMENT OWNERS | |

DISCOVERY BAY; SUSAN SHEETZ; and
PATRICIA SHEETZ BOW,

      Intervening Defendants.
_____

BANK OF HAWAII, a Hawaii
corporation, as Trustee, as
successor by merger with
Hawaiian Trust Company, Limited,
a former Hawaii corporation and
as successor Trustee under that
certain Trust Agreement dated
June 6, 1974,

      Counterclaim Plaintiff,

      vs.

MICHAEL DAVID BRUSER and LYNN
BRUSER, Trustees under that
certain unrecorded Revocable
Living Trust Agreement dated
July 11, 1988, as amended, doing
business as Discovery Bay
Center,

      Counterclaim Defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S APRIL 10, 2020 ORDER

On February 25, 2020, Temporary Receiver Steve
Sombrero ("Receiver") and his counsel, David Farmer, Esq.,
jointly filed their fee applications for the interim period of
February 14, 2019 through January 31, 2020 ("Applications").
[Dkt. no. 283.]  On April 10, 2020, the magistrate judge issued
his order granting the Applications ("4/10/20 Order").  [Dkt.
no. 304.]  Before the Court is an appeal of the 4/10/20 Order

("Appeal"), filed on April 17, 2020 by Plaintiffs/Counterclaim

Defendants Michael David Bruser and Lynn Bruser, Trustees under

that certain unrecorded Revocable Living Trust Agreement dated

July 11, 1988, as amended, doing business as Discovery Bay

Center ("the Brusers").  [Dkt. no. 309.]  The Receiver filed his

response to the Appeal on April 19, 2020 ("Receiver's

Response"), Defendant/Counterclaim Plaintiff Bank of Hawaii, as

Trustee under the Trust Agreement dated June 6, 1974, as

amended, and not individually ("BOH"), filed its response to the

Appeal on April 27, 2020 ("BOH's Response"), and the Brusers

filed their reply on May 11, 2020.  [Dkt. nos. 310, 315, 323.]

The Court has considered the Appeal as a non-hearing matter

pursuant to Rule LR7.1(d) of the Local Rules of Practice for the

United States District Court for the District of Hawaii ("Local

Rules").  The 4/10/20 Order is adopted in part and rejected in

part for the reasons set forth below.

**BACKGROUND**

A summary of the factual background is set forth in

the 4/10/20 Order and only the relevant facts will be repeated

here.  After a bench trial, judgment was entered in favor of BOH

in the amount of $137,434.50, representing "the difference

between what the Brusers owed and what they paid between October

2014 and December 2015, including the applicable" general excise

tax.  See Judgment in a Civil Case ("Judgment"), filed 6/28/16

3

(dkt. no. 193), at 2.  BOH was also awarded attorney's fees and

costs.  [Id.]  On February 7, 2019, the Court granted BOH's

Motion for Appointment of a Temporary Receiver, [filed 7/31/18

(dkt. no. 221),] finding that the Brusers had failed to pay the

amounts due under the Judgment for over two years.  [Amended

Order, filed 2/7/19 (dkt. no. 242), at 14.]  On February 13,

2019, the Court appointed the Receiver.  [Order Appointing

Temporary Receiver ("Receivership Order"), filed 2/13/19 (dkt.

no. 243).]  On October 28, 2019, Mr. Farmer was appointed as the

Receiver's counsel.  [Order Granting Temporary Receiver's

Application for Order Appointing David C. Farmer, Attorney at

Law LLLC, as Temporary Receiver's Counsel under General

Retainer, filed 10/28/19 (dkt. no. 277).]

        In the 4/10/20 Order the magistrate judge granted the

Applications over the Brusers' objections.  [4/10/20 Order at

9.]  The magistrate judge found that, based on his review of the

invoices submitted by the Receiver, the time accounted for in

the Receiver's portion of the Applications was reasonably spent

managing the commercial unit at the Discovery Bay Condominium

("Commercial Unit"), and the Receiver had "sufficiently engaged

with work on the Commercial Unit."  [Id. at 7 (citation

omitted).]  The magistrate judge, having "reviewed the invoices

and other materials submitted by the [] Receiver in support of

the Applications and find[ing] that they adequately support the

amounts requested for the [] Receiver and counsel[,]" awarded

the amounts requested for the Receiver and Mr. Farmer as

reasonable in light of the work completed. [Id. at 8-9.]

In the Appeal, the Brusers urge the Court to review

the 4/10/20 Order and therefore the Applications de novo, rather

than under the clearly erroneous standard of review. The

Brusers also argue that the 4/10/20 Order should be rejected:

1) even under the clearly erroneous standard, because it was

based solely on the fact that the Brusers had previously been

found to be in civil contempt; 2) under a de novo standard,

because the Receiver was not actively engaged in managing the

Commercial Unit; and 3) because the work performed by Mr. Farmer

was not sufficiently related to the management of the Commercial

Unit.

