UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

MICHAEL DAVID BRUSER, TRUSTEES          CIV. NO. 14-00387 LEK-RLP
UNDER THAT CERTAIN UNRECORDED
REVOCABLE LIVING TRUST AGREEMENT
DATED JULY 11, 1988, AS AMENDED,
DOING BUSINESS AS DISCOVERY BAY
CENTER; AND LYNN BRUSER,
TRUSTEES UNDER THAT CERTAIN
UNRECORDED REVOCABLE LIVING
TRUST AGREEMENT DATED JULY 11,
1988, AS AMENDED, DOING BUSINESS
AS DISCOVERY BAY CENTER;

               Plaintiffs,

     vs.

BANK OF HAWAII, A HAWAII
CORPORATION, AS TRUSTEE, AS
SUCCESSOR BY MERGER WITH
HAWAIIAN TRUST COMPANY, LIMITED,
A FORMER HAWAII CORPORATION AND
AS SUCCESSOR TRUSTEE UNDER THAT
CERTAIN TRUST AGREEMENT DATED
JUNE 6, 1974;

              Defendant.

_____
     vs.

JULIE G. HENDERSON, as Trustee
of the Julie G. Henderson
Irrevocable Trust, and as
Trustee of the Jean K. Gowans
Irrevocable Trust, and as
Trustee of the Louis L. Gowans,
Jr. Irrevocable Trust; RICHARD
L. GOWANS, as Trustee of the
Richard L. Gowans Irrevocable
Trust; KEVIN I. YOKOHAMA;
ASSOCIATION OF APARTMENT OWNERS

DISCOVERY BAY; SUSAN SHEETZ; and
PATRICIA SHEETZ BOW,

      Intervening Defendants.

_____

BANK OF HAWAII, a Hawaii
corporation, as Trustee, as
successor by merger with
Hawaiian Trust Company, Limited,
a former Hawaii corporation and
as successor Trustee under that
certain Trust Agreement dated
June 6, 1974,

      Counterclaim Plaintiff,

      vs.

MICHAEL DAVID BRUSER and LYNN
BRUSER, Trustees under that
certain unrecorded Revocable
Living Trust Agreement dated
July 11, 1988, as amended, doing
business as Discovery Bay
Center,

      Counterclaim Defendants.

**ORDER: DENYING DEFENDANT'S MOTION FOR SUPPLEMENTAL JUDGMENT;
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO
DIRECT PAYMENT AND AMEND THE RECEIVERSHIP ORDER OR ENJOIN THE
RECEIVER; AND ADDRESSING THE RECEIVER'S MOTION FOR INSTRUCTIONS**

      Before the Court is Intervenor Defendant/Counterclaim

Plaintiff Association of Apartment Owners of Discovery Bay's

("AOAO") Motion for Supplemental Judgement Against Plaintiffs

Michael David Bruser and Lynn Bruser ("Motion for Supplemental

Judgment"), filed on May 5, 2020. [Dkt. no. 317.]