**STANDARD**

**I.    Standard of Review**

> It is undisputed that "[t]he power of
> federal magistrate judges is limited by 28 U.S.C.
> § 636." Estate of Conners by Meredith v.
> O'Connor, 6 F.3d 656 (9th Cir. 1993). This court
> may designate a magistrate judge to hear and
> determine nondispositive pretrial motions. 28
> U.S.C. § 636(b)(1)(A); see also O'Connor, 6 F.3d
> at 658 ("Under 28 U.S.C. § 636(b)(1)(A), a
> district judge may designate a magistrate judge
> to hear any nondispositive pretrial matter
> pending before the court.)". This court may also
> designate a magistrate judge to conduct hearings
> and to submit proposed findings of fact and
> recommendations for disposition by the district
> judge "of **any** motion excepted in [23 U.S.C.

§ 636(b)(1)(A).]"  28 U.S.C. § 636(b)(1)(B)
(emphasis added).  With the consent of the
parties, this court may designate a magistrate
judge to act "as a special master in any civil
case."  28 U.S.C. § 636(b)(2).  In addition, "[a]
magistrate judge may be assigned such additional
duties as are not inconsistent with the
Constitution and laws of the United States."  28
U.S.C. § 636(b)(3).

In O'Connor, the Ninth Circuit examined a
post-verdict motion for attorneys' fees brought
pursuant to 42 U.S.C. § 1988.  The district court
referred the motion to a magistrate judge without
specifying the subsection of § 636 that formed
the basis of the referral.  See O'Connor, 6 F.3d
at 657.  The magistrate then issued an order
awarding fees to the plaintiff.  The Ninth
Circuit examined whether the magistrate judge
properly issued an order regarding fees.
Initially, the Ninth Circuit noted that, because
the parties had not consented to the magistrate
judge's determination of the motion, § 636(b)(2)
was inapplicable.  Id. at 658.  It then
determined that § 636(b)(1)(A) was inapplicable
because the post-verdict motion was not a
nondispositive pretrial matter.  Id.

Because the plaintiffs in O'Connor had
sought attorneys' fees in their complaint under
§ 1988, the Ninth Circuit viewed their motion for
attorneys' fees as dispositive of a claim or
defense such that it should have been determined
pursuant to § 636(b)(1)(B).  This meant that the
magistrate judge should have submitted proposed
findings and recommendations for the district
court's *de novo* review.  O'Connor, 6 F.3d at 658.
O'Connor held, however, that because the district
court conducted a *de novo* review and entered its
own award of attorneys' fees and costs, any error
by the magistrate judge in simply issuing an
order, rather than findings and recommendations,
was harmless.  O'Connor, 6 F.3d at 659 and 659
n.2.

6

Erum v. Cty. of Kauai, Civil No. 08-00113 SOM-BMK, 2008 WL

2598138, at *2-3 (D. Hawai`i June 30, 2008) (alterations and

emphasis in Erum).  The 4/10/20 Order does not relate to a

nondispositive pretrial matter.  Regardless of how it is titled,

the 4/10/20 Order will be treated as a post-judgment

recommendation regarding receivership fees, entered pursuant to

§ 636(b)(3), and subjected to de novo review.  To the extent

that any error occurred when the magistrate judge designated the

4/10/20 Order as an order rather than a findings and

recommendation, it is cured by this Court's de novo review of

the 4/10/20 Order and the issues presented in the Applications..

        This Court has stated the legal standard applicable to

de novo review as follows:

> Under a de novo standard, this Court reviews
> "the matter anew, the same as if it had not been
> heard before, and as if no decision previously
> had been rendered."  Freeman v. DirecTV, Inc.,
> 457 F.3d 1001, 1004 (9th Cir. 2006); United
> States v. Silverman, 861 F.2d 571, 576 (9th Cir.
> 1988).  The district court need not hold a de
> novo hearing; however, it is the court's
> obligation to arrive at its own independent
> conclusion about those portions of the magistrate
> judge's findings or recommendation to which a
> party objects.  United States v. Remsing, 874
> F.2d 614, 616 (9th Cir. 1989).