Defendant/Counterclaim Plaintiff Bank of Hawaii, as Trustee

under the Trust Agreement dated June 6, 1974, as amended, and
not individually ("BOH"), filed its joinder to the Motion for
Supplemental Judgment ("Supplemental Judgment Joinder") on
May 6, 2020.  [Dkt. no. 320.]  Plaintiffs/Counterclaim
Defendants Michael David Bruser and Lynn Bruser, Trustees under
that certain unrecorded Revocable Living Trust Agreement dated
July 11, 1988, as amended, doing business as Discovery Bay
Center ("the Brusers"), filed their memorandum in opposition
("Supplemental Judgment Opposition") on June 9, 2020, and AOAO
filed its reply on June 30, 2020.  [Dkt. nos. 341, 347.]  BOH
filed its reply on June 30, 2020.  [Dkt. no. 349.]  Also before
the Court is the Brusers' Non-Hearing Motion for Order
(A) Directing Payment to Defendant/Counterclaim Plaintiff Bank
of Hawaii, as Trustee, and (B) Amending/Enjoining the Temporary
Receivership Order ("Motion for Payment"), filed June 30, 2020.
[Dkt. no. 348.]  AOAO filed its memorandum in opposition to the
Motion for Payment on July 31, 2020.  [Dkt. no. 359.]  BOH filed
its memorandum in opposition to the Motion for Payment ("BOH
Payment Opposition") on July 31, 2020.  [Dkt. no. 361.]  The
Brusers filed their replies in support of the Motion for Payment
on August 14, 2020.  [Dkt. nos. 369, 370.]  Also before the
Court is Temporary Receiver Steve Sombrero's ("the Receiver")
Motion for Instructions Regarding Payment of Certain Trustee's
Fees and Expenses of Trustee Bank of Hawaii ("Motion for

Instructions"), filed July 3, 2020, and an errata to the Motion for Instructions filed on July 21, 2020.  [Dkt. nos. 351, 357.] On July 31, 2020, AOAO and BOH filed a joinder and a statement of no opposition, respectively, to the Motion for Instructions. [Dkt. nos. 360, 362.]  Also on July 31, 2020, the Brusers filed their memorandum in opposition to the Motion for Instructions. [Dkt. no. 358.]  On August 13, 2020, the Receiver filed his reply in support of his Motion for Instructions.  [Dkt. no. 367.]  These matters came on for hearing on August 28, 2020. The Motion for Supplemental Judgment is hereby denied and the Motion for Payment is hereby granted in part and denied in part. The Motion for Instructions is denied, the Receiver is ordered to not disburse funds related to the rent renegotiation for the reasons set forth below.

## **<u>BACKGROUND</u>**

A summary of the factual background is set forth in the magistrate judge's order entered on April 10, 2020, [dkt. no. 304,] and only the relevant facts will be repeated here. After a bench trial, judgment was entered in favor of BOH in the amount of $137,434.50, representing "the difference between what the Brusers owed and what they paid between October 2014 and December 2015, including the applicable" general excise tax. [Judgment in a Civil Case ("Judgment"), filed 6/28/16 (dkt. no. 193), at 2.]  BOH was also awarded attorney's fees and costs.

4

[Id.]  BOH's attempts to collect the amounts due under the
Judgment were unsuccessful, and on February 7, 2019, the Court
granted BOH's Motion for Appointment of a Temporary Receiver,
[filed 7/31/18 (dkt. no. 221),] specifically finding that the
Brusers had failed to pay the amounts due under the Judgment for
over two years.  [Amended Order, filed 2/7/19 (dkt. no. 242), at
14.]  On February 13, 2019, the Court appointed the Receiver.
[Order Appointing Temporary Receiver ("Receivership Order"),
filed 2/13/19 (dkt. no. 243).]  Because the Brusers refused to
comply with the Receivership Order including refusing to turn
over the books and records related to the commercial unit at
Discovery Bay ("Commercial Unit") to the Receiver, on
September 20, 2019, the Court held the Brusers in civil
contempt.  See Minutes, filed 9/4/19 (dkt. no. 261); Minutes,
filed 9/20/19 (dkt. no. 264); see also Order Regarding
Plaintiffs/Counterclaim Defendants' Response to Order to Show
Cause, filed 1/29/20 (dkt. no. 281).  The parties have since
represented to the Court that the books and records have been
turned over, and the Receiver has been able to assume his duties
under the Receivership Order.  See, e.g., BOH's Status Report on
the Order to Show Cause Why Plaintiffs Should not be Held in
Contempt for Failure to Comply with Receivership Order, filed
9/16/19 (dkt. no. 262).