> However, "'[f]rivolous, conclusive, or
> general objections [to a magistrate judge's
> report and recommendation] need not be considered
> by the district court.'"  Rodriguez v. Hill,
> No. 13CV1191-LAB (DHB), 2015 WL 366440, at *1
> (S.D. Cal. Jan. 23, 2015) (some alterations in
> Rodriguez) (quoting Marsden v. Moore, 847 F.2d

1536, 1548 (11th Cir. 1988)).  Thus, an objection
to findings "without any analysis as to why [they
are] inaccurate" is "insufficient to trigger
review of those findings."  United States v.
Rudisill, Nos. CR 97-327-PHX-ROX, CV 04-466-PHX-
ROX, 2006 WL 3147663, at *1 (D. Ariz. Nov. 1,
2006) (citation omitted).  If courts required
review in such circumstances, "'judicial
resources would be wasted and the district
court's effectiveness based on help from
magistrate judges would be undermined.'"
Bridgeman v. Stainer, No. 12-CV-212 BEN (PCL),
2014 WL 1806919, at *1 (S.D. Cal. May 7, 2014)
(some citations omitted) (quoting United State v.
Midgette, 478 F.3d 616, 622 (4th Cir. 2007)); see
also [United States v.] Reyna-Tapia, 328 F.3d
[1114,] 1122 [(9th Cir. 2003) (en banc)] ("the
underlying purpose of the Federal Magistrates Act
is to improve the effective administration of
justice" (citing Peretz v. United States, 501
U.S. 923, 928, 111 S. Ct. 2661, 115 L. Ed. 2d 808
(1991)).  Further, "[o]bjections that would not
alter the outcome are moot, and can be overruled
on that basis alone."  Rodriguez, 2015 WL 366440,
at *1.

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK,

2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (some

alterations in Muegge) (some citations omitted).

## DISCUSSION

## I.    The Receiver's Fees

"A receiver appointed by a court who reasonably and

diligently discharges his duties is entitled to be fairly

compensated for services rendered and expenses incurred."  SEC

v. Byers, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008) (citations

omitted).  In determining the reasonableness of the fees and

costs requested, the court should consider the "economy of

8

administration, the burden that the estate may safely be able to
bear, the amount of time required, although not necessarily
expended, and the overall value of the services to the estate."
In re Imperial '400' Nat'l, Inc., 432 F.2d 232, 237 (3d Cir.
1970) (citations omitted).  "The receiver bears the burden to
demonstrate to the court [any] entitlement to [the] payment of
fees and costs in the amount requested."  SEC v. Total Wealth
Mgmt., Inc., Case No. 15-cv-226-BAS-DHB, 2016 WL 727073, at *1
(S.D. Cal. Feb. 24, 2016) (citation omitted).  This entitlement
to reasonable compensation extends to an attorney employed by
the receiver.  See Drilling & Exploration Corp. v. Webster, 69
F.2d 416, 418 (9th Cir. 1934).  "An award of interim fees is
appropriate where both the magnitude and the protracted nature
of a case impose economic hardships on professionals rendering
services to the estate."  SEC v. Small Bus. Capital Corp.,
No. 5:12-CV-03237 EJD, 2013 WL 2146605, at *2 (N.D. Cal. May 15,
2013) (citation and internal quotation marks omitted).

A.    **The Receiver**

The Brusers assert the Receiver and his counsel were
not actively engaged in the management of the Commercial Unit.
In support of this objection, the Brusers allege "most, if not
all, of the active management and operation of the Property for
the period in question . . . was performed" by the Brusers'
property manager, and not the Receiver.  See Appeal at 8.

9

The Court agrees with the magistrate judge's statement that, "[b]ased on its review of the invoices submitted by the [] Receiver reflecting that the time spent was for the management of the Commercial Unit, the Court finds that the [] Receiver has been sufficiently engaged with work on the Commercial Unit." [4/10/20 Order at 7 (citation omitted).]  Also, the Court finds that the work performed by the Receiver was appropriate in light of the Imperial factors.  For each of the ten months (of the eleven-month period) for which the Receiver submitted a timesheet, the total hours for each month generally ranged from one to seven hours per month, with the exception of October 2019, during which the Receiver billed 12.7 hours. [Applications, Decl. of Steve Sombrero, Exh. A (Timesheet & Invoice pages for the Receiver dated February 2019 through January 2020 ("Receiver's Timesheets")).]  The increase in hours in October 2019 was reasonable in light of the events that transpired in September and October 2019, including but not limited to: the fact that the books and records of the Commercial Unit were turned over to the Receiver; and the Court finding the Brusers to be in civil contempt for refusing to comply with the Receivership Order.  See BOH's Status Report, filed 9/16/19 (dkt. no. 262), at 2; see also, Minutes, filed 9/23/19 (dkt. no. 264).  For the months other than October, the Receiver's Timesheets reflect reasonable efforts to fulfill the

receivership duties, and describe tasks consistent with that purpose, including communication with relevant parties, review of the case file, and review of judicial filings.  Overall, the Receiver billed approximately 52.0 hours.[1]  This figure was calculated by adding the monthly fee pre-tax subtotals ($13,000) and dividing by the Receiver's hourly rate of $250.  The Receiver requests a total of $13,612.56 including general excise tax.  The effort expended by the Receiver was reasonable, economical, sufficient without being excessive, resulted in an expense bearable by the receivership estate, and represented a reasonable amount of time spent over the eleven-month period in question.