In the Motion for Supplemental Judgment, AOAO seeks entry of a supplemental judgment in the amount of $636,272.49, representing amounts owed to BOH through April 2020. [Mem. in Supp. of Motion for Suppl. Judgment at 2.] In the Motion for Payment, the Brusers seek an order from this Court directing the Receiver to pay $705,969.89 to BOH, representing the amounts owed to BOH and to amend the Receivership Order or otherwise discontinue the Receiver's participation in this matter. [Motion for Payment at 6.] The Motion for Instructions seeks guidance from the Court about whether the Receiver should pay to BOH costs associated with the lease renegotiation between the lessees of Discovery Bay Condominium and BOH, as requested by BOH.

The Motion for Supplemental Judgment and the Motion for Payment demonstrate substantial agreement between the parties on the amounts owed to BOH and relate to the same relief. Granting the Motion for Supplemental Judgment would result in a supplemental judgment memorializing the amounts AOAO and BOH argue are owed to BOH given the passage of time since entry of the Judgment. On the other hand, granting the Motion for Payment would result in the execution of the Judgment, with the funds actually changing hands. The parties agree the

Brusers owe BOH: 1) $137,434.50 under the Judgment;[1]
2) $468,429.13, representing the amount of trustee's fees under
the Trust Agreement dated June 6, 1974 ("Trustee's Fees") that
have gone unpaid up through April 2020 ("Trustee's Fee
Shortfall"); and 3) $100,106.26, representing the interest owed
on the Trustee's Fee Shortfall as accrued through April 2020.
See Mem. in Supp. of Motion for Suppl. Judgment at 10-11; Motion
for Payment at 6.  However, AOAO and BOH contend that BOH is
entitled to prejudgment interest and postjudgment interest
should be awarded based on the state law rate of  ten percent
per year, while the Brusers dispute BOH's entitlement to
prejudgment interest, and argue that the postjudgment interest
rate should be determined under federal law.

## DISCUSSION

        "As a general rule, in diversity actions, state law
determines the rate of prejudgment interest, and postjudgment
interest is governed by federal law."  Citicorp Real Estate,
Inc. v. Smith, 155 F.3d 1097, 1107 (9th Cir. 1998) (brackets,
citation, and quotation marks omitted).

---

[1] The Motion for Supplemental Judgment does not explicitly
state that BOH is entitled to $137,434.50 under the Judgment, as
stated in the Motion for Payment.  However, the Motion for
Supplemental Judgment only seeks to supplement the Judgment, not
replace it.  BOH does not object to disbursement of this amount.
[BOH Payment Opp. at 3-4.]

## I.   <u>Standing and Sanctions</u>

The Brusers argue that AOAO does not have standing to bring a motion seeking a supplemental judgment on behalf of BOH. Generally, a litigant is prohibited from raising another person's legal rights.  <u>Amsterdam v. State of Hawaii</u>, CIVIL 15-00338 LEK-BMK, 2015 WL 7737314, at *4 (D. Hawai`i Nov. 30, 2015) (citing <u>Deutsche Bank Nat. Tr. Co. v. Williams</u>, No. CIV. 11-00632 JMS, 2012 WL 1081174, at *2 (D. Haw. Mar. 29, 2012)). However, "[a] substantive joinder under Local Rule 7.[7] is a vehicle 'through which a party may seek for itself the same relief the movant seeks.'"  <u>Mohr v. Deutsche Bank Nat'l Tr. Co.</u>, Civ. No. 16-00493 ACK-RLP, 2019 WL 2476791, at *8 (D. Hawai`i June 13, 2019) (some citations omitted) (quoting <u>Pascua v. Option One Mortg. Corp.</u>, No. 14-00248 SOM/KSC, 2014 WL 4180947, at *1 n.1 (D. Haw. Aug. 20, 2014)).  Because BOH filed its Supplemental Judgment Joinder and undoubtedly has standing to seek a supplemental judgment on its own behalf, the Brusers' challenge to standing is rejected.  BOH and AOAO have adequate standing to pursue the relief sought in the Motion for Supplemental Judgment.

The Brusers' request for sanctions, [Supplemental Judgment Opposition at 10-12] is denied because it was not brought in a separate motion.  <u>See</u> Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other

motion and must describe the specific conduct that allegedly violates Rule 11(b).").

## II.   **Prejudgment Interest**

AOAO asserts that BOH is entitled to prejudgment interest of $13,908.59 for "the amounts owed under the [] Judgment for the period November 2014 thru [sic] June 2016 at the rate of 10% per annum." [Mem. in Supp. of Motion for Suppl. Judgment at 11.]  The Judgment did not provide for prejudgment interest.  See Judgement at 2-3.

Under Hawai`i state law, prejudgment interest is discretionary.  Metcalf v. Voluntary Emps.' Benefit Ass'n of Hawai`i, 99 Hawai`i 53, 61, 52 P.3d 823, 831 (2002) (citation omitted).  "[A] postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under [Fed. R. Civ. P.] 59(e)."  Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989).  To the extent the Motion for Supplemental Judgment seeks prejudgment interest, it is a postjudgment motion for prejudgment interest and constitutes a motion under Rule 59(e).  Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  The Motion for Supplemental Judgment was filed more than 28 days after the entry of the Judgment.  Thus, the Motion for Supplemental Judgment is untimely with respect to the request for  prejudgment interest.

9

See <u>McCalla v. Royal MacCabees Life Ins. Co.</u>, 369 F.3d 1128, 1131-34 (9th Cir. 2004) (holding that Rule 59(e) determines the deadline for filing a postjudgment motion for prejudgment interest for mandatory, as well as discretionary, prejudgment interest).  For these reasons, the Motion for Supplemental Judgment is denied to the extent that it seeks prejudgment interest in the amount of $13,908.59.

## III. **Postjudgment Interest**

AOAO and BOH argue that the postjudgment interest rate should be set at the Hawai`i state law rate of ten percent rather than the federal rate.  AOAO urges this Court to apply the higher state law interest rate on the basis that "[t]he Brusers sought to circumvent the State Court determination by commencing this action in Federal Court.  The Brusers should not be permitted to take advantage of a lower federal court interest rate on a judgment against them for having done so."  [Mem. in Supp. of Motion for Suppl. Judgment at 13-14.]  BOH argues that, because it recorded the Judgment with Hawaii's Bureau of Conveyances, if BOH were to seek enforcement in state court under the Uniform Enforcement of Foreign Judgments Act, Haw. Rev. Stat. § 636C-1, *et seq.*, it would be entitled to postjudgment interest at a  ten percent interest rate, and therefore "this Court should recognize the law of the forum in determining the appropriate rate of postjudgment interest

against the Brusers in this enforcement proceeding." [Suppl. Judgment Joinder at 4 (citing <u>Budish v. Daniel</u>, 417 Mass. 574, 578-79, 631 N.E.2d 1009, 1012 (1994)).]

"It is settled that even in diversity cases 'post-judgment interest is determined by federal law.'" <u>Northrop Corp. v. Triad Int'l Mktg., S.A.</u>, 842 F.2d 1154, 1155 (9th Cir. 1988) (per curiam) (brackets and some citations omitted) (quoting <u>James B. Lansing Sound, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 801 F.2d 1560, 1570 (9th Cir. 1986).  BOH cites decisions by state courts in Texas, Iowa, and Massachusetts applying state law that are neither binding on this Court's determination of the postjudgment interest rate applicable to its own Judgment, nor informative of the procedural/substantive distinction applied to post judgment interest in federal court.  <u>See</u> <u>In re Cardelucci</u>, 285 F.3d 1231, 1235 (9th Cir. 2002) (stating, "[i]t has long been the rule that an award of post-judgment interest is procedural in nature and thereby dictated by federal law" (citing <u>Hanna v. Plumer</u>, 380 U.S. 460, 473-74, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965))). Neither BOH nor AOAO cites to: any authority to indicate that a district court, sitting in diversity, has applied the forum state's treatment of foreign judgments to its own judgment to determine the postjudgment interest rate rather than the applicable federal law; nor any circuit level authority

11

indicating that this would be acceptable, or required. Therefore, AOAO and BOH's request that the postjudgment interest rate be set according to state law is denied.  The postjudgment interest will be awarded at the rate specified in 28 U.S.C. § 1961.

Federal law specifies the postjudgment interest rate as follows:

> (a)  Interest shall be allowed on any money judgment in a civil case recovered in a district court.  Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State.  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment.  The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
>
> (b)  Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

Section 1961(a)-(b).  The parties agree that the interest rate under § 1961(a) is 0.55% per year.  [Mem. in Supp. of Motion for Suppl. Judgment at 14; Suppl. Judgment Opp. at 9.]  Therefore, BOH is entitled to postjudgment interest computed at 0.55% per year pursuant to § 1961(a), calculated commencing from the date

of the entry of the Judgment, computed daily and compounded annually, through the date of the payment.  See § 1961(a)-(b).

## IV.  **The Receiver**

Next, the Court turns to three closely-related matters: 1) the Brusers seek to amend the Receivership Order or to otherwise enjoin the Receiver from performing his duties under the Receivership Order other than making certain payments to BOH; 2) BOH and AOAO request that the Receiver continue to oversee the operations of the Commercial Unit after unpaid amounts currently owed under the Receivership Order have been paid; and 3) the Receiver seeks instructions from the Court regarding a request from BOH for the Receiver to disburse to BOH $186,420.96 for costs incurred by BOH during the renegotiation of rent between BOH as lessor of the underlying land and the lessees of the Discovery Bay Condominium Project.

> The discharge of a Receiver is ordinarily a matter within the discretion of the district court.  See United States v. Amodeo, 44 F.3d 141, 146 (2nd Cir. 1995) (citation omitted); see also Securities & Exchange Commission v. An-Car Oil Co., Inc., 604 F.2d 114, 119 (1st Cir. 1979) ("The district court possesses a broad range of discretion in deciding whether or not to terminate an equity receivership.")  "A receivership once imposed . . . should be terminated and control returned to those who own the business as soon as the reason for its imposition ceases." Securities & Exchange Commission v. Spence & Green Chem. Co., 612 F.2d 896, 904 (5th Cir. 1980). . . .

13

<u>Sec. & Exch. Comm'n v. Emvest Mortg. Fund, LLC</u>, CASE No. 04cv2295-DMS (POR), 2006 WL 8455242, at *1 (S.D. Cal. May 2, 2006) (some alterations in <u>Emvest Mortg. Fund</u>).

        The Receiver was appointed for the express and limited purpose of satisfying the Brusers' liability under the Judgment and remedying their delinquency for Trustee's Fee Shortfall. The Receiver was not appointed to oversee all operations of the Commercial Unit in perpetuity.  At the hearing and in their filings, BOH and AOAO note the broad language of the Receivership Order in their arguments that the Receiver should continue indefinitely and disburse the funds related to rent renegotiation costs.  However, the broad language of the Receivership Order was included to give the Receiver sufficient authority to fulfil the narrow purposes of securing the amounts due under the Judgment and the Trustee's Fee Shortfall.  <u>See, e.g.</u>, Receivership Order at 4 (stating that the Receiver is empowered to "pay the reasonable and necessary expenses to maintain and operate the Commercial Unit [] including quarterly lease rent . . , uncontested monthly Trustee's fees . . , and the maintenance fees and assessments of the AOAO allocable to the Commercial Unit . . . .").  It appears from the parties' representations that the Receiver has saved sufficient funds from the operation of the Commercial Unit to satisfy the amounts

owed under the Judgment and bring the Brusers into compliance with respect to the Trustee's Fees.

The request for the Receiver to disburse amounts due for rent renegotiation requires the Receiver, and due to the Motion for Instructions, the Court, to determine the proper allocation of costs related to the renegotiation.  This request for payment is not a matter of interpreting and applying the Receivership Order, it is a new claim against the Brusers not previously litigated.  Because the assignment of liability for costs related to rent renegotiation was not contemplated, let alone determined, in the Judgment, the question of renegotiation cost allocation is outside the scope of the Receivership Order and not properly before this Court.  The Court does not reach the question of whether the Brusers are responsible for paying to BOH the amounts related to rent renegotiation.  Therefore, the Receiver is hereby ordered to not disburse to BOH the amounts requested related to rent renegotiation.

Because the Receiver has purportedly accumulated sufficient funds to satisfy the Judgment and remedy the Trustee's Fee Shortfall, the Receiver must take the necessary steps to wind up the Receivership.  To that end, the Receiver is hereby ordered to:

1)   pay to BOH $137,434.50 in satisfaction of the amount due under the Judgment;

15

2)   pay to BOH $468,429.13 in satisfaction of the amount due
for the Trustee's Fee Shortfall for the time period from January
2016 through April 2020;

3)   pay to BOH the amount necessary to become current on the
Trustee's Fee, as of the date of payment;

4)   pay to BOH $100,106.26 in satisfaction of the interest on
the Trustee's Fee Shortfall for the period from February 2016
through April 2020, plus any additional interest, if necessary,
calculated in the same manner as presented in Exhibit 1 to the
Declaration of Alika L. Piper attached to the Motion for
Supplemental Judgment for the period from May 2020 through the
date of payment;

5)   pay to BOH postjudgment interest calculated according to
§ 1961, as specified above, for the period from the entry of the
Judgment through the date of payment;

6)   file a final accounting with the Court; and

7)   perform any other action necessary to wind up the
receivership.

The Receiver shall complete these items by **December 1, 2020.**

Thereafter, the Brusers may file a motion to terminate the

receivership.

        Because the amounts owed under the Judgment are

identified above with sufficient clarity, there is no need for

the entry of a supplemental judgment, and the Motion for

Supplemental Judgment is denied as moot.  The Motion for Payment

is granted in part and denied in part.  It is granted to the

extent that the Receiver is ordered to disburse payment in the

above amounts, and it is denied to the extent the Brusers seek

entry of an order amending the Receivership Order or otherwise

enjoining the Receiver from continuing to work on this matter as

the Receiver must be able to perform his range of duties in winding up the receivership.  The Motion for Payment is denied in all other respects.  The Motion for Instructions is denied in that the Receiver is ordered to not disburse the amounts requested by BOH related to rent renegotiation.

## CONCLUSION

On the basis of the foregoing, AOAO's Motion for Supplemental Judgement Against Plaintiffs Michael David Bruser and Lynn Bruser, filed May 5, 2020, is HEREBY DENIED.  The Brusers' Non-Hearing Motion for Order (A) Directing Payment to Defendant/Counterclaim Plaintiff Bank of Hawaii, as Trustee, and (B) Amending/Enjoining the Temporary Receivership Order, filed June 30, 2020 is HEREBY GRANTED IN PART and DENIED IN PART.  The Receiver's Motion for Instructions, filed July 3, 2020, is denied, that is, the Receiver is HEREBY ORDERED to not disburse any funds related to BOH's rent renegotiation request.  The Receiver SHALL remit to BOH the amounts identified above and file a final report, at which point the Brusers may move to terminate the receivership.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 30, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MICHAEL DAVID BRUSER, ET AL. VS. BANK OF HAWAI`I, ET AL., ETC.;
CV 14-00387 LEK-WRP; ORDER DENYING DEFENDANT'S MOTION FOR
SUPPLEMENTAL JUDGMENT; GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DIRECT PAYMENT AND AMEND THE RECEIVERSHIP
ORDER OR ENJOIN THE RECEIVER; AND ADDRESSING THE RECEIVER'S
MOTION FOR INSTRUCTIONS