The Brusers' argument that the Receiver failed to establish an interest-bearing account does not negate the otherwise reasonable nature of the efforts expended, and is rejected.  The Brusers' argument that the magistrate judge relied only on this Court finding the Brusers in contempt to reach his conclusion is rejected as plainly contrary to the 4/10/20 Order and irrelevant on de novo review.  Therefore, the portion of the 4/10/20 Order related to the Receiver's fees is adopted, and the Receiver is hereby awarded $13,612.56.

---

[1] The sum of the hour subtotals each month yields 52.1 hours.  Based on the fees requested, the Receiver has elected to not bill for 0.1 hours.

However, the Receiver is cautioned that future applications must include a subtotal of hours billed in a table format, along with the rate and fee subtotals.  Future applications missing this information will not be granted.

B.    **Mr. Farmer's Fees**

As this Court has stated:

>    Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v.. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975),[2] which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

>    The factors the Ninth Circuit articulated in Kerr are:

>    (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation,

---

[2] Kerr was abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992), as recognized in Stetson v. Grissom, 821 F.3d 1157, 1167 (9th Cir. 2016).

> and ability of the attorneys, (10) the
> "undesirability" of the case, (11) the
> nature and length of the professional
> relationship with the client, and
> (12) awards in similar cases.
>
> Kerr, 526 F.2d at 70.  Factors one through five
> have been subsumed in the lodestar calculation.
> See Morales v. City of San Rafael, 96 F.3d 359,
> 364 n.9 (9th Cir. 1996).  Further, the Ninth
> Circuit, extending City of Burlington v. Dague,
> 505 U.S. 557, 567 (1992), held that the sixth
> factor, whether the fee is fixed or contingent,
> may not be considered in the lodestar
> calculation.  See Davis v. City & County of San
> Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992),
> *vacated in part on other grounds*, 984 F.2d 345
> (9th Cir. 1993).  Once calculated, the "lodestar"
> is presumptively reasonable.  See Pennsylvania v.
> Del. Valley Citizens' Council for Clean Air, 483
> U.S. 711, 728 (1987); see also Fischer, 214 F.3d
> at 1119 n.4 (stating that the lodestar figure
> should only be adjusted in rare and exceptional
> cases).

McMillon v. Hawaii, Civil No. 08-00578 LEK, 2011 WL 744900, at

*3–4 (D. Hawai`i Feb. 22, 2011).

Therefore, as an attorney, Mr. Farmer's fees are

subject to the lodestar analysis and must reflect a reasonable

rate.  In addition to their own statements, attorneys are

required to submit additional evidence that the rate charged is

reasonable.  See, e.g., id. at *5 (citing Jordan v. Multnomah

County, 815 F.2d 1258, 1263 (9th Cir. 1987)).  "Beyond

establishing a reasonable hourly rate, a party seeking

attorneys' fees bears the burden of proving that the requested

fees and costs are associated with the relief requested and are

reasonably necessary to achieve the results obtained." United States v. Chung, Civ. No. 07-00570 ACK-BMK, 2010 WL 5388006, *3 (D. Hawai`i Dec. 17, 2010) (citation omitted).  The Receiver has not met his burden with respect to the portion of the Applications related to Mr. Farmer's fees.  Mr. Farmer has not provided a subtotal of hours expended, nor addressed any of the Kerr factors in a way that would allow the Court to perform the lodestar analysis.  For these reasons, the portion of the 4/10/20 Order related to Mr. Farmer's fees is rejected and remanded.  This result does not reflect a decision that the hourly rate and billing invoices are unreasonable, but only that the Receiver has not provided the Court with sufficient information to make such a determination.  On remand, they are directed to include subtotals of Mr. Farmer's fee requests in a table format and to provide sufficient information for the magistrate judge to perform a lodestar analysis, including addressing the Kerr factors.

## CONCLUSION

On the basis of the foregoing, the 4/10/20 Order, which is construed as the magistrate judge's findings and recommendation, is ADOPTED IN PART and REJECTED IN PART.  The portion of the 4/10/20 Order related to the Receiver is ADOPTED, the portion related to the Receiver's counsel is REJECTED and

14

REMANDED to the magistrate judge for further consideration in light of this Court's order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 17, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DAVID BRUSER, ETC., ET AL. VS. BANK OF HAWAII, ET AL; CV 14-387 LEK; ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S APRIL 10, 2020 ORDER